IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF §<br>TEXAS, INC., and §<br>METROPOLITAN LANDSCAPE §<br>MANAGEMENT, INC., §<br>    *Plaintiffs*, §<br> §<br>v. §<br> §<br>CITY OF HOUSTON, TEXAS, and §<br>MIDTOWN MANAGEMENT §<br>DISTRICT, §<br>    *Defendants*. § | Civil Action No.: 4:23-cv-3516 |

**DEFENDANT CITY OF HOUSTON'S RULE 12(b)(1) AND (6) MOTIONS
TO DISMISS ALL CLAIMS AS TO PLAINTIFF METROPOLITAN
LANDSCAPE MANAGEMENT, INC.
AND 12(b)(1) MOTION TO DISMISS SECTION 1981 CLAIM BY
<u>PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.</u>**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant the City of Houston (the "City" or "Houston") moves to dismiss Plaintiff Metropolitan Landscape Management, Inc.'s ("Metropolitan") claims against the City because Metropolitan makes specific allegations only against Defendant Midtown Management District ("MMD"), and Metropolitan has not alleged disparate treatment by the City or an attempt to contract under the City's program. Further, there is no separate cause of action against the City under 42 U.S.C. section 1981 for either Metropolitan or Plaintiff Landscape Consultants of Texas, Inc. (Landscape Consultants). Therefore, Metropolitan has not invoked this Court's

subject-matter jurisdiction over the City with its allegations against MMD, requiring dismissal under Rule 12(b)(1), and has otherwise failed to state a claim against the City[1] in its Complaint, requiring dismissal of the claims pursuant to Rule 12(b)(6). Landscape Consultants did not invoke this Court's jurisdiction as to its section 1981 claim, which likewise should be dismissed under Rule 12(b)(1).

### A. Legal Standard for Motions to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead facts sufficient "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 1. Motions to Dismiss Under 12b(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.

---

[1] The City of Houston is a Texas home-rule city operating under a municipal charter pursuant to Article XI, Section 5, of the Texas Constitution. *See* TEX. CONST. art. XI, § 5. In accordance with Section 9.008(b) of the Texas Local Government Code, the City respectfully requests this Court to take judicial notice of its published charter and status thereunder as a home-rule city. *See* TEX. LOC. GOV'T CODE § 9.008(b).

2

1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of proof. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(citation omitted). A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction should be granted only if it appears that the plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. *Id.* (citation omitted).

### 2. Motions to Dismiss Under 12b(6)

Rule 12(b)(6) mandates dismissal when a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Simple recitals of the elements of a cause of action, conclusory statements, and facts that only suggest the mere possibility of misconduct are all insufficient to state a claim. *Iqbal,* 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. In considering a dismissal under Rule 12(b), the court must accept as true all "well-pleaded facts" and must view those facts "in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (citing *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)). Any non-conclusory allegations in the complaint must be accepted as true. *See Iqbal*, 556 U.S. at 678-79,

681; *see also Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825-28 (7th Cir. 2015) (court should focus on sufficiency of factual allegations rather than whether they are likely to be true). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *True*, 571 F.3d at 417 (citing *Twombly*, 550 U.S. at 555).

    **B.    This Court Should Dismiss Metropolitan's Claims Pursuant to 12b(1) Because The City and MMD Are Separate Entities.**

Because Metropolitan has not made any specific allegations against the City, the City maintains its sovereign immunity as to Metropolitan's claims. Federal Rule of Civil Procedure 12(b)(1) provides a mechanism for a party to challenge the Court's exercise of subject matter jurisdiction over a case. FED. R. CIV. P. 12(b)(1). A district court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on any one of three distinct bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citation omitted); *Den Norske Stats Oljeselskap As v. HeereMac VoF*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). In examining a Rule 12(b)(1) motion, courts may consider disputed matters of fact. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (when determining jurisdiction, district court may hear conflicting written and oral

4

evidence and decide for itself the factual issues which determine jurisdiction). All factual allegations in the plaintiff's complaint must be accepted as true, and the burden of establishing the court's subject matter jurisdiction is with the party seeking to invoke such jurisdiction. *See Pedrozo v. Clinton*, 610 F.Supp.2d 730, 733 (S.D. Tex. 2009) (citation omitted).

