UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties held their Rule 26(f) conference by videoconference on November 20, 2023.

Counsel who appeared for the parties are:

Erin Wilcox
Joshua Thompson
*Counsel for Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc.*

Darah Eckert
Lori Yount
*Counsel for Defendant City of Houston, Texas*

1

Nancy Davis
Brett Sileo
*Counsel for Defendant Midtown Management District*

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. <u>Briefly</u> describe what this case is about.**

This is a Fourteenth Amendment equal protection challenge to the racial classifications in the City of Houston's Minority, Women, and Small Business Enterprise (MWSBE) program and Midtown Management District's Minority, Women, and Disadvantaged Business Enterprise (MWDBE) program.

Plaintiffs contend that when awarding public contracts, the City of Houston's MWSBE program and Midtown Management District's MWDBE program grant special preferences to businesses based on the race of the business owner, but that neither program satisfies strict scrutiny. Plaintiffs also contend that both programs' race-based preferential treatment denies Plaintiffs the full and equal benefit of the laws within the meaning of 42 U.S.C. § 1981.

Defendant City of Houston, subject to its Motion to Dismiss (ECF No. 18), contends that its MWSBE program does not violate the Fourteenth Amendment of the United States Constitution or 42 U.S.C. §§ 1981 or 1983. The City has the authority to eradicate the effects of its historic discrimination and private discrimination within its own legislative jurisdiction. *See City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 491−92 (1989).

Defendant Midtown Management District, subject to any motion to dismiss that may be filed, also contends that its MWSBE program does not violate the Fourteenth Amendment of the Constitution or 42 U.S.C. § 1983. Midtown Management District not only has the authority but is required by Texas state law to establish one or more programs designed to increase participation by disadvantaged businesses in public contract awards. Tex. Local Gov't Code § 375.221(b). State law further provides that each program shall be structured to further remedial goals and shall be established to eradicate the effects of any prior discrimination. Tex. Local Gov't Code § 375.221(b). If the court grants the Plaintiffs' requested injunction to end

Midtown Management District's disadvantaged business program, complying with the injunction would cause Midtown Management District to violate state law.

### 4. Specify the allegation of federal jurisdiction.

Plaintiffs contend that the Court's jurisdiction rests on 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201−02. Plaintiffs bring this case under 42 U.S.C. §§ 1981 and 1983.

### 5.  Name the parties who disagree and the reasons.

Defendant City of Houston denies the Court has subject-matter jurisdiction over the stand-alone claim brought under 42 U.S.C. § 1981 against the City by both Plaintiffs. The City also denies the Court has subject-matter jurisdiction over Metropolitan Landscape Management, Inc.'s section 1983 claims against the City, because Metropolitan has failed to make specific allegations against the City or allege disparate treatment by the City of Metropolitan, meaning the City has not waived its sovereign immunity as to Metropolitan's claims. The City has a pending Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(1) and 12(b)(6) further detailing its jurisdictional arguments. (ECF No. 18).

Defendant Midtown Management District also denies that this court has subject matter jurisdiction over any stand-alone claims brought under 42 U.S.C. §1981 against Midtown Management District by both Plaintiffs. Midtown further denies that the court has subject matter jurisdiction over Landscape Consultants' claims against Midtown because Landscape Consultants failed to make specific allegations against Midtown or allege disparate treatment by Midtown, meaning that Midtown has not waived sovereign immunity as to Landscape Consultants' claims against Midtown. Midtown anticipates filing a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) demonstrating the lack of jurisdiction on these claims, among other reasons why the claims should be dismissed.

### 6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Plaintiffs and the City of Houston do not anticipate including additional parties.

Defendant Midtown Management District does not anticipate adding any additional parties. However, if Plaintiff amends its complaint to allege that Texas Local Government Code § 375.122 (which requires Midtown to establish a program for disadvantaged businesses) is unconstitutional, Texas Local Government Code § 402.010(a) requires the court to notify the Texas Attorney General that a party is challenging the constitutionality of a statute, after which the Texas Attorney General may choose to intervene.

**7. List anticipated interventions.**

Plaintiffs and the City of Houston do not anticipate intervention by additional parties.

