# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> *Defendants*. | Civil Action No. 4:23-cv-3516 <br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## <u>DEFENDANT MIDTOWN MANAGEMENT DISTRICT'S MOTION TO DISMISS PURSUANT TO RULES 12 (b)(1) AND 12(b)(6)</u>

Midtown Management District (the "District") files this Motion to Dismiss the claims asserted by Landscape Consultants of Texas, Inc. ("Landscape Consultants") and Metropolitan Landscape Management, Inc. ("Metropolitan Landscape") (Landscape Consultants and Metropolitan Landscape together, the "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) as follows.

## I.    INTRODUCTION

The District moves to  Plaintiffs' section 1981 claims because both Plaintiffs failed to invoke this Court's subject matter jurisdiction and because Landscape Consultants failed to state a claim upon which relief can be granted. Section 1981 does not provide an independent cause of action against a local government entity and, therefore, this Court lacks subject matter jurisdiction over Plaintiffs' section 1981 claim.

Landscape Consultants' section 1981 claim should be dismissed for the additional, independent reason that it fails to allege the loss of an actual interest in a District contract. Indeed, Landscape Consultants did not allege disparate treatment by the District or that it attempted to contract under the District's program.  Instead, Landscape Consultants merely alleges an interest in a speculative or prospective District contract, which is not sufficient to state a claim on which relief can be granted.

The District further moves to dismiss Landscape Consultants' section 1983 claim for failure to state a claim because Landscape Consultants failed to allege disparate treatment under the District's program. Indeed, Landscape Consultants' factual allegations are focused almost exclusively on the City of Houston's program. As it relates to the District, Landscape Consultants offers little more than conclusions that are not sufficient to state a claim on which relief can be granted.

## II.    LEGAL STANDARD

### a.    Motions to Dismiss Under Rule 12(b)(1)

Motions to dismiss filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The plaintiff bears the burden of proof to demonstrate that jurisdiction is proper. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A court may properly dismiss an action pursuant to Rule 12(b)(1) when a plaintiff fails to meet this burden. *Id.* Indeed, when the court "lacks the statutory or constitutional power to adjudicate the case," the court should dismiss for lack of subject matter jurisdiction. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. A motion under 12(b)(1) should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n*, 143 F.3d at 1010.

### B.    Motions To Dismiss Under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a party fails to state a claim upon which relief can be

granted. FED. R. CIV. P. 12(b)(6). When resolving a Rule 12(b)(6) motion, courts generally limit themselves to the contents of the pleadings and construe the complaint in favor of the plaintiff, taking all pleaded facts as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Such factual allegations must be specific and not mere conclusory allegations, as a court will not accept conclusory allegations or unwarranted deductions of fact as true. *Id.* at 555; *Iqbal*, 556 U.S. at 678. A motion to dismiss under Rule 12(b)(6) should be granted when the allegations in a complaint, if assumed to be true, fail to support a plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555–57.

## III.   ARGUMENT AND AUTHORITIES

### A.   Both Plaintiffs' Section 1981 Claims Fail As A Matter of Law Because No Independent Cause of Action Exists Against the District.

Both Plaintiffs' section 1981 claims against the District should be dismissed as a matter of law because section 1981 does not provide an independent cause of action against local government entities. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-33 (1989); *see Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 463 (5th Cir. 2001) (section 1981 does not provide "a remedial cause of action against local government entities."). A plaintiff asserting a claim against a governmental entity for an alleged violation of section 1981 must do so through section 1983. *Jett*, 491 U.S. at 735-36.

4

Here, Plaintiffs assert two separate "Claims for Relief" against the District. First, Plaintiffs assert the District's program "Violates the Equal Protection Clause of the Fourteenth Amendment, through 42 U.S.C. § 1983." Compl. ¶¶ 56-64. Second, Plaintiffs assert the District's program "Violates Plaintiffs' Equal Rights Under the Law, through 42 U.S.C. § 1981." Compl. ¶¶ 70-74. On the face of the Complaint, Plaintiffs assert two separate claims for relief. Plaintiffs improperly present their section 1981 claim for relief as an independent cause of action against a local government entity, and therefore the section 1981 claims should be dismissed as a matter of law.

