# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| **LANDSCAPE CONSULTANTS OF TEXAS, INC.,** and **METROPOLITAN LANDSCAPE MANAGEMENT, INC.,** *Plaintiffs*, <br><br> v. <br><br> **CITY OF HOUSTON, TEXAS,** and **MIDTOWN MANAGEMENT DISTRICT,** *Defendants.* | Civil Action No.: 4:23-cv-3516 |

## DEFENDANT CITY OF HOUSTON'S REPLY IN SUPPORT OF ITS RULE 12(b)(1) AND (6) MOTIONS TO DISMISS ALL CLAIMS AS TO PLAINTIFF METROPOLITAN LANDSCAPE MANAGEMENT, INC. AND TO DISMISS SECTION 1981 CLAIM BY <u>PLAINTIFF LANDSCAPE CONSULTANTS OF TEXAS, INC.</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant the City of Houston (the "City" or "Houston") files this Reply in support of its motions to dismiss (Dkt 18) to show:

1. Section 1981 does not provide an independent cause of action against municipalities, regardless of relief sought.

2. Metropolitan's failure to plead an actual contractual interest as required by Section 1981, as well as its failure to sufficiently allege a Section 1983 claim, including disparate treatment on its own behalf, requires dismissal of all of Metropolitan's claims against the City.

In their Opposition to the City's motions to dismiss (Dkt 29), Plaintiffs refuse to acknowledge the clear case law that Section 1981 does not create an independent cause of action against local governments, as well as fail to point to any allegations by Metropolitan that specifically and sufficiently allege a Section 1981 or Section 1983 claim against the City.

1. **This Court should dismiss both Landscape Consultants and Metropolitan's Section 1981 claims because there is no private right of action against municipalities, regardless of relief sought.**

The law is clear—Section 1981 does not create an independent cause of action against a local government, regardless of the relief sought. The Supreme Court found that 42 U.S. § 1983 created a cause of action against local governments because "the legislative history . . . compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). There is no such finding of congressional intent to create a cause of action against local governments pursuant to Section 1981.

Indeed, in its Opposition, the first case cited by Plaintiffs actually provides a succinct explanation of case law that establishes Section 1983 as the sole cause of action against a local government for alleged violation of rights enumerated in Section 1981:

> Indeed, the Supreme Court held in *Jett* "**that § 1981 [does] not provide a separate cause of action against local government entities**. The

2

>Court concluded that plaintiffs must assert a cause of action against state actors under § 1983 to remedy violations of civil rights under § 1981." *Oden v. Oktibbeha County, Miss.,* 246 F.3d 458, 462–63 (5th Cir.), *cert. denied,* 534 U.S. 949, 122 S.Ct. 342, 151 L.Ed.2d 258 (2001) (citing *Jett,* 491 U.S. at 731, 109 S.Ct. 2702). Hence, "the express cause of action for damages created by § 1983 constitutes ***the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units***." *Jett,* 491 U.S. at 733, 109 S.Ct. 2702; *accord Oden,* 246 F.3d at 462–64. The Fifth Circuit has recognized that *Jett* remains controlling law on this issue despite the changes to § 1981 effected by the Civil Rights Act of 1991. *See id.* at 463–64; *see also McCall v. Dallas Indep. Sch. Dist.,* 169 F.Supp.2d 627, 639–40 (N.D.Tex.2001). Thus, ***Bluitt has no viable, independent cause of action against Defendants under 42 U.S.C. § 1981***.

*Bluitt v. Houston Indep. Sch. Dist.*, 236 F. Supp. 2d 703, 720 (S.D. Tex. 2002) (emphasis supplied).

Plaintiffs also find no support in their misstatement of the holding in *Escamilla v. Elliott*, 816 F. App'x 919, 922 (5th Cir. 2020). In *Escamilla*, the plaintiff was challenging the trial court's ruling on summary judgment that "her 42 U.S.C. § 1981 claim based on a determination that it was improperly pleaded as a 'freestanding § 1981 damages claim,' rather than as a § 1981 claim asserted against a state actor 'through' the damages remedy provided by 42 U.S.C. § 1983." *Id.* The only injunctive relief sought be plaintiff was under the Texas Constitution, which was not at issue on summary judgment. *Id.* at 921. Significantly, the Fifth Circuit agreed that "plaintiffs cannot assert an *independent* cause of action under § 1981 against state actors; the § 1981 right must instead be asserted by means of the § 1983 procedural remedy." *Id.* at 922 (emphasis in the original). Indeed, the complaint at

3

issue was "not a model of clarity," but the Fifth Circuit held that plaintiff had sufficiently pleaded a cause of action under Section 1983 through which the plaintiff could pursue remedies for alleged violations of Section 1981. *Id.* 924. **Here, however, Plaintiffs made clear in not only their Complaint, but also in a chart in their Opposition, that they assert an independent "Claim for Relief" pursuant to Section 1981—separate and apart from claims under Section 1983:**

| Plaintiffs | Defendant | Claim for Relief |
|---|---|---|
| Landscape Consultants & Metropolitan | City of Houston | Equal Protection Clause through 42 U.S.C. § 1983 |
| Landscape Consultants & Metropolitan | MMD | Equal Protection Clause through 42 U.S.C. § 1983 |
| Landscape Consultants & Metropolitan | City of Houston | Equal Rights Under the Law through 42 U.S.C. § 1981 |
| Landscape Consultants & Metropolitan | MMD | Equal Rights Under the Law through 42 U.S.C. § 1981 |

(Dkt 29 at p. 2).

