# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> *Defendants*. | Civil Action No. 4:23-cv-03516 <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT MIDTOWN MANAGEMENT DISTRICT'S MOTION TO DISMISS** |

## INTRODUCTION

Despite being qualified, willing, and able to bid for public landscaping contracts with Defendant Midtown Management District (MMD), two Houston-area small businesses are at a competitive disadvantage due to MMD's bid-evaluation process, which awards points to some bidders based on the race of the business' owner. MMD now asks this Court to dismiss the small businesses' civil rights complaint. This Court should decline.

This case involves two plaintiffs: Metropolitan Landscape Management, Inc. (Metropolitan), and Landscape Consultants of Texas, Inc. (Landscape Consultants) (collectively, Plaintiffs), and two defendants: MMD and the City of Houston (City). In their Complaint, ECF No. 1, Plaintiffs bring a total of four claims, with two claims

1

against each Defendant. With respect to MMD, the Complaint alleges that MMD operates a Minority, Women, and Disadvantaged Business Enterprise (MWDBE) program that treats public contractors differently based on the race of the business' owners. Complaint, ECF No. 1 at ¶¶ 56–64, 70–74. This race-based differential treatment violates both the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and the "full and equal benefit of the laws" clause of 42 U.S.C. § 1981. *Id.*

Significantly, MMD's Motion to Dismiss does not challenge Metropolitan's Fourteenth Amendment equal protection claim in any respect. Regardless of how this Court rules on the instant motion, the case will go forward with the claim against MMD.

However, both of Plaintiffs' claims against MMD should move forward and both Plaintiffs have standing to press those claims. Both claims seek declaratory and injunctive relief. Both Plaintiffs are qualified, willing, and able to bid on future MMD contracts. MMD's Motion to Dismiss misunderstands the facts pled in Plaintiffs' Complaint and misstates the relevant case law applicable to prospective equal protection claims against government set-aside programs. Just as Metropolitan satisfies the standing and pleading requirements for its claims against MMD—which MMD doesn't even dispute—so does Landscape Consultants. MMD's Motion to Dismiss should be denied.

## STATEMENT OF FACTS

### Legal Background

MMD's MWDBE program exists to "stimulate the growth of minority, women, and disadvantaged business enterprises by encouraging the full participation of MWDBE businesses in all phases of [MMD's] procurement activities and affording those firms a full and fair opportunity to compete for contracts." ECF No. 1 at ¶ 35. Its MWDBE policy awards bonus points to bids from minority, women, and disadvantaged business enterprises that are certified by third parties, including the City of Houston. *Id*. at ¶ 34. In the published criteria for evaluating bids, MMD awards bidders up to 100 points across four categories. Ten points are awarded for being a minority-owned business enterprise (MBE), and those points are never available to nonminority owned bidders. *Id*. at ¶¶ 36−37. MMD has never conducted a disparity study to support its policy that awards points based on the race of a business' owner. *Id*. at ¶ 38.

### Factual Background

Landscape Consultants and Metropolitan are small family landscaping businesses that have provided landscaping services across the Houston area since 2006. *Id.* at ¶¶ 4, 12. Approximately 80−90 percent of each company's annual revenue comes from winning government landscaping contracts. *Id*. at ¶ 13.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction. In evaluating a motion to dismiss under Rule 12(b)(1), the court "construes the complaint broadly and liberally" and must "accept as true all uncontroverted factual allegations of the pleadings." *Lawal v. British Airways, PLC*, 812 F.Supp. 713, 716 (S.D. Tex. 1992) (citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). All questions of fact and any ambiguities in the controlling substantive law must be resolved in favor of the plaintiff. *Id*.

