UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br><br>*Defendants*. | Civil Action No. 4:23-cv-03516<br><br><br><br>CONCISE SUMMARY OF POINTS IN PLAINTIFFS' OPPOSITION TO DEFENDANT MIDTOWN MANAGEMENT DISTRICT'S MOTION TO DISMISS |

In support of its Opposition to Defendant Midtown Management District's (MMD) Motion to Dismiss, Plaintiffs Landscape Consultants, Inc. (Landscape Consultants), and Metropolitan Landscape Management, Inc. (Metropolitan) (collectively, Plaintiffs), state the following:

1. **Landscape Consultants has standing.** Landscape Consultants alleges an inability to compete on an equal footing in MMD's bid program, which constitutes an "injury in fact" in a forward-looking equal protection challenge to a racial bid preference program and satisfies both injury and traceability for Article III standing. *N.E. Fla. Chapter of Associated General Contractors of America v. City of*

1

*Jacksonville*, 508 U.S. 656, 666 (1993); ECF No. 1 at ¶¶ 7, 45. MMD does not dispute redressability.

In its section 1981 claim, Landscape Consultants' claim that MMD's race-based bid program prevents it from competing equally for contracts due to the race of its owner "falls within the statute's zone of interests," and there is no question its "alleged injuries were proximately caused by violation of the statute." *White Glove Staffing, Inc. v. Methodist Hospitals of Dallas*, 947 F.3d 301, 307 (5th Cir. 2020).

**2. Landscape Consultants' claims are properly pled.** Like Metropolitan, whose equal protection claim MMD does not challenge, Landscape Consultants also properly pleads that MMD's race-based bid program fails strict scrutiny because it does not serve a compelling interest in remediating a specific, identified racial constitutional or statutory violation and that its crude, overinclusive racial categories are not narrowly tailored. ECF No. 1 at ¶¶ 35, 57−62.

Plaintiffs properly pled a section 1981 claim by alleging that MMD intentionally operates a bid program that uses racial classifications to disadvantage nonminority contractors. ECF No. 1 at ¶¶ 36–37, 41−45. This precontract activity falls within section 1981's protection to "make and enforce contracts" without respect to race. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006).

**3. MMD's arguments do not support dismissal.** *Jett v. Dallas Independent School District*, 491 U.S. 701, 733 (1989), does not preclude Plaintiffs' section 1981

2

claim because Plaintiffs seek only forward-looking injunctive and declaratory relief. ECF No. 1 at 16−17 (Prayer for Relief). MMD identifies no case supporting its argument that Landscape Consultants must have an ongoing contractual relationship to bring a section 1981 claim. ECF No. 26 at 6−8. The cases MMD does cite are irrelevant; one involves a highly speculative claim that a high school athlete lost a hypothetical college scholarship because she was not promoted to varsity quickly enough, and the others pertain only to section 1981 claims brought in the retail context. ECF No. 26 at 7−8.

Contrary to MMD's claim, ECF No. 26 at 9, a showing of discriminatory intent is not required in a facial equal protection challenge to race-based government programs. *See, e.g., City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 500 (1989). Perhaps because of this, MMD does not cite a single race-based public contracting case in support of its argument; the two cases it does cite involving racial harassment and a racially-motivated attack on a student are completely inapplicable. ECF No. 26 at 9−10.

Defendant Midtown Management District's Motion to Dismiss should be denied.

DATED: January 3, 2024.

Respectfully submitted,

s/ *Erin E. Wilcox*

| | |
|---|---|
| Joshua P. Thompson* | Erin E. Wilcox |
| *Of Counsel* | *Attorney-in-Charge* |
| Cal. Bar No. 250955 | Cal. Bar No. 337427 |
| Pacific Legal Foundation | S.D. Tex. Bar No. 3369027 |
| 555 Capitol Mall | Pacific Legal Foundation |
| Suite 1290 | 555 Capitol Mall |
| Sacramento, CA 95814 | Suite 1290 |
| Telephone: (916) 419-7111 | Sacramento, CA 95814 |
| Fax: (916) 419-7747 | Telephone: (916) 419-7111 |
| jthompson@pacificlegal.org | Fax: (916) 419-7747 |
| | ewilcox@pacificlegal.org |

*Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, I served this document via the Court's electronic filing system to the Defendants.

s/ *Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation
