UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., *Plaintiffs*, v. CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, *Defendants*. | Civil Action No. 4:23-cv-3516 <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT MIDTOWN MANAGEMENT DISTRICT'S REPLY TO PLAINTFF'S OPPOSITION TO MOTION TO DISMISS

Midtown Management District offers the following reply to the Plaintiffs' Opposition to Midtown's Motion to Dismiss.

### Plaintiffs Have No Private Cause of Action Against Midtown Under 42 USC §1981

Plaintiffs allege in their Opposition to the Motion to Dismiss that they have standing to bring Section 1981 claims because both Plaintiffs are qualified and ready to bid on Midtown's contracts but are disadvantaged by Midtown's policies. Plaintiffs' claims brought against Midtown under 42 USC § 1981 should be

dismissed because Plaintiffs have not shown that they have any right to bring a private action against a local governmental entity such as Midtown under Section 1981. The United States District Court here in the Southern District of Texas held that Section 1981 does "not provide a separate cause of action against local governmental entities." *Bluitt v. Houston Indep. Sch. Dist.*, 236 F. Supp. 703, 720 (S.D. Tex. 2002). The *Bluitt* court followed the precedent established by the United State Supreme Court in *Jett* that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 733, 109 S. Ct. 2702, 2722 (1989). The court must dismiss both Plaintiffs' claims against Midtown under Section 1981 because Plaintiffs do not have a private right of action against a state governmental unit such as Midtown.

### Midtown's Disadvantaged Business Program Differs Substantially from Programs in Cases Cited by Plaintiff

As cited in Plaintiffs' Complaint, Midtown's disadvantaged business program seeks to remedy past discrimination by awarding bonus points to contractors that meet Midtown's definition of disadvantaged businesses. In *N.E. Florida Chapter of Assoc. Gen. Contractors of America v. City of Jacksonville*, 508 U.S. 656, 666 (1993), Jacksonville required that 10% of its contract money be spent on disadvantaged businesses. In *W.H. Scott Const. Co. v. City of Jackson*, Jackson

required at first that 5%, and then 15% of participation in contractual work come from disadvantaged businesses. In *Nuziard*, the Minority Business Development Agency completely denied services to non-disadvantaged businesses. *Nuziard v. Minority Business Dev. Agency*, No. 4:23-cv:0278, 2023 WL 3869323 (N.D. Tex. June 5, 2023). Here, Plaintiffs were not restricted from competing for a certain percentage of contract work set aside for disadvantaged businesses and were free to bid for all contracts up for bid by Midtown. Plaintiffs therefore do not show that this case fits within the framework of the set-asides for disadvantaged businesses like the programs in the cases Plaintiffs cite to support their arguments.

If Plaintiffs arguments succeed, no program that seeks to remedy the effects of pervasive past and present discrimination would be permissible. The Midtown program allows all qualified bidders to bid on its contracts and does not create any strict set-asides for disadvantaged businesses. There is no guarantee under Midtown's program that any of its contracts will be awarded to disadvantaged businesses. Plaintiffs have made no showing that Midtown's disadvantaged business program denies them equal protection under the law or violates Section 1981 or 1983.

## Midtown's Disadvantaged Business Program is Required by Texas State Law to Remedy Past Discrimination.

Plaintiffs argue that the only two compelling interests that permit race-based government policies like Midtown's disadvantaged business program are "remediating specific, identified instances of past discrimination that violated the Constitution or a statute" or avoiding prison race riots. Opposition p. 9, citing *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (SFFA)*, 600 U.S. 181, 207 (2023). Midtown adopted its disadvantaged business program because it was specifically required by the Texas Legislature to establish one or more programs designed to increase participation by disadvantaged businesses in public contract awards. Tex. Local Gov't Code §375.221(b). The Texas Legislature further directed that Midtown's program shall be structured to further remedial goals and shall be established to eradicate the effects of any prior discrimination. Tex. Local Gov't Code §375.221(b). The Texas Legislature therefore already determined that there was prior discrimination that violated the Constitution in enacting these laws requiring Midtown to create and operate its disadvantaged business program.

Midtown's disadvantaged business program is therefore permissible under the *Students for Fair Admissions* standard cited by Plaintiffs. The state legislature already determined that there has been past discrimination and requires Midtown to

4

apply its disadvantaged business policy as a remedy.  Plaintiffs do not argue that Midtown's policy is not narrowly tailored to remedy past discrimination, but instead argue that Midtown should not be allowed to have a disadvantaged business program at all.  This sharply clashes with the clear directive from the Texas Legislature that Midtown have a disadvantaged business policy to remedy past discrimination as identified by the Texas Legislature.  Plaintiffs do not argue that Tex. Local Gov't Code §375.221(b) or Tex. Local Gov't Code §375.221(b) are unconstitutional or deprive Plaintiffs of equal protection under the law.  Plaintiffs instead argue that this court should enjoin Midtown from applying its disadvantaged business program, which would place Midtown in violation of state law.  Plaintiffs have failed to show that they have a valid equal protection claim or valid claims under either Section 1981 or 1983.  The court should dismiss Plaintiffs' claims against Midtown in their entirety.

    DATED: January 10, 2024

Respectfully submitted,

**HARRIS HILBURN P.L.L.C.**

/s/ *Britton B. Harris*

Britton B. Harris
Attorney in Charge
So. Dist. of Texas No. 00021
Texas Bar. No. 09054500
bharris@hhstxlaw.com
1111 Rosalie
Houston, Texas 77004
Telephone: (713) 223-3936
Facsimile: (713) 224-5358
**Attorneys for Defendant
Midtown Management District**

OF COUNSEL:
Brett J. Sileo
So. Dist. Of Texas No. 22560
Texas Bar No. 00794634
bsileo@hhstxlaw.com
Harris Hilburn, PLLC.
1111 Rosalie
Houston, Texas 77002
Telephone: (713) 223-3936
Facsimile: (713) 224-5358

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system following the Federal Rules of Civil Procedure, on January 10, 2024.

/s/ *Britton B. Harris*

Britton B. Harris

6