IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., *Plaintiffs*, | § § § § § § § § | |
| v. | § § | Civil Action No.: 4:23-cv-3516 |
| CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, *Defendants*. | § § § § § § | |

**DEFENDANT CITY OF HOUSTON'S ANSWER TO PLAINTIFFS'
ORIGINAL COMPLAINT, SUBJECT TO ITS MOTIONS TO DISMISS**

Defendant, City of Houston, ("City"), files this answer to the Original Complaint filed by Plaintiffs Landscape Consultants of Texas, Inc. (Landscape Consultants) and Metropolitan Landscape Management, Inc. (Metropolitan), subject to the City's Motions to Dismiss (DKT 18) .

**I.   City of Houston's Answer**

INTRODUCTION

1. Paragraph 1 does not require a response. However, to the extent a response is necessary, defendant denies the allegation that the City awards public contracts based on the race of the bidding company's owner.

2. Paragraph 2 does not require a response. However, to the extent a response is necessary the City denies the allegation that it gives preferences to businesses owned by racial minorities.

3. The City is without sufficient knowledge or information to form a belief as to the race of Plaintiffs' employees. The City is also without sufficient knowledge or information to form a belief as to the race of Metropolitan Landscape Management, Inc.'s owners. The City admits that the owners of Landscape Consultants of Texas, Inc. are not racial minorities. The City denies the remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. The City denies the Court has subject-matter jurisdiction over the stand-alone claim brought under 42 U.S.C. § 1981 against the City by both Plaintiffs. The City also denies the Court has subject-matter jurisdiction over Metropolitan's section 1983 claims against the City, because Metropolitan has failed to make specific allegations against the City or allege disparate treatment by the City of Metropolitan, meaning the City has not waived its sovereign immunity as to Metropolitan's claims. The City admits that this Court has jurisdiction over action brought pursuant to 42 U.S.C. § 1983 by Landscape Consultants.

5. The City admits the averments in Paragraph 5 that 28 U.S.C §§ 2201-2202 authorize declaratory relief.

6. The City admits that this venue is proper, but denies that Metropolitan has sufficiently pleaded acts related to any claims against the City.

PARTIES

7. The City admits that Plaintiff Landscape Consultants has bid on one landscaping contract with the City of Houston, but the City is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 7.

8. The City is without sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 8.

9. The City admits that it is a municipal entity organized and existing under the laws of the State of Texas. The City admits that it has a Minority, Women and Small Business Enterprise Program which encourages the full participation of these business enterprise in various phases of city contracting as set forth fully in The City of Houston Municipal Code, Chapter 15, Article 5. The City denies the remaining allegations in paragraph 9.

10. The City is without sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 10 with the exception that the City admits that the City's Mayor and City Council appoint the directors recommended by the Midtown Management District's Board of Directors pursuant Texas Special District Code section 3809.052.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### The Plaintiff Companies

11. The City is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 11.

12. The City is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 12.

13. The City is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 13.

14. The City is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 14.

## PLAINTIFFS' ALLEGATIONS REGARDING HOUSTON'S PROGRAM

15. The City denies that it has operated a racial set-aside program. The City admits that the portion of the purpose of its Minority, Women and Small Business Program is to stimulate the growth of local minority, women, and small business enterprise by encouraging the full participation of these business enterprises in various phases of City contracting.

16. The City denies the allegations in Paragraph 16 as stated.

17. Paragraph 17 does not require a response. To the extent a response is required, the City denies the allegations.

18. The City denies the allegations in Paragraph 18 as stated.

19. The City denies the allegations in Paragraph 19 as stated.

20. The City denies the allegations in Paragraph 20 as stated.

21. The City denies the allegations in Paragraph 21 as stated.

22. The City denies the allegations in Paragraph 22 as stated.

23. The City denies the allegations in Paragraph 23 as stated.

24. The City admits the allegation in Paragraph 24.

25. The City denies the allegations in Paragraph 25 as stated.

26. The City conducted a disparity study in 2012 related to construction contracts in addition to the disparity study conducted in 2006. The City denies the remaining allegations in Paragraph 26.

27. The City admits the allegation in paragraph 27.

28. The City admits the allegation in paragraph 28.

29. The City denies the allegations in Paragraph 29 as stated.

30. The City denies the allegations in Paragraph 30.

31. The City denies the allegations in Paragraph 31.

32. The City denies the allegations in Paragraph 32.

33. Paragraph 33 does not require a response. To the extent a response is required, the City denies the allegations.

PLAINTIFFS' ALLEGATIONS REGARDING MMD's PROGRAM

34. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

35. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

36. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

37. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

38. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

39. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to Metropolitan's relationship with MMD.

40. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to Plaintiffs' ability to qualify for an MWDBE preference under MMD's program or Plaintiffs' ability to be certified as an MBE or WBE by the City, since neither have applied for certification with the City.

41. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to Metropolitan's relationship with MMD or bids for MMD projects.

42. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to Metropolitan's relationship with MMD or bids for MMD projects.

43. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to Metropolitan's relationship with MMD or bids for MMD projects.

44. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to Metropolitan's relationship with MMD or bids for MMD projects.

45. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to Plaintiff's' desire to bid on future MMD contracts or MMD's program.

46. Paragraph 46 does not require a response. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

PLAINTIFFS' FIRST CLAIM FOR RELIEF

47. Paragraph 47 does not require a response. To the extent a response is required, the City denies any allegations not specifically admitted.

48. The City denies the allegations in Paragraph 48 as stated.

49. Paragraph 49 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

50. Paragraph 50 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

51. Paragraph 51 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

52. Paragraph 52 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

53. Paragraph 53 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

54. The City has filed Motions to Dismiss Metropolitan's section 1983 claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Subject to these motions, Paragraph 54 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

55. The City has filed Motions to Dismiss Metropolitan's section 1983 claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Subject to these motions, Paragraph 55 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF

56. Paragraph 56 does not require a response. To the extent a response is required, the City denies any allegations not specifically admitted.

57. The City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

58. Paragraph 58 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

59. Paragraph 59 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

60. Paragraph 60 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

61. Paragraph 61 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

62. Paragraph 62 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

63. Paragraph 63 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

64. Paragraph 63 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

PLAINTIFFS' THIRD CLAIM FOR RELIEF

65. Paragraph 65 does not require a response. To the extent a response is required, the City denies the allegations.

66. The City has filed Motions to Dismiss both Plaintiffs' section 1981 claims pursuant to Federal Rule of Civil Procedure 12(b)(1), as well as to dismiss Metropolitan's section 1983 claims pursuant to 12(b)(6). Subject to these motions, Paragraph 66 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

67. Paragraph 67 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

68. The City has filed Motions to Dismiss both Plaintiffs' section 1981 claims pursuant to Federal Rule of Civil Procedure 12(b)(1), as well as to dismiss Metropolitan's section 1983 claims pursuant to 12(b)(6). Subject to these motions, Paragraph 68 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

69. The City has filed Motions to Dismiss both Plaintiffs' section 1981 claims pursuant to Federal Rule of Civil Procedure 12(b)(1), as well as to dismiss Metropolitan's section 1983 claims pursuant to 12(b)(6). Subject to these motions, Paragraph 69 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

PLAINTIFFS' FOURTH CLAIM FOR RELIEF

70. Paragraph 70 does not require a response. To the extent a response is required, the City denies any allegations not specifically admitted.

71. Paragraph 71 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City denies the allegations.

72. Paragraph 72 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or

information to form a belief about the truth of the allegations related to MMD's program.

73. Paragraph 73 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

74. Paragraph 73 is a legal conclusion that does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

## PRAYER FOR RELIEF

1. Paragraph 1 of Plaintiffs' "Prayer for Relief" contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, the City denies the allegations and denies that Plaintiffs are entitled to any relief sought from the City.

2. Paragraph 2 of Plaintiffs' "Prayer for Relief" contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, the City denies the allegations and denies that Plaintiffs are entitled to any relief sought from the City.

3. Paragraph 3 of Plaintiffs' "Prayer for Relief" contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

4. Paragraph 4 of Plaintiffs' "Prayer for Relief" contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, the City is without sufficient knowledge or information to form a belief about the truth of the allegations related to MMD's program.

5. Paragraph 5 of Plaintiffs' "Prayer for Relief" contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, the City denies the allegations and denies that Plaintiffs are entitled to any relief sought from the City.

6. Paragraph 6 of Plaintiffs' "Prayer for Relief" contains a statement of the relief sought, which does not need to be admitted or denied. To the extent a response is required, the City denies the allegations and denies that Plaintiffs are entitled to any relief sought from the City.

## II.   City of Houston's Affirmative Defenses

1. The City asserts that this Court lacks subject-matter jurisdiction over Plaintiffs' 42 U.S.C. 1981 claims due to the City's sovereign immunity, and

   the City has filed Motions to Dismiss both Plaintiffs' section 1981 claims pursuant to Federal Rule of Civil Procedure 12(b)(1).

2. The City asserts that Plaintiff Metropolitan has failed to state a claim as to any of its causes of action against the City, and the City has filed a Motion to Dismiss all of Metropolitan's claims against the City pursuant to 12(b)(6).

3. The City asserts that its MWSBE does not violate the Fourteenth Amendment of the United States Constitution. The City has the authority to eradicate the effects of its historic discrimination and private discrimination within its own legislative jurisdiction. *See City of Richmond v. J.A. Croson Co.*, 488 U.S. 493, 491-92 (1989).

4. The City asserts that Plaintiffs are not entitled to injunctive relief. To be entitled to permanent injunctive relief, plaintiffs must (1) prevail on the merits and (2) establish that equitable relief is appropriate in all other respects, including (a) irreparable injury and (b) no adequate remedy at law. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12, 107 S. Ct. 1396 (1987); *see also Freedom Commc'ns Inc. v. Mancias*, 129 F.3d 609 (5th Cir. 1997), *cert. denied*, 523 U.S. 1107 (1998) ("The equitable remedy [under 42 U.S.C. § 1983] is unavailable absent a showing of irreparable injury . . . ." (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

5. The City claims that Plaintiffs have no standing to bring this action. In the context of challenging a *Croson*-style program, the party challenging the program needs to "demonstrate that it is able and ready to bid on contracts and that a discriminatory policy prevents it from doing to on an equal basis." *Northeastern Florida Chapter of the Associated General Contractors*, 508 U.S. 656, 666 (1993).

### III.   City of Houston's Prayer

The City of Houston requests that upon final hearing, the Plaintiffs take nothing against the City by reason of this suit, and that the City recover its costs and have such other further relief to which it may be justly entitled.

Dated January 12, 2024.

        Respectfully submitted,

        **ARTURO G. MICHEL**
        **City Attorney**
        SUZANNE R. CHAUVIN
        Chief, General Litigation Section

        /s/ *Darah Eckert*
        DARAH ECKERT
        Attorney-in-Charge
        Senior Assistant City Attorney
        Southern District Bar No. 1890045
        Texas State Bar No. 24007141
        Email:  darah.eckert@houstontx.gov
        LORI J. YOUNT
        Senior Assistant City Attorney
        Southern District Bar No. 2209496
        Texas State Bar No. 24084592

Email:  lori.yount@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone: 832.393.6219
Fax: 832.393.6259

## CERTIFICATE OF SERVICE

I certify that on January 12, 2024, a copy of the foregoing Answer was served electronically on the CM/ECF system, which will automatically serve an electronic notice on the following counsel of record for Plaintiffs:

Erin E. Wilcox
Joshua P. Thompson
Pacific Legal Foundation
555 Capitol Mall Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
ewilcox@pacificlegal.org
jthompson@pacificlegal.org

Britton B. Harris
Attorney in Charge
Harris Hilburn, P.L.L.C.
bharris@hhstxlaw.com
1111 Rosalie
Houston, Texas 77004
Telephone: (713) 223-3936
Facsimile: (713) 224-5358

/s/ *Darah Eckert*
DARAH ECKERT