## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> *Defendants*. | Civil Action No. 4:23-cv-3516 <br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT MIDTOWN MANAGEMENT DISTRICT'S ORIGINAL ANSWER

Following the denial of the Motion to Dismiss filed by Defendant Midtown Management District (the "District"), the District files this answer to Plaintiffs Landscape Consultants of Texas, Inc. and Metropolitan Landscape Management, Inc.'s Complaint for Declaratory and Injunctive Relief and respectfully shows the court as follows:

### I.  Admissions and Denials by Paragraph of the Original Complaint

1.1     Paragraph 1 of the Complaint for Declaratory and Injunctive Relief is an introductory paragraph that states that the Plaintiffs bring an equal protection

challenge to the Defendants' requirements for awarding public contracts and does not require an admission or denial. The District denies the allegations that the District awards public contracts based on the race of the bidding company's owner.

1.2 As to paragraph 2 of the Complaint, the District does not have sufficient information about the number of people employed by Plaintiffs to admit or deny that allegation. The District denies the remainder of the allegations in paragraph 2 of the Complaint.

1.3 As to paragraph 3 of the Complaint, the District does not have sufficient information about the racial composition of the owners or employees of Plaintiffs to admit or deny Plaintiffs' allegations about Plaintiffs' owners or employees. The District denies the remainder of the allegations in paragraph 3 of the Complaint.

1.4 As to paragraph 4 of the Complaint, the District denies that the court has subject matter jurisdiction over Plaintiffs' stand-alone claims under 42 U.S.C. §§1981. Section 1981 does not provide an independent cause of action against a local government entity and, therefore, this court lacks subject matter jurisdiction over the Plaintiffs' §1981 claims. The court also does not have subject matter jurisdiction over Landscape Consultants' §1983 claim because Landscape Consultants failed to allege disparate treatment under the District's disadvantaged business program and therefore has not shown that the District has waived its sovereign immunity to Landscape Consultant's §1983 claim. The District admits

that this court has jurisdiction over Metropolitan Landscape Management's §1983 claim, which the District contends is without merit.

1.5     The District admits the averments in Paragraph 5 that 28 U.S.C. §2201-2202 authorize declaratory relief should the Plaintiffs prevail on their claims.

1.6     The District admits that venue is proper in the United States District Court for the Southern District of Texas.

1.7     The District is without sufficient knowledge to admit or deny the averments contained in Paragraph 7 concerning the ownership and operation of Landscape Consultants.

1.8     The District is without sufficient knowledge to admit or deny the averments contained in Paragraph 8 concerning the ownership and operation of Metropolitan Landscape and whether it might qualify as an MBE under the City's MBE ordinance (as the District is not responsible for the application of the City's ordinances).  The District admits that Metropolitan has bid on the District's projects in the past.  The District also is without sufficient knowledge to admit or deny the averment that Metropolitan is ready, willing and able to bid on government contracts in the Houston area.

1.9     The District admits the averments in Paragraph 9 that the City of Houston is a municipality of the State of Texas and has a Minority, Women and

Small Business Enterprise Program to encourage participation in city contracting. The District denies the remaining allegations of paragraph 9.

1.10   The District admits the averments in paragraph 10 that the District is a special district created under Section 59, Article XVI of the Texas Constitution and operates under chapter 375 of the Texas Local Government Code and Chapter 3809 of the Texas Special Districts Local Laws Code.  The District also admits the averment in paragraph 10 that the District's board of directors were appointed by the Houston Mayor and City Council and that the District is required by Tex. Local Gov't Code §375.222 to implement a program to encourage participation in District contracts by disadvantaged businesses.  The District denies the remaining averments in paragraph 10, including the averment that the District operates a minority set-aside program.

1.11   The District is without sufficient knowledge or information to form a belief to admit or deny the averments of paragraph 11.

1.12   The District is without sufficient knowledge or information to form a belief to admit or deny the averments of paragraph 12.

1.13   The District is without sufficient knowledge or information to form a belief to admit or deny the averments of paragraph 13.

1.14   The District is without sufficient knowledge or information to form a belief to admit or deny the averments of paragraph 14.

1.15   The District is without sufficient knowledge or information to form a belief to admit or deny the averments of paragraph 15.

1.16   The District is without sufficient knowledge or information to form a belief to admit or deny the averments of paragraph 16.

1.17   Paragraph 17 does not require a response.

1.18   The District is without sufficient knowledge or information to admit or deny the truth of the averments in paragraph 18 as to the operation of the City of Houston MBE program as stated.

1.19   The District is without sufficient knowledge or information to admit or deny the truth of the averments in paragraph 18 as to the operation of the City of Houston MBE program as stated.

1.20   The District is without sufficient knowledge or information to admit or deny the truth of the averments in paragraph 18 as to the operation of the City of Houston MBE program as stated.

1.21   The District is without sufficient knowledge or information to admit or deny the truth of the averments in paragraph 18 as to the operation of the City of Houston MBE program as stated.

1.22   The District is without sufficient knowledge or information to admit or deny the truth of the averments in paragraph 18 as to the operation of the City of Houston MBE program as stated.

1.23    The District is without sufficient knowledge or information to admit or deny the truth of the averments in paragraph 18 as to the operation of the City of Houston MBE program as stated.

1.24    The District is without sufficient knowledge or information to admit or deny the truth of the averments in paragraph 18 as to the operation of the City of Houston MBE program as stated.

1.25    The District is without sufficient knowledge or information to admit or deny the truth of the averments in paragraph 18 as to the operation of the City of Houston MBE program as stated.

1.26    The District is aware that the City conducted a disparity study in 2012 related to construction contracts in addition to the disparity study conducted in 2006. The District denies the remaining allegations in paragraph 26.

1.27    The District does not have sufficient information to admit or deny the averments in paragraph 27.

1.28    The District admits the averments in paragraph 28.

1.29    The District does not have sufficient information about the contractual relationship between the City and Landscape Consultants to admit or deny the averments in paragraph 29.

1.30    The District denies the averments in paragraph 30.

1.31    The District denies the averments in paragraph 31.

1.32    The District denies the averments in paragraph 32.

1.33    Paragraph 33 does not require a response, but the District denies the averments in paragraph and all liability to Plaintiffs.

1.34    The District denies the averments in paragraph 34 as stated.

1.35    The District admits the averments in paragraph 35.

1.36    The District admits the averments in paragraph 36.

1.37    The District admits the averment in paragraph 37 that businesses that are not certified MWDBEs can never receive these ten points and denies the remaining averments.

1.38    The District denies the averments in paragraph 38.

1.39    The District admits the averment in paragraph 39.

1.40    The District does not have sufficient information about the ownership of Plaintiffs to admit or deny the averments of paragraph 40.

1.41    The District admits the averments in paragraph 41.

1.42    The District admits the averments in paragraph 42.

1.43    The District admits the averments in paragraph 43 to the extent that the unredacted portions of the chart presented in this paragraph match the chart produced by the District as part of its disclosures as document MMD 00001.  The District does not have information to form a belief as to what may appear under the redacted

portions of this chart if the redacted portions do not conform to document MMD 00001.

1.44   The District denies the allegations of paragraph 44.

1.45   The District does not have information about Plaintiff's desires to bid on future contracts to form a belief about such a desire as expressed in paragraph 45. The District denies the remaining averments of paragraph 45.

1.46   The District denies the averments of paragraph 46.

1.47   Paragraph 47 does not require a response as it incorporates the preceding paragraphs. The District refers to the responses made to the preceding paragraphs above.

1.48   The District is without sufficient knowledge or information to form a belief about the truth of the averments and allegations about the City of Houston's MWSBE program as presented in paragraph 48.

1.49   Paragraph 49 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.49   Paragraph 49 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.50  Paragraph 50 asserts a legal conclusion that does not need to be admitted or denied.  To the extent that a response is required, the District denies the averments and allegations.

1.51  Paragraph 51 asserts a legal conclusion that does not need to be admitted or denied.  To the extent that a response is required, the District denies the averments and allegations.

1.52  Paragraph 52 asserts a legal conclusion that does not need to be admitted or denied.  To the extent that a response is required, the District denies the averments and allegations.

1.53  Paragraph 53 asserts a legal conclusion that does not need to be admitted or denied.  To the extent that a response is required, the District denies the averments and allegations.

1.54  Paragraph 54 asserts a legal conclusion that does not need to be admitted or denied.  To the extent that a response is required, the District denies the averments and allegations.

1.55  Paragraph 55 asserts a legal conclusion that does not need to be admitted or denied.  To the extent that a response is required, the District denies the averments and allegations.

1.56     Paragraph 56 does not require a response as it incorporates the preceding paragraphs. The District refers to the responses made to the preceding paragraphs above.

1.57    The District denies the averments and allegations of paragraph 57.

1.58    Paragraph 58 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.59    Paragraph 59 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.60    Paragraph 60 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.61    Paragraph 61 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.62    Paragraph 62 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.63     Paragraph 63 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.64     Paragraph 64 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.65     Paragraph 65 does not require a response as it incorporates the preceding paragraphs. The District refers to the responses made to the preceding paragraphs above.

1.66     Paragraph 66 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.67     Paragraph 67 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.68     Paragraph 68 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.69 Paragraph 69 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.70 Paragraph 70 does not require a response as it incorporates the preceding paragraphs. The District refers to the responses made to the preceding paragraphs above.

1.71 Paragraph 70 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.72 Paragraph 72 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.73 Paragraph 73 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.74 Paragraph 74 asserts a legal conclusion that does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations.

1.75 Paragraph 1 in the Prayer for Relief section of the Complaint contains a statement of relief sought, which does not need to be admitted or denied. To the

extent that a response is required, the District denies the averments and allegations and denies that the Plaintiffs are entitled to any relief sought from the City or the District.

1.76 Paragraph 2 in the Prayer for Relief section of the Complaint contains a statement of relief sought, which does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations and denies that the Plaintiffs are entitled to any relief sought from the City or the District.

1.77 Paragraph 3 in the Prayer for Relief section of the Complaint contains a statement of relief sought, which does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations and denies that the Plaintiffs are entitled to any relief sought from the City or the District.

1.78 Paragraph 4 in the Prayer for Relief section of the Complaint contains a statement of relief sought, which does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations and denies that the Plaintiffs are entitled to any relief sought from the City or the District.

1.79 Paragraph 5 in the Prayer for Relief section of the Complaint contains a statement of relief sought, which does not need to be admitted or denied. To the

extent that a response is required, the District denies the averments and allegations and denies that the Plaintiffs are entitled to any relief sought from the City or the District.

1.80 Paragraph 6 in the Prayer for Relief section of the Complaint contains a statement of relief sought, which does not need to be admitted or denied. To the extent that a response is required, the District denies the averments and allegations and denies that the Plaintiffs are entitled to any relief sought from the City or the District.

## II. General Denial

2.1. Defendant Midtown Management District enters a general denial of matters pleaded by Plaintiffs and requests that the court require the Plaintiffs to prove their charges and allegations by a preponderance of the evidence as required by the U.S. CONSTITUTION, TEXAS CONSTITUTION and laws of the State of Texas and the United States of America

## III. Affirmative Defenses

3.1 As set forth in more detail in the District's Motion to Dismiss, this court lacks subject matter jurisdiction to hear both Plaintiffs' claims brought under 42 U.S.C. §1981. Section 1981 does not provide an independent cause of action against local government entities. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-33

(1989); *see Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 463 (5th Cir. 2001) (section 1981 does not provide "a remedial cause of action against local government entities.")

3.2. The District asserts that Landscape Consultants failed to state a claim as to any of its causes of action against the District as stated in further detail in the District's motion to dismiss. Landscape Consultants' claims for relief against the District should fail because Landscape Consultants failed to establish "the loss of an actual, not speculative contract interest." *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001).

3.3 The District contends that its disadvantaged business program does not violate the Fourteenth Amendment of the U.S. Constitution and that the application of this program has not deprived Plaintiffs of equal protection under the law. Local governmental entities such as the District have the authority to eradicate the effects of historic discrimination and private discrimination without their own legislative jurisdiction. *See City of Richmond v. J.A. Croson Co.,* 488 U.S. 469, 491-92 (1989). Further, the District adopted its disadvantaged business program because it was specifically required by the Texas Legislature to establish one or more programs designed to increase participation by disadvantaged businesses in public contract awards. Tex. Local Gov't Code §375.221(b). The Texas Legislature further directed

that the District's program shall be structured to further remedial goals and shall be established to eradicate the effects of any prior discrimination. Tex. Local Gov't Code §375.221(b). The Texas Legislature therefore already determined that there was prior discrimination that violated the Constitution in enacting these laws requiring the District to create and operate its disadvantaged business program.

3.4    The District contends that all or part of the Plaintiffs' claims are barred by the doctrine of sovereign immunity.

3.5    The District contends that Landscape Consultants does not have standing to bring its claims against the District in this action. Landscape Consultants has not shown that it is able and ready to bid on District contracts, but the allegedly discriminatory policy of the District prevents Landscape Consultants from bidding on an equal basis. See *Northeastern Florida Chapter of the Associated General Contractors*, 508 U.S. 656, 666 (1993).

3.6    The District contends that the Plaintiffs are not entitled to receive any injunctive relief. The Plaintiffs are unable to show that they meet the elements required to receive injunctive relief, which include that the Plaintiffs must prevail on the merits and demonstrate that the Plaintiffs have suffered irreparable injury and have no adequate remedy at law. *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 847 (5th Cir. 2004)(citations omitted)

## IV. Midtown Management District's Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Midtown Management District respectfully prays that on final hearing of this cause, it be adjudged that Plaintiffs take nothing against Midtown Management District and that Midtown Management District be discharged with its costs and for all such other and further relief to which it may be justly entitled.

DATED: January 26, 2024

        Respectfully submitted,

        HARRIS HILBURN P.L.L.C.

        /s/ *Britton B. Harris*

        Britton B. Harris
        Attorney in Charge
        So. Dist. of Texas No. 00021
        Texas Bar. No. 09054500
        bharris@hhstxlaw.com
        1111 Rosalie
        Houston, Texas 77004
        Telephone: (713) 223-3936
        Facsimile: (713) 224-5358
        **Attorneys for Defendant**
        **Midtown Management District**

OF COUNSEL:
Brett J. Sileo
So. Dist. Of Texas No. 22560
Texas Bar No. 00794634
bsileo@hhstxlaw.com

17

Harris Hilburn, PLLC.
1111 Rosalie
Houston, Texas 77002
Telephone: (713) 223-3936
Facsimile: (713) 224-5358

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system following the Federal Rules of Civil Procedure, on January 26, 2024.

                                     /s/ *Britton B. Harris*
                                     Britton B. Harris