### 1. Metropolitan's Specific Allegations Mention Only MMD's Actions.

According to Plaintiffs' Complaint (Dkt 1), Metropolitan "has bid on landscaping contracts offered by Defendant Midtown Management District in the past. . . ." ¶ 8. Metropolitan asserts that it had successfully bid on MMD contracts since 2000, but it did not successfully bid on a MMD contract in 2022. ¶¶ 39, 41. Metropolitan specifically alleges that "[i]f not for the 10 MWDBE points that were awarded to the successful bidder and not awarded to Metropolitan on the basis of its owner's race, Metropolitan would have scored higher than all other bidders and secured the $350,000 contract." ¶ 44. Nowhere in the allegations relating to how the City's own "MWBSE Program Affects the Plaintiff Businesses" is there a specific allegation related to Metropolitan. ¶¶ 29-33. Plaintiffs also do not make any allegations that the City or its representatives were involved in the MMD contract selection process of which Metropolitan complains.

### 2. Midtown Management District Is a Separate Entity from the City.

MMD is a special district created pursuant to the Texas Constitution, as alleged by the Plaintiffs, and is distinct from the City. ¶ 10, TEX. CONST. art. XVI, § 59. MMD is governed by chapter 3809 of Texas Special Districts Code, which grants MMD the ability to exercise powers given to a corporation and a housing finance corporation under chapters 505 and 394 of the Texas Local Government Code, respectively. TEX. SPEC. DIST. CODE § 3809.101. Further, MMD may contract on its own accord, as well as implement projects and impose ad valorem taxes. *See* §§ 3809.103-106, 3809.153.

MMD is governed by a 17-member Board of Directors, which recommends people to be appointed as directors, and the City's Council votes whether to appoint the Board's recommended person to MMD's Board. TEX. SPEC. DIST. CODE § 3809.052. The City, however, has no ownership or control over MMD and shares no officers or employees with MMD.

Consequently, Metropolitan has failed to allege facts sufficient to claim the City is liable for any alleged actions by MMD related to Metropolitan. In a recent opinion with analogous facts, the Fifth Circuit Court of Appeals held that allegations that the City of Houston appointed the directors to a board of another entity did not sufficiently allege liability by the City for the other entity's actions. *United States ex rel. Miniex v. Houston Hous. Auth.*, No. 21-20435, 2023 WL 6174416, at *3-4 (5th

Cir. Sept. 22, 2023). In *Miniex*, the plaintiff alleged that the City was vicariously liable under an agency theory for the actions of the Houston Housing Authority, which was alleged to be created by the City of Houston's Council and whose commissioners were alleged to be appointed by the City's mayor. *Id.*, at *4. The Fifth Circuit found these allegations were not only insufficient to claim vicarious liability of the City for the housing authority's actions, but also, even assuming there was an agency relationship, the allegations were insufficient to plausibly define the scope of authority in the alleged agency relationship. *Id.*[2]

The same outcome should follow here. The only allegation even remotely connecting the City and MMD is that City Council appoints MMD's directors. (Dkt 1: Plfs' Compl. at ¶ 10). Without having alleged a plausible theory that the City is liable for the actions MMD—the only entity against which Metropolitan makes specific allegations—the City is entitled to sovereign immunity and dismissal pursuant to Rule 12(b)(1).

### C. This Court Should Dismiss Both Landscape Consultants' and Metropolitan's Section 1981 Claims, Because No Separate Cause of Action Exists Against the City Pursuant to Section 1981.

Landscape Consultants and Metropolitan make a stand-alone "Third Claim for Relief" against the City pursuant to 42 U.S.C. section 1981. (Dkt 1: Plfs' Compl.

---

[2] In *Miniex*, the Fifth Circuit considered sufficiency of plaintiff's claims pursuant both Rule 12(b)(6) and Rule 9(b) standards, and the Fifth Circuit did not limit any insufficiency of pleading findings to Rule 9(b). *Miniex*, 2023 WL 6174416, at *3-4.

7

at ¶ 65-69). Section 1981, however, does not create a cause of action or remedy against a municipality separate from what is provided for by section 1983. *See Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-36 (1989); *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 464 (5th Cir. 2001). Indeed, the Supreme Court held that section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett*, 491 U.S. at 735.[3] Therefore, without a proper cause of action being pled—or even available—under section 1981, the City retains its sovereign immunity from the "Third Claim for Relief," and the stand-alone section 1981 claim by both Landscape Consultants and Metropolitan should be dismissed under Rule 12(b)(1).

**D.      This Court Should Dismiss Metropolitan's Claims Pursuant to 12b(6) Because It Does Not Otherwise State a Claim Against the City.**

Metropolitan further fails to state a claim against the City with its non-specific allegations in which Metropolitan is presumably included in the term "Plaintiffs." (Dkt 1: Plfs' Compl. at ¶¶ 29-33). Rule 12(b)(6) mandates dismissal when a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss is "appropriate when a defendant attacks the complaint because it

---

[3] The Fifth Circuit has previously recognized a split in circuit courts as to whether the Civil Rights Act of 1991 overruled *Jett*. *Evans v. City of Houston*, 246 F.3d 344, 357-58 (5th Cir. 2001). The only circuit to have expressly done so at the time, though, was the Ninth Circuit Court of Appeals, which recently overruled itself and adopted *Jett*'s holding that section 1981 does not contain a remedy against a state actor. *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. July 25, 2023), *overruling Fed'n of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204 (9th Cir. 1996).

8

fails to state a legally cognizable claim." *Ramming*, 281 F.3d at 161. A "complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. United States HUD*, 554 F.3d 525, 528 (5th Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (citation omitted). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). Thus, the plaintiff must "'raise a right to relief above the speculative level.'" *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 140 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal* at 679, quoted in *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 727 (S.D. Tex. 2010).

1.  **Metropolitan Fails to Allege Disparate Treatment Under the City's Policy, Precluding Equal Protection Clause Violations Under Either 42 U.S.C. Sections 1981 or 1983.**

Metropolitan fails to state an Equal Protection Clause claim against the City because Metropolitan does not adequately allege it was treated differently by the City than a minority business enterprise (MBE)—or received any specific treatment by a City actor at all. To state a claim of racial discrimination under the Equal Protection Clause, including through section 1983, the plaintiff must allege that (1) it received different treatment from others and (2) the unequal treatment came from discriminatory intent. *Fennell v. Marion Indep. School Dist.*, 804 F.3d 398, 412 (5th Cir. 2015). "'Allegations [of discriminatory intent] that are merely conclusory, without reference to specific facts, will not suffice.'" *Id.* (quoting *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004)). The same standard is applicable for claims under section 1981. *Walker v. Univ. of Texas Med. Branch*, No. 1:08-CV-417, 2009 WL 2461024, at *6 (E.D. Tex. Aug. 7, 2009) (finding plaintiff failed to state a claim under sections 1981 and 1983 in the "absence of a factual averment that [plaintiff] was treated differently."). As discussed in the Rule 12(b)(1) argument above, Metropolitan makes no specific factual allegations against the City. *Supra*, pp. 5-7. Further, Plaintiffs' allegations in their claims for relief under sections or sections 1981 and 1983 against the City are nothing more than legally conclusory statements that add no specificity as to how the City has allegedly

harmed Metropolitan—much less how Metropolitan was treated disparately by the City. *See* (Dkt 1: Plfs' Compl. at ¶¶ 47-55, 65-69).

Interestingly, Metropolitan asserts that it "is 51 percent owned by a female individual who does not exercise day-to-day control and does not qualify as an MBE." ¶ 8. Metropolitan does not allege in the facts asserted against the City and the City's program that it has not or cannot qualify as a "women business enterprise" (WBE) pursuant to section 15-82 of the City's Code of Ordinances.[4] ¶¶ 15-33. Indeed, under the City's program, MBEs and WBEs are treated the same under non-construction contracts for which Metropolitan allegedly competes. *See* CODE OF ORDINANCES § 15-83(a).

Metropolitan has not only failed to sufficiently plead disparate treatment—or any treatment—by the City, as required to state a claim under the Equal Protection Clause, but it has also pleaded facts that demonstrate that it could be treated the same as MBEs under the City's program. Consequently, Metropolitan's claims against the City should be dismissed pursuant to 12(b)(6).

2. **Metropolitan, which Does Not Allege Even Submitting a Bid to the City, Further Fails to Articulate a Claim Pursuant to 42 U.S.C. § 1981.**

Even if Metropolitan were able to sufficiently plead discriminatory action on behalf of the City, which it has not, Metropolitan still fails to state a claim pursuant

---

[4] In Plaintiffs' factual allegations asserted against MMD, Plaintiffs plead in a conclusory statement that they "cannot be certified as an MBE or WBE by the City." (Dkt 1: Plfs' Compl. at ¶ 40.)

to section1981, because Metropolitan fails to allege any attempt to bid or otherwise contract with the City. "Section 1981 does not provide a general cause of action for race discrimination," but it prohibits racial discrimination specifically as to contracting. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 477 (2006). To claim a violation of rights pursuant to section1981, Metropolitan must allege facts that demonstrate "the loss of an actual, not speculative or prospective, contract interest," and that Metropolitan was "actually prevented, and not merely deterred" by the City from obtaining that contract interest. *Arguello*, 330 F.3d at 358-59 (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751-52 (5th Cir. 2001)).

Metropolitan identifies no impaired contractual right—or attempt to obtain a contractual right—with the City. The only contract specified as belonging to Metropolitan is the one it held and applied for with MMD, a distinct entity from the City. Metropolitan also fails to identify a specific contract it wishes to make with the City.

Nor can Metropolitan assert interference with a contractual right of fellow Plaintiff Landscape Consultants. A plaintiff cannot maintain a Section 1981 action based on allegations to enforce the claimed contractual rights of a third party. *See*,

*e.g.*, *Domino's Pizza*, 546 U.S. at 477; *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F3d 918, 932 (5th Cir. 2021). Consequently, the Court should dismiss Metropolitan's claims against the City pursuant to Rule 12(b)(6).

### E. Conclusion and Prayer

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), dismissal of an action is appropriate whenever the pleading, on its face, fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 677-78. Plaintiff Metropolitan Landscape Management, Inc. has not pleaded waiver of the City of Houston's governmental immunity and does not state claims against the City upon which relief may be granted, and Plaintiff Landscape Consultants of Texas, Inc. cannot recover against the City under section 1981 any remedy separate from its claim under section 1983. For the foregoing reasons, the City respectfully requests that Plaintiff Metropolitan's claims against the City be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) and that Plaintiff Landscape Consultants' stand-alone section 1981 claim be dismissed pursuant to Rule 12(b)(1).

Dated November 13, 2023

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**
SUZANNE R. CHAUVIN
Chief, General Litigation Section

/s/ *Lori J. Yount*
DARAH ECKERT
Attorney-in-Charge
Senior Assistant City Attorney
Southern District Bar No. 1890045
Texas State Bar No. 24007141
Email:  darah.eckert@houstontx.gov
LORI J. YOUNT
Senior Assistant City Attorney
Southern District Bar No. 2209496
Texas State Bar No. 24084592
Email:  lori.yount@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone: 832.393.6219
Fax: 832.393.6259

## CERTIFICATE OF SERVICE

    I certify that on November 13, 2023, a copy of the foregoing Motion to Dismiss was served electronically on the CM/ECF system, which will automatically serve an electronic notice on the following counsel of record for Plaintiffs:

Erin E. Wilcox
Joshua P. Thompson
Pacific Legal Foundation
555 Capitol Mall Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
ewilcox@pacificlegal.org
jthompson@pacificlegal.org

                                                    */s/ Darah Eckert*
                                                    Darah Eckert