Defendant Midtown Management District does not now anticipate the intervention of any party in this case, but if, as noted above, the Plaintiffs challenge the constitutionality of Texas Loval Government Code § 375.122, the Texas Attorney General may intervene in this case.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties will exchange the initial disclosures required by Rule 26(a) by December 22, 2023. No other changes shall be made in the time, form, or requirement for disclosures.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

Plaintiffs may seek discovery into the history, operation, and enforcement of the City of Houston's MWSBE program and the City's public contracting bid evaluation and scoring process. Plaintiffs may also seek discovery into the history, operation, and enforcement of Midtown Management District's MWDBE program and the District's public contracting bid evaluation and scoring process.

Defendant City of Houston may seek discovery into the organization and operation of Plaintiffs, as well as their attempts to bid on City projects or to be certified in the MWSBE program, if any.

Defendant Midtown Management District may seek discovery into the ownership, operation, organization, and management of the Plaintiffs, the Plaintiff's attempts to bid on projects with Midtown Management District, their dealings with Midtown Management District, the hiring of subcontractors by Plaintiffs, any business, projects or contract conducted or entered into during any period when Plaintiffs contend that they otherwise could have been awarded a contract with Midtown in the absence of the disadvantaged business program, and any alleged lost revenue or profits that Plaintiffs may have incurred allegedly as a result of the implementation of Midtown's disadvantaged business program.

Discovery should be completed by September 30, 2024. The parties do not believe discovery should be conducted in phases or be limited to or focused on particular issues.

The parties agree there are currently no issues about disclosure, discovery, or preservation of electronically stored information, and the parties agree to meet and confer as needed if such issues arise.

The parties agree there are currently no issues about claims of privilege or protection as to trial-preparation materials.

The parties agree no changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

The parties agree that currently there are no other orders this Court should issue under Fed. R. Civ. P 26(c) or 16(b) and (c). The parties reserve the right to request such orders from this Court should the need arise.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate that they will send interrogatories to both Defendants within thirty (30) days after this Court rules on Defendant City of Houston's Motion to Dismiss (ECF No. 18).

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant City of Houston anticipates that it will send interrogatories to both Defendants within thirty (30) days after this Court rules on its Motion to Dismiss (ECF No. 18).

Defendant Midtown Management District also anticipates that it will send interrogatories to both Defendants within thirty days after this court rules on Midtown's motion to dismiss which is anticipated to be filed on or before December 13, 2023.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate that they will take depositions of the following persons starting on or about April 2024 and concluding by the end of the discovery period.

1. The person most knowledgeable regarding Defendant City of Houston's MWSBE program.

2. The person most knowledgeable regarding Defendant City of Houston's public contracting bid evaluation and scoring process.

3. The person most knowledgeable regarding Defendant Midtown Management District's MWDBE program.

4. The person most knowledgeable regarding Defendant Midtown Management District's public contracting bid evaluation and scoring process.

Plaintiffs reserve their right to take depositions of additional persons as necessary.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendant City of Houston anticipates taking the following depositions after it receives responses to written discovery and concluding by the end of the discovery period.

1. The person most knowledgeable regarding Plaintiff Landscape Consultants of Texas, Inc., its organization, its operation, its performance under its current

  contract with the City, and its attempts to bid on other City projects or to be certified in the MWSBE program, if any.

2. The person most knowledgeable regarding Plaintiff Metropolitan Landscape Management, Inc., its organization, its operation, and its attempts to bid on other City projects or to be certified in the MWSBE program, if any.

Defendant City of Houston reserves the right to take depositions of additional persons as necessary.

Defendant Midtown Management District anticipates taking the following depositions after it receives responses to written discovery and concluding by the end of the discovery period:

1. The person most knowledgeable regarding Plaintiff Landscape Consultants of Texas, Inc., and Landscape Consultants' organization, operation, management; attempts to bid on any projects from Midtown; performance of any work on projects for Midtown; use of subcontractors; business, projects or contracts conducted or entered into during any period when Landscape contends that it otherwise could have been awarded a contract with Midtown in the absence of the disadvantaged business program, and any alleged lost revenue or profits that Landscape Consultants may have incurred allegedly as a result of the implementation of Midtown's disadvantaged business program.

2. The person most knowledgeable regarding Plaintiff Metropolitan Landscape Management, Inc., and Metropolitan's organization, operation, management; attempts to bid on any projects from Midtown; performance of any work on projects for Midtown; use of subcontractors; business, projects or contracts conducted or entered into during any period when Metropolitan contends that it otherwise could have been awarded a contract with Midtown in the absence of the disadvantaged business program, and any alleged lost revenue or profits that Metropolitan may have incurred allegedly as a result of the implementation of Midtown's disadvantaged business program.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will designate experts, if any, and serve the initial expert reports by June 14, 2024. Rebuttal expert disclosures, if any, will be served by July 31, 2024, and surrebuttal expert disclosures, if any, will be served by September 3, 2024.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

If so designated, Plaintiffs anticipate deposing any rebuttal experts designated by Defendants. Expert depositions will be completed by September 30, 2024.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

If so designated, the City of Houston and Midtown Management District anticipate deposing any experts designated by Plaintiffs. Expert depositions will be completed by September 30, 2024.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

September 30, 2024.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiffs contend this case could be settled by each Defendant repealing or otherwise ceasing to use race in administering its MWSBE or MWDBE program.

Defendant City of Houston does not plan to repeal or otherwise cease to administer its constitutionally sound MWSBE program, and, therefore, the City believes a prompt settlement to be unlikely.

Defendant Midtown Management District is required to establish a disadvantaged business program by Texas Local Government Code § 375.122, so Midtown cannot agree to end its disadvantaged program as Plaintiffs seek the court to require Midtown to do. Midtown, however, is open to discussion about how Midtown's disadvantaged business program might be tailored in a fashion acceptable to both Midtown and Plaintiffs while meeting the requirements of Texas Local Government Code § 375.122.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiffs did not oppose Defendant Midtown Management District's second motion for extension of time to answer or otherwise respond (ECF No. 19), which Defendant Midtown Management purportedly filed to allow Plaintiffs and Defendant to explore the possibility of early resolution.

Given Plaintiffs' position that settlement would require that Defendant City of Houston repeal or otherwise cease administering a portion of its constitutionally sound MWSBE program, the City believes a prompt settlement to be unlikely.

Defendant Midtown Management District's counsel have had discussions with counsel for Plaintiffs about the manner in which Midtown's disadvantaged business program is implemented and Midtown will continue to engage in discussions with Plaintiffs during the court of this litigation to see if some agreement may be reached to resolve this dispute. However, Midtown cannot ignore the mandate of Texas Local Government Code § 375.122 that requires the District to have a program to foster economic development for disadvantaged businesses.

9

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

This case may be suited for mediation, but mediation will be difficult because the two defendants are governmental entities, and therefore if there is any settlement agreement reached at mediation, it will not be binding until the agreement is approved by the Houston City Council and the Board of Directors of Midtown Management District. Additionally, Midtown Management District cannot end its disadvantaged business program that is mandated by Texas Local Government Code § 375.122 and the City of Houston does not intend to end its constitutionally sound MWSBE program. Mediation may be useful, however, in an attempt for the parties to find some common ground about any potential changes to the City MWSBE program or Midtown's disadvantaged business program. The parties are not overly optimistic that mediation may resolve this matter, however, as the Plaintiffs are not requesting something quantifiable as money damages, but instead seeking change in government policy that is more appropriately determined by the legislative bodies of Defendants rather than the court system.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiffs made a jury demand in their Complaint (ECF No. 1).

**19. Specify the number of hours it will take to present the evidence in this case.**

Approximately eighty (80) hours.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21. List other motions pending.**

Defendant City of Houston's Motion to Dismiss (ECF No. 18).

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23. List the names, bar numbers, addresses and telephone numbers of all counsel.**

**A. Counsel for Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc.**

ERIN E. WILCOX (Attorney in Charge)
Cal. Bar No. 337427
Southern District of Texas No. 3369027
JOSHUA P. THOMPSON (Of Counsel)*
Cal Bar No. 250955
* *Pro Hac Vice*
Pacific Legal Foundation
555 Capitol Mall
Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
Email: EWilcox@pacificlegal.org
Email: JThompson@pacificlegal.org


**B. Counsel for Defendant City of Houston, Texas**

ARTURO G. MICHEL
City Attorney
SUZANNE R. CHAUVIN
Chief, General Litigation Section
DARAH ECKERT (Attorney in Charge)
Senior Assistant City Attorney
Texas Bar No. 24007141
Southern District of Texas No. 1890045
LORI J. YOUNT
Senior Assistant City Attorney
Texas Bar No. 24084592

Southern District of Texas No. 2209496
City of Houston Legal Department
P.O. Box 368
Houston, TX 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone (832) 393-6219
Facsimile: (832) 393-6259
Email: darah.eckert@houstontx.gov
Email: lori.yount@houstontx.gov

C.      **Counsel for Defendant Midtown Management District**

RICHARD F. WHITELEY (Attorney in Charge)
Texas Bar No. 24013744
Southern District of Texas No. 5290206
NANCY M. DAVIS
Texas Bar No. 24056205
Southern District of Texas No. 1365946
Bracewell LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212
Email: richard.whiteley@bracewell.com
Email: nancy.davis@bracewell.com

BRITTON B. HARRIS (Attorney in Charge)
Texas Bar No. 09054500
Southern District of Texas No. 00021
BRETT J. SILEO (Of Counsel)
Texas Bar No. 00794634
Southern District of Texas No. 22560
Harris Hilburn, PLLC
1111 Rosalie
Houston, Texas 77002
Telephone: (713) 223-3936
Facsimile: (713) 224-5358
Email: bharris@hhstxlaw.com
Email: bsileo@hhstxlaw.com

| Counsel for Plaintiff(s): | Counsel for Defendant(s): |
|---|---|
| December 4, 2023 | December 4, 2023 |

| | |
|---|---|
| */s/* Erin E. Wilcox<br>**ERIN E. WILCOX** (*Attorney in Charge*)<br>Cal. Bar No. 337427<br>Southern District of Texas No. 3369027<br>**JOSHUA P. THOMPSON** (*of Counsel*)*<br>Cal Bar No. 250955<br>* *Pro Hac Vice*<br>Pacific Legal Foundation<br>555 Capitol Mall<br>Suite 1290<br>Sacramento, CA 95814<br>Telephone: (916) 419-7111<br>Fax: (916) 419-7747<br>Email: EWilcox@pacificlegal.org<br>Email: JThompson@pacificlegal.org<br>***Counsel for Plaintiffs Landscape Consultants of Texas, Inc. and Metropolitan Landscape Management, Inc.*** | ARTURO G. MICHEL<br>City Attorney<br><br>SUZANNE R. CHAUVIN<br>Chief, General Litigation Section<br>*/s/* Lori J. Yount<br>**DARAH ECKERT**<br>DARAH ECKERT (Attorney in Charge)<br>Senior Assistant City Attorney<br>Texas Bar No. 24007141<br>Southern District of Texas No. 1890045<br>**LORI J. YOUNT**<br>Senior Assistant City Attorney<br>Texas Bar No. 24084592<br>Southern District of Texas No. 2209496<br>City of Houston Legal Department<br>P.O. Box 368<br>Houston, TX 77001-368<br>900 Bagby, 4th Floor<br>Houston, Texas 77002<br>Telephone (832) 393-6219<br>Facsimile: (832) 393-6259<br>Email: darah.eckert@houstontx.gov<br>Email: lori.yount@houstontx.gov<br>***Counsel for Defendant City of Houston***<br><br>*/s/* Brett J. Sileo<br>**BRITTON B. HARRIS** (Attorney in Charge)<br>Texas Bar No. 09054500<br>Southern District of Texas No. 00021<br>**BRETT J. SILEO** (Of Counsel) |

13

Texas Bar No. 00794634
Southern District of Texas No. 22560
Harris Hilburn, PLLC
1111 Rosalie
Houston, Texas 77002
Telephone: (713) 223-3936
Facsimile: (713) 224-5358
Email: bharris@hhstxlaw.com
Email: bsileo@hhstxlaw.com

**RICHARD F. WHITELEY**
(Attorney in Charge)
Texas Bar No. 24013744
Southern District of Texas No. 5290206
**NANCY M. DAVIS**
Texas Bar No. 24056205
Southern District of Texas No. 1365946
Bracewell LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212
Email:
richard.whiteley@bracewell.com
Email: nancy.davis@bracewell.com

*Counsel for Defendant Midtown Management District*

14

## **CERTIFICATE OF SERVICE**

Service of this Joint Discovery Case Management Plan was effected on December 4, 2023, via electronic filing with the Court's CM/ECF system.

*/s/* Erin E. Wilcox
Erin E. Wilcox