Plaintiffs not only pleaded two separate causes of action under sections 1981 and 1983 against the District, but the Plaintiffs also seek relief against the District without any reference to either statute. Plaintiffs seek declaratory relief asking the court to declare the District's disadvantaged program to be "unconstitutional under the Equal Protection Clause of the Fourteenth Amendment." Prayer for Relief ¶ 3. It is unclear whether Plaintiffs seek declaratory relief under either statute but permitting a claim under section 1981 to proceed with "implicit references to § 1983 would effectively create an independent cause of action under § 1981 where none exists." *Jenkins v. City of Dallas*, No. 3:22-CV-0960-B, 2022 WL 6225559, at *4 (N.D. Tex. Oct. 6, 2022).

Despite section 1983 serving as the "exclusive federal" remedy for violations of section 1981, the Plaintiffs clearly pleaded their section 1981 claim against the District as an independent cause of action. *Jett*, 491 U.S. at 735. Because the Plaintiffs cannot assert an independent claim against the District under section 1981, the Plaintiffs' claims must be dismissed as a matter of law.

### b. Landscape Consultants' Failure To Bid On A District Contract Requires Dismissal Of Their Section 1981 Claims.

Landscape Consultants' section 1981 claims for relief against the District also should be dismissed because Landscape Consultants failed to establish "the loss of an actual, not speculative contract interest." *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001). Landscape Consultants contends the District's program "discriminates on the basis of race in violation of 42 U.S.C. § 1981." Compl. ¶ 72. Section 1981 guarantees to "[a]ll persons within the jurisdiction of the United States…the same right to make and enforce contracts…as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

Fifth Circuit precedent requires a plaintiff bringing a section 1981 claim to "establish the loss of an actual, not speculative or prospective, contract interest." *Morris*, 277 F.3d at 751. Plaintiffs fail to allege that the District's program interfered with anything more than the hope that "Plaintiffs would like to bid on MMD contracts in the future." Compl. ¶ 45. Landscape Consultants does not allege that it has ever bid on a District contract.

An allegation of the "mere possibility" that the District "would interfere" with Landscape Consultants' right to contract in the future, "is insufficient to support recovery under § 1981." *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). Since Landscape Consultants never bid on a District contract, their allegation that they "would like" to bid on future District contracts is entirely speculative. Compl. ¶ 45. The Fifth Circuit stated, where a party "has engaged in an actual attempt to contract that was thwarted by the merchant, courts have been willing to recognize a section 1981 claim." *Morris*, 277 F.3d at 752. Landscape Consultants failed to allege that it ever engaged in an "actual attempt" to contract with the District. Landscape Consultants does not allege that it ever bid on a District contract, negotiated with the District, or otherwise attempted to secure a contract for District work. Landscape Consultants alleges only that it "would like" to place a speculative future bid on a District contract that may never materialize. Compl. ¶ 45. This direct language of the complaint shows that Landscape Consultants 1981 claim is purely speculative.

The Fifth Circuit approvingly cited a Federal District Court's holding that a "§ 1981 claim must allege that the plaintiff was 'actually prevented, and not merely deterred'" from contracting. *Morris*, 277 F.3d at 752 (citing *Henderson v. Jewel Food Stores, Inc.,* No. 96 C 3666, 1996 WL 617165 at *3-4 (N.D. Ill. Oct. 23, 1996)). Assuming arguendo that the District's program "deters" Landscape Consultants from submitting a bid, their section 1981 claim remains speculative

because the District never "actually prevented" Landscape Consultants from contracting. *Id.* In fact, under the District's program, all contractors can bid on all contracts subject to the District's evaluation criteria. No contractor is meaningfully deterred from submitting a bid.

The Fifth Circuit rejected a similar argument in *Meyers v. LA Porte Independent School District*. In *Meyers*, a plaintiff asserted a section 1981 claim against a school district alleging that the district's discriminatory treatment interfered with her ability to obtain a college athletic scholarship. *Meyers v. LA Porte Indep. Sch. Dist.*, No. CIV.A. H-05-1087, 2007 WL 7119878, at *2 (S.D. Tex. Apr. 25, 2007), aff'd, 277 Fed. Appx. 333 (5th Cir. 2007). The plaintiff argued if she participated in more games, her chances of obtaining an athletic scholarship would have increased. *Id.* The Southern District of Texas held the athletic scholarships plaintiff "may have lost out on are not *actual* contracts, but merely speculative or prospective ones. Alleged interference with such speculative contracts cannot form the basis of a § 1981 claim." *Id.* Similarly, Landscape Consultants has not lost out on an actual District contract solely because it desires to bid on future contracts. Landscape Consultants never participated in the District's bidding process and is no closer to an actual District contract than the high school senior in *Meyers* was to an athletic scholarship.

A successful section 1981 claim requires "the loss of an actual, not speculative or prospective, contract interest." *Morris*, 277 F.3d at 751. Landscape Consultants' failure to bid on any District contracts requires dismissal of its section 1981 claims under Federal Rule of Civil Procedure 12(b)(6).

## C.     Landscape Consultants' Section 1983 Claim Fails to Allege Disparate Treatment Under the District's Program.

Landscape Consultants fails to state a claim under section 1983 for the District's violations of the Equal Protection Clause because Landscape Consultants does not adequately allege the District treated it differently than other applicants for District contracts. Landscape Consultants further fails to allege any relationship with the District.

The Equal Protection clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a successful claim for violation of rights under the Equal Protection Clause, including through section 1983, a plaintiff must allege: (1) it "received treatment different from that received by similarly situated individuals;" and (2) "the unequal treatment stemmed from a discriminatory intent." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)). "Allegations [of discriminatory intent] that are merely conclusory, without reference to specific facts, will not

9

suffice." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Priester*, 354 F.3d at 420).

Landscape Consultants makes no specific factual allegations against the District. Landscape Consultants levies a conclusory allegation that "Plaintiffs would like to bid on MMD contracts in the future." Compl. ¶ 45. Landscape Consultants fails to allege disparate treatment by the District as required to state a claim under the Equal Protection Clause.

Landscape Consultants' specific allegations also only discuss its relationship with the City of Houston. Compl. ¶¶ 29-33. Landscape Consultants alleges the City of Houston treats its business differently because it is required to "compensate for the percentage of the total contract value that must be given away to an MBE or WBE." Compl. ¶ 31. Nowhere in the Complaint are there specific allegations against the District regarding disparate treatment or discriminatory intent relating to Landscape Consultants. Compl. ¶¶ 34-46.

Landscape Consultants fails to plead that it ever bid on a District contract, that it negotiated with the District, or otherwise attempted to secure a contract for District work. Landscape Consultants does allege it "would like" to place a speculative future bid on a District contract that may never materialize. Compl. ¶ 45. Landscape Consultants fails to sufficiently plead disparate treatment or any treatment by the

District as required to state a claim under the Equal Protection Clause, requiring dismissal under Federal Rule of Civil Procedure 12(b)(6).

## IV.    CONCLUSION AND PRAYER

For the foregoing reasons, the District respectfully requests that the Court dismiss Plaintiffs' section 1981 claim against the District and dismiss Landscape Consultants' section 1983 claim against the District.

DATED: December 13, 2023

Respectfully submitted,

HARRIS HILBURN P.L.L.C.

/s/ *Britton B. Harris*

Britton B. Harris
Attorney in Charge
So. Dist. of Texas No. 00021
Texas Bar. No. 09054500
bharris@hhstxlaw.com
1111 Rosalie
Houston, Texas 77004
Telephone: (713) 223-3936
Facsimile: (713) 224-5358
**Attorneys for Defendant**
**Midtown Management District**

OF COUNSEL:
Brett J. Sileo
So. Dist. Of Texas No. 22560
Texas Bar No. 00794634
bsileo@hhstxlaw.com
Harris Hilburn, PLLC.
1111 Rosalie
Houston, Texas 77002
Telephone: (713) 223-3936
Facsimile: (713) 224-5358

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system following the Federal Rules of Civil Procedure, on December 13, 2023.


/s/ *Britton B. Harris*

Britton B. Harris