Since there is no independent cause of action against local governments under Section 1981, Plaintiffs have no legal basis to maintain one. By finding that there is no independent cause of action pursuant to Section 1981 against local governments, the Supreme Court and Fifth Circuit are of course stating that there is no basis for any relief, whether prospective injunctive relief or monetary damages, against the local governments. *See, e.g.*, *Karl v. Jenkins*, No. 6:16CV1342, 2017 WL 3446542, at *1 (E.D. Tex. July 24, 2017) (finding in a purported civil rights action that "[a] request for injunctive relief is not considered an independent cause of action, but a

remedy sought to redress the wrongs alleged in the underlying substantive claims."); *Amezcua v. Ocwen Loan Servicing, LLC*, No. 5:14-CV-1018-DAE, 2015 WL 671600, at *2 (W.D. Tex. Feb. 17, 2015) ("Accordingly, a prerequisite of injunctive relief is a cause of action; without a viable claim, the court must dismiss the request for injunctive relief."). Without a cause of action available to Plaintiffs under Section 1981, they cannot seek relief under it, regardless of the relief sought. Therefore, Landscape Consultants and Metropolitan's independent claims under Section 1981 should be dismissed.

  2. **Metropolitan fails to point to any allegations that state a claim against the City under either Section 1981 or 1983.**

Even if there were an independent cause of action pursuant to Section 1981, which there is not, Plaintiff Metropolitan has not stated a claim against the City under either Section 1981 or Section 1983.

 **A. The two paragraphs of factual allegations in the Complaint cited by Metropolitan are in the section addressing Landscape Consultants.**

In its Opposition, Metropolitan only cites two paragraphs of factual allegations in the Original Complaint as to how the City's MWSBE program allegedly affects Metropolitan—Paragraphs 31 and 32. (Dkt 29 at pp. 6, 10-12, 15, citing Dkt 1 at ¶¶ 31-32). These allegations, however, are directly underneath allegations specific as to Landscape Consultants and do not even mention Metropolitan by name:

> **How the MWSBE Program Affects the Plaintiff Businesses**
>
> 29. Landscape Consultants is currently in year three of a $1.3 million, five-year contract with the City. The contract-specific goal for MWBEs in this nonprofessional services contract is 11 percent of the total contract value.
>
> 30. This means that Landscape Consultants must take at least $143,000 of work away from its (largely minority) staff, even though they are capable of doing the work, and pay a competitor to do the work—solely because of the race of Landscape Consultants' owner and the race of its competitor's owner.
>
> 31. Similarly, when bidding on a contract, Plaintiffs' bid must compensate for the percentage of the total contract value that must be given away to an MBE or WBE.
>
> 32. Plaintiffs' competitors, who are certified MWBEs, are not required to give away the entire value of the contract-specific goal or compensate for such loss in their bids.

(Dkt 1 at ¶¶ 31-32). Metropolitan seems to be asserting it is included in the term "Plaintiffs" in Paragraphs 31 and 32, but whether "Plaintiffs" is meant to be singular or plural is even murky—Paragraph 31 refers to only one "bid," instead of "bids."

> **B. Even if the two paragraphs of factual allegations could be considered related to Metropolitan, they do not specify disparate treatment based on race, as required in all Equal Protection challenges, as the paragraphs complain of both minority and women business enterprises.**

Given Metropolitan's factual allegations against the City are murky at best, Metropolitan certainly does not allege the disparate treatment required of an Equal Protection Clause claim through either Section 1983 or Section 1981. In fact, it is not the City that fails to grasp Metropolitan's claims—but Metropolitan that fails to grasp the City's argument. With the meager two paragraphs of factual allegations

6

tied primarily to Landscape Consultants' claims, Metropolitan wholly fails to allege disparate treatment or discriminatory intent by the City *as to Metropolitan*.

Again, Metropolitan misstates case law in the process of misconstruing the City's argument. The City is not claiming that Metropolitan must allege discriminatory animus on the part of the City to state an Equal Protection Clause claim—nor that Metropolitan otherwise has to allege the City's program is not "benign" or without "good motives." (*See* Dkt 29 at p. 12). Instead, ***Metropolitan has failed to state sufficient allegations as to how the City, through its program, discriminates based on race specifically as to Metropolitan, as opposed to others***.

By contrast, Landscape Consultants specifically alleges it is affected by the City's program "solely because of the race of Landscape Consultants' owner and the race of its competitor's owner." (Dkt 1 at ¶ 30). Paragraphs 31 and 32, however, do not only fail to specify Metropolitan, but also fail to specify discrimination based on race. Instead, the paragraphs complain of part of the contract or bid must include a percentage to a Minority Business Entity or Women Business Enterprise (Dkt 1 at ¶ 31-32)—without specifying whether it is the Minority or Women portion that is discriminatory or on what basis Metropolitan itself is allegedly discriminated.

Further, Metropolitan's attempt to distinguish authority that requires pleading of disparate treatment and discriminatory intent in order to state an Equal Protection Clause claim fails to identify a substantive difference between Section 1983 claims

7

and those brought together with other civil rights claims. (*See* Dkt 29 at p. 12). In fact, *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398 (5th Cir. 2015), expressly states that "[t]o state a claim of racial discrimination **under the Equal Protection Clause and section 1983**, the plaintiff must allege and prove that [(1) he or she] received treatment different from that received by similarly situated individuals and that [(2)] the unequal treatment stemmed from a discriminatory intent." 804 F.3d at 412 (emphasis supplied) (quoting *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004)) (internal quotations omitted). Metropolitan cites no contradictory authority. Therefore, Plaintiffs' allegations in their claims for relief under sections 1981 and 1983 against the City are nothing more than legally conclusory statements that add no specificity as to how the City has allegedly harmed Metropolitan—much less how Metropolitan was treated disparately by the City.

### C. Even if Metropolitan could bring a Section 1981 claim against the City, it must identify a specific contractual interest from which it was "actually prevented, and not merely deterred" from obtaining.

Metropolitan misstates the City's argument as to the contractual interest that needs to be alleged to sustain a Section 1981 claim, even if there were an independent cause of action under that section against the City, which there is not. The City is not arguing that Metropolitan must allege an "[o]ngoing [c]ontractual [r]elationship." (DKT 29 at p. 14). Rather, the City asserts that "Metropolitan identifies no impaired contractual right—***or attempt to obtain a contractual right***—

with the City." (DKT 18 at p. 12) (emphasis added). To do this, Metropolitan must allege it was "actually prevented, and not merely deterred" by the City from obtaining a contractual interest. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358-59 (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751-52 (5th Cir. 2001)).

Once again, Metropolitan's own cited authority supports the City's position, rather than Metropolitan's. In *Runyon v. McCrary*, 427 U.S. 160 (1976), the plaintiff parents "sought to enter into contractual relationships" by applying to the defendant schools on behalf of their children—and those applications were rejected. *See* 427 U.S. 164-66, 172. Here, unlike *Runyon*, Metropolitan has **never attempted** to enter into a contractual relationship with the City, through bidding or otherwise applying for a contract. Without an allegation of a specific, non-speculative contractual interest from which Metropolitan alleged it was prevented from obtaining, it cannot state a claim pursuant to Section 1981.

## Conclusion and Prayer

For the foregoing reasons, the City respectfully requests that all of Plaintiff Metropolitan's claims against the City be dismissed and that Plaintiff Landscape Consultants' stand-alone section 1981 claim be dismissed.

Dated: January 3, 2024

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**
SUZANNE R. CHAUVIN
Chief, General Litigation Section

/s/ *Lori J. Yount*
DARAH ECKERT
Attorney-in-Charge
Senior Assistant City Attorney
Southern District Bar No. 1890045
Texas State Bar No. 24007141
Email:  darah.eckert@houstontx.gov
LORI J. YOUNT
Senior Assistant City Attorney
Southern District Bar No. 2209496
Texas State Bar No. 24084592
Email:  lori.yount@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor.
Houston, Texas 77002
Telephone: 832.393.6219
Fax: 832.393.6259

## CERTIFICATE OF SERVICE

      I certify that on January 3, 2024, a copy of the foregoing Motion to Dismiss was served electronically on the CM/ECF system, which will automatically serve an electronic notice on the following counsel of record for Plaintiffs:

Erin E. Wilcox
Joshua P. Thompson
Pacific Legal Foundation
555 Capitol Mall Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
ewilcox@pacificlegal.org
jthompson@pacificlegal.org

Britton B. Harris
Attorney in Charge
Harris Hilburn, P.L.L.C.
bharris@hhstxlaw.com
1111 Rosalie
Houston, Texas 77004
Telephone: (713) 223-3936
Facsimile: (713) 224-5358

Nancy M. Davis
Bracewell LLP
711 Lousiana, Suite 2300
Houston, Texas 77002-2781
Telephone: (713) 221-1123
Facsimile:  (713) 222-3234
nancy.davis@bracewll.com

                                                */s/ Darah Eckert*
                                                Darah Eckert