Under both Rule 12(b)(1) and Rule 12(b)(6), motions to dismiss "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

## ARGUMENT

**I. Landscape Consultants Has Standing and Raises Viable Section 1981 and 1983 Claims**

Plaintiffs' position is unchanged since their Complaint. Both companies are qualified, willing, and able to bid on MMD contracts, but they are disadvantaged because of the racial barriers imposed by MMD's MWDBE policy. Metropolitan has previously bid on MMD landscaping contracts and Landscape Consultants has bid on similar contracts with other local government entities. ECF No. 1 at ¶¶ 7−8. Under longstanding Supreme Court precedent, these allegations more than suffice for Article III standing in a forward-looking equal protection claim. The allegations also satisfy the statutory standing requirements for section 1981 claims.

**A. This Court Has Jurisdiction over Each of Landscape Consultants' Claims**

Landscape Consultants has Article III standing to bring its equal protection claim against MMD because it has suffered (1) an "injury in fact" (2) that is "fairly traceable" to MMD and (3) redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560−61 (1992). In a forward-looking equal protection challenge to a racial bid preference program like MMD's, the "'injury in fact' is the inability to compete on an equal footing in the bidding process, not the loss of a contract." *N.E. Fla. Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 666 (1993).

In *W.H. Scott Constr. Co. v. City of Jackson,* the Fifth Circuit held that a construction company was not required to prove that it lost contracts because of the city's minority set-aside policy, only that the policy forces the company to compete for contracts on an unequal basis. 199 F.3d 206, 213 (5th Cir. 1999) (citing *N.E. Fla.*, 508 at 666: "The 'injury in fact'…is the denial of equal treatment resulting from the imposition of [a] barrier, not the ultimate inability to obtain the benefit."); *see also Nuziard v. Minority Business Development Agency*, No. 4:23-cv-0278, 2023 WL 3869323, at *3 (N.D. Tex. June 5, 2023) (plaintiff has standing if he is likely to apply for program in the reasonably foreseeable future if not for the government's unconstitutional barriers). Landscape Consultants "need only demonstrate that it is able and ready to bid on contracts and that a discriminatory policy prevents it from doing so on an equal basis." *W.H. Scott Constr.*, 199 F.3d at 212. The fact that Landscape Consultants has bid on similar landscaping contracts in Houston—although ones let by other government entities—*strengthens* its claim that it is ready to bid on MMD contracts as well. It certainly doesn't undercut it.

Landscape Consultants could not have been clearer in its Complaint. It alleges that it is qualified, willing, and able to bid on government contracts in the Houston area, which includes MMD, and that it is prevented from doing so on an equal basis by MMD's MWDBE program. ECF No. 1 at ¶¶ 7, 45. This showing satisfies the injury and traceability requirements of Article III standing, and MMD does not

6

dispute that a favorable decision from this Court would redress Landscape Consultants' injury. There is no requirement in the law—and MMD certainly cites none—that a plaintiff must first bid for a racially discriminatory contract before it can challenge the discriminatory bidding process. *N.E. Florida* says the opposite, 508 U.S. at 666, and imposing such a requirement would add an administrative exhaustion requirement for exercising one's constitutional rights, something the Supreme Court has flatly rejected. *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 500–01 (1982) ("this Court has stated categorically that exhaustion is not a prerequisite to an action under § 1983").

Landscape Consultants also has standing to bring its section 1981 claim against MMD. "A plaintiff has statutory standing if it 'falls within the class of plaintiffs whom Congress has authorized to sue …'" *White Glove Staffing, Inc. v. Methodist Hospitals of Dallas*, 947 F.3d 301, 307 (5th Cir. 2020) (citing *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014)). Courts examine "(1) whether the plaintiff falls within the statute's zone of interests and (2) whether the plaintiff's alleged injuries were proximately caused by violation of the statute." *White Glove*, 947 F.3d at 307 (internal quotation marks omitted).

The zone of interest inquiry is "not especially demanding," and looks to the operative statute. *Id*. Section 1981 protects the equal right of "[a]ll persons within the jurisdiction of the United States … to the full and equal benefit of all laws"

7

without respect to race. 42 U.S.C. § 1981. Landscape Consultants' section 1981 claim that MMD's race-based MWDBE program leaves Landscape Consultants unable to compete equally for contracts with MMD because the race of its owner falls squarely within this zone. *See Lexmark*, 572 U.S. at 130 (zone of interest tests not met "only when a plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot be reasonably assumed that Congress authorized that plaintiff to sue.") (internal quotation marks and citation omitted).

The proximate cause test is met if the "harm alleged has a sufficiently close connection to the conduct the statute prohibits." *Id*. at 133. In *White Glove*, a hospital terminated the contract of a temporary staffing agency because the agency assigned a black employee when the hospital had demanded Hispanic employees. 947 F.3d at 304. The staffing agency demonstrated proximate cause under section 1981 because the contract termination had a "sufficiently close connection" to the racial discrimination in making and enforcing contracts prohibited in section 1981. *Id*. at 308. Here, Landscape Consultants' alleged harm—the inability to compete for contracts on an equal footing because of the race of its owners—has an equally close connection to section 1981's guarantee of the "full and equal benefit of all laws." Accordingly, this Court has jurisdiction and Landscape Consultants has standing to bring its section 1981 claim against MMD.

## B. Landscape Consultants Properly Pleads a Prospective Equal Protection Claim

Race-based classifications by local governments are subject to strict scrutiny. *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 493−94 (1989). As the Supreme Court held in *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College* (*SFFA*), the only two compelling interests that permit race-based government policies like MMD's are "remediating specific, identified instances of past discrimination that violated the Constitution or a statute," or avoiding prison race riots. 600 U.S. 181, 207 (2023). Plaintiffs allege that MMD's stated purpose to "stimulate the growth of minority, women, and small business enterprises by encouraging the full participation of MWDBE business enterprises in all phases of [MMD's] procurement activities and affording those firms a fair and full opportunity to compete for contracts" falls far short of that high bar and that MMD lacks a strong basis in evidence that its race-based contracting goals are related to remedying past or present discrimination in any particular industry or in MMD. ECF No. 1 at ¶¶ 35, 57−62. Plaintiffs also allege that MMD did not conduct a market study to support its policy of awarding points based on the race of a business' owner, leaving no possibility that the MWDBE program could be intended to further *any* compelling government interest. ECF No. 1 at ¶ 38; *Croson*, 488 U.S. at 497 ("constitutional or statutory violations" must be found before triggering governmental interest in

9

remedying past discrimination through racial preferences) (internal citation and quotation marks omitted).

In addition to a compelling interest, race-based classifications by local governments must also be narrowly tailored to survive strict scrutiny. *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995). Plaintiffs allege that the MWDBE program's crude division between minority and nonminority owned businesses and its adoption of the City's racial classifications, which are virtually identical to the U.S. Department of Transportation's racial classifications in 49 CFR § 26.5 and encompass the entire populations of two continents and thirty-seven countries, are not narrowly tailored to meet any compelling interest. ECF No. 1 at ¶¶ 61–62; *see also Parents Involved in Community Schools v. Seattle Sch. Dist. No.*, 551 U.S. 701, 723–24 (2007) (rejecting crude "white/nonwhite" and "black/other" categories as insufficiently narrowly tailored)*; Croson*, 488 U.S. at 506 ("gross overinclusiveness" of a city's racial preference "strongly impugns" its claim of remedial motivation and narrow tailoring); *Vitolo v. Guzman*, 999 F.3d 353, 363–64 (6th Cir. 2021) (race-based grant program's reliance on Small Business Administration racial classifications not narrowly tailored).

Just like Metropolitan's unchallenged equal protection claim, Landscape Consultants' equal protection claim is properly pled and should proceed.

### C. Landscape Consultants' Properly Pleads a Prospective Claim under 42 U.S.C. § 1981

To establish a claim under section 1981, a plaintiff must demonstrate that (1) the "plaintiff is a member of a racial minority;" (2) the defendant intended to "discriminate on the basis of race;" and (3) "the discrimination concerned one or more of the activities enumerated in the statute." *Bluitt v. Houston Indep. Sch. Dist.*, 236 F.Supp.2d 703, 719 (S.D. Tex. 2002) (citation omitted). Despite the racial minority requirement, the Supreme Court has long recognized that section 1981 prohibits racial discrimination regardless of the plaintiff's race. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976) (Section 1981 was intended to "proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race.").

To satisfy the second and third prongs at the pleading stage, Plaintiffs allege that MMD intentionally operates a MWDBE program that uses racial classifications to disadvantage nonminority contractors during the bidding process. ECF No. 1 at ¶¶ 36−37, 41−45. This precontract activity falls within section 1981's protection to "make and enforce contracts" without respect to race. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006).

Although 42 U.S.C. § 1983 is the exclusive federal damages remedy for a section 1981 claim against a state actor, *Jett v. Dallas Independent School District*, 491 U.S. 701, 733 (1989), Plaintiffs seek only forward-looking declaratory and

11

injunctive relief. ECF No. 1 at 16−17 (Prayer for Relief). Plaintiffs' section 1981 claim against MMD should proceed.

## II. MMD's Arguments Do Not Support Dismissal

MMD's arguments for dismissal under Rules 12(b)(1) and 12(b)(6) closely mirror those of the City in its Motion to Dismiss, ECF No. 18, and similarly misunderstand Plaintiffs' Complaint. MMD's arguments are entirely backwards looking, but Plaintiffs' claims are entirely forward-looking. While Plaintiffs have been harmed in the past by the MWDBE program's racially-discriminatory bid evaluation system and barriers to equal competition, their claims seek to prevent *future* violations of their right to equal protection and equal benefit of the laws.

### A. Plaintiffs' Section 1981 Claims Seek Only Equitable Remedies

In addition to their constitutional claims, Metropolitan and Landscape Consultants allege that MMD's MWDBE program discriminates on the basis of race in violation of 42 U.S.C. § 1981. ECF No. 1 at ¶¶ 65−69. Relying on *Jett*, 491 U.S. at 735, MMD contends that Plaintiffs' section 1981 claims should be dismissed because section 1981 "does not provide an independent cause of action against local government entities." ECF No. 26 at 4. This interpretation of *Jett* is inaccurate. What the Supreme Court concluded in *Jett* is that section 1983 "provides the exclusive *federal damages remedy* for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." 491 U.S. at 735 (emphasis added).

Interpreting the history of the Civil Rights Acts of 1866 and 1871, the Court determined that "Congress intended that the explicit remedial provisions of § 1983 be controlling *in the context of damages actions* brought against state actors alleging violation of the rights declared in § 1981." *Id*. at 731 (emphasis added); *see also Escamilla v. Elliott,* 816 Fed. App'x 919, 922 (5th Cir. 2020) (applying *Jett* to find that section 1983 claims required "in order to obtain a *monetary* remedy for violations of civil rights protected by § 1981.") (emphasis added); *Scelsa v. City Univ. of New York*, 806 F.Supp. 1126, 1138 (prospective injunctive relief and attorney's fees available in section 1981 claim against public officials); *Javinsky-Wenzek v. City of St. Louis Park*, 829 F.Supp.2d 787, 794−95. (D. Minn. 2011) (claim for injunctive relief against municipality was justiciable).

Tellingly, MMD does not cite any case that holds that section 1981 does not provide an equitable remedy for claims against state actors, nor does it dispute that Plaintiffs seek only declaratory and injunctive relief, ECF No. 1 at 16−17 (Prayer for Relief). *Oden v. Oktibbeha County*, 246 F.3d 458 (5th Cir. 2001) is inapposite; the plaintiff in that case sought compensatory and punitive damages against the government defendants. *Id*. at 462.

MMD is also incorrect that "Plaintiffs … seek relief against the District without any reference to either statute." ECF No. 26 at 5. In Plaintiffs' Complaint, the heading of each claim for relief includes the relevant statute in bold text. ECF

13

No. 1 at 13−16. For example, Plaintiffs' Second Claim for Relief is titled: "MMD's MWDBE Program Violates the Equal Protection Clause of the Fourteenth Amendment, through 42 U.S.C. § 1983." *Id*. at 14. Plaintiffs' section 1981 claims should proceed.

### B. Section 1981 Claims Do Not Require an Ongoing Contractual Relationship

MMD next claims that Landscape Consultants' section 1981 claims for relief should be dismissed because Landscape Consultants has not lost a bid for a contract with MMD. ECF No. 26 at 6. However, MMD identifies no cases in support of its claim that Plaintiffs must identify a specific contract they want to bid for or have lost a bid for a contract under this circumstance. Landscape Consultants does not claim that MMD's MWDBE program denied Landscape Consultants the equal benefit of the laws under section 1981 for a single bid; it denies Landscape Consultants the equal benefit of the laws under section 1981 in *every* bid simply because of the race of its owners.

Nor are Plaintiffs' section 1981 claims against MMD speculative. *See* ECF No. 26 at 7−8. It is not speculative that Plaintiffs are qualified, willing, and able to bid on government landscaping contracts in the Houston metro area—Plaintiffs allege exactly this in their Complaint. ECF No. 1 at ¶¶ 7−8. It is not speculative that MMD's MWDBE program discriminates against Plaintiffs in *every* landscaping contract bid evaluation—Plaintiffs allege that MMD awards ten points for being a

14

minority business enterprise, that Plaintiffs are not minority-owned business enterprises, and that nonminority owned business enterprises can never receive the ten points. ECF No. 1 at ¶¶ 7−8, 36−37. It is not a "mere possibility," ECF No. 26 at 7, that MMD's race-based bid evaluation program would discriminate against Landscape Consultants in an attempt to enter into a contractual relationship with MMD, it is an absolute certainty. MMD cites no authority requiring Plaintiffs to engage in futile actions in order to bring a section 1981 claim, nor should Plaintiffs be required to do so by this Court.

Given the certainty of racial discrimination against Landscape Consultants in MMD's bid evaluation process, and Metropolitan's recent experience of racial discrimination in MMD's bid evaluation process, MMD's claim that "no contractor is meaningfully deterred from submitting a bid" by MMD's MWDBE program is laughable. *Id*. at 8. MMD's argument is not redeemed by its reliance on *Meyers v. La Porte Independent School District*, No. Civ.A H-05-1087, 2007 WL 7119878 (S.D. Tex. Apr. 25, 2007). ECF No. 26 at 8. In *Meyers*, a high school softball player claimed that her failure to be promoted to the varsity team until her senior year was due to her race and that it prevented her from "generating playing statistics that would have led colleges and universities to consider her for athletic scholarships." *Id*. at *1. A possible college athletic scholarship on a team of unknown caliber at an unknown university is in no way comparable to a defined landscaping contract at

15

MMD. The myriad factors that determine whether a student is offered a college athletic scholarship, like athletic ability, injury status, team needs, GPA, or open roster positions—none of which this Court discussed in *Meyers*—are in no way comparable to MMD's MWDBE program, which evaluates bidders on a 100-point scale across four categories and awards ten points only to minority business enterprises. ECF No. 1 at ¶ 36.

The remaining cases MMD relies upon apply only in the retail context. *Morris v. Dillard Department Stores, Inc.*, was brought by a customer detained by a department store for shoplifting. 277 F.3d 743, 752 (5th Cir. 2001). In *Arguello v. Conoco, Inc.*, brought by a customer against a gas station, the Fifth Circuit emphasized that "the law in this circuit for section 1981 claims in the *retail* context is established by *Morris*." 330 F.3d 355, 358 (5th Cir. 2003). MMD's reliance on an unpublished Illinois district court case is equally unhelpful. ECF No. 26 at 7. Used in a string citation of retail lawsuits in *Morris*, the Fifth Circuit quotes *Henderson* as holding that

> "a § 1981 claim must allege that the plaintiff was actually prevented, and not merely deterred, from making a purchase or receiving a service after attempting to do so," and finding a plaintiff's allegation sufficient to sustain a § 1981 claim where the "plaintiff was midstream in the process of making a contract for [a] goods purchase" at a cashier at the time an officer arrested him.

*Morris*, 277 F.3d at 752 (citing *Henderson v. Jewel Food Stores, Inc.*, No. 96 C 3666, 1996 WL 617165, at *3−4 (N.D. Ill. Oct. 23, 1996). Plaintiffs are not

16

customers of MMD and their section 1981 claims are not brought in a retail context; these cases do not support MMD's motion to dismiss. Landscape Consultants' section 1981 claim should proceed.

### C. Discriminatory Intent Is Not Required

Finally, MMD contends that Landscape Consultants fails to state an equal protection claim because it does not "adequately allege" disparate treatment. ECF No. 26 at 9. MMD claims that Landscape Consultants must allege that "(1) it received different treatment from others and (2) the unequal treatment came from discriminatory intent." *Id*. MMD again fails to grasp Plaintiffs' claims.

Landscape Consultants has not brought a Title VII disparate impact claim or a claim of racial harassment under Title VI—it alleges that MMD's MWDBE program *facially* requires discriminatory racial classifications in violation of the Equal Protection Clause. ECF No. 1 at ¶¶ 47−55. Landscape Consultants alleged in the Complaint that Landscape Consultants does not qualify as a MWDBE-certified business, that MMD's MWDBE program treats businesses differently based on the race of their owners during the bidding process by awarding ten points only to MWDBEs, and that Landscape Consultants cannot equally compete for many or all MMD contracts due to this program. ECF No. 1 at ¶¶ 40, 36−37, 45, 57. A showing of discriminatory intent or animus is not required in equal protection challenges to race-based government programs. *See, e.g., Croson*, 488 U.S. at 500 (striking down

17

race-based contracting program despite supposedly benign purpose); *Adarand*, 515 U.S. at 226 ("good motives" not enough when state employes explicit racial classification system); *Shelley v. Kraemer*, 334 U.S. 1, 19−20 (1948) (racially restrictive covenants violate Equal Protection Clause even absent discriminatory intent).

The cases MMD cites in support do not involve race-based public contracting programs. In *Fennell v. Marion Independent School District*, students brought a Title VI racially hostile environment claim and equal protection claims against their school district for racial discrimination and harassment by students and employees. 804 F.3d 398, 401 (5th Cir. 2015). Similarly, *Priester v. Lowndes County* involved a racially motivated attack on a high school student. 354 F.3d 414, 418 (5th Cir. 2004). None of these cases are remotely relevant to Plaintiffs' claims.

## CONCLUSION

Defendant Midtown Management District's Motion to Dismiss should be denied.

DATED: January 3, 2024.

                                                  Respectfully submitted,

                                                  s/ *Erin E. Wilcox*

| | |
|---|---|
| Joshua P. Thompson* | Erin E. Wilcox |
| *Of Counsel* | *Attorney-in-Charge* |
| Cal. Bar No. 250955 | Cal. Bar No. 337427 |
| Pacific Legal Foundation | S.D. Tex. Bar No. 3369027 |
| 555 Capitol Mall | Pacific Legal Foundation |
| Suite 1290 | 555 Capitol Mall |
| Sacramento, CA 95814 | Suite 1290 |
| Telephone: (916) 419-7111 | Sacramento, CA 95814 |
| Fax: (916) 419-7747 | Telephone: (916) 419-7111 |
| jthompson@pacificlegal.org | Fax: (916) 419-7747 |
| | ewilcox@pacificlegal.org |

*\*Pro Hac Vice*

                          *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, I served this document via the Court's electronic filing system to the Defendants.

s/ *Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation
