UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 |

## CITY OF HOUSTON'S OPPOSED MOTION FOR STAY

The City of Houston files this Motion to Stay pending the City's receipt and review of a pending disparity study, and enactment of amendments to Chapter 15, Article 5 of the City's Code of Ordinances consistent with that study. Plaintiffs challenge a City ordinance and City program that are on the verge of overhaul—a stay is appropriate until such time as the ordinance Plaintiffs challenge is updated and the City's new policy is confirmed.

Plaintiffs are opposed. Midtown Management District is unopposed.

## BACKGROUND

Plaintiffs' suit challenges the constitutionality of the City of Houston's Minority Business Enterprise (MBE) program.[1] That program is codified in Chapter 15 of the City of Houston Code of Ordinances. *See* Plaintiffs' Complaint (Pls' Compl.), Doc. No. 1, at ¶¶ 15-28. Specifically, Plaintiffs complain of "contract-specific percentage goals" for certain types of contracts, set out in Chapter 15, and "citywide overall goal[s]" for MBE participation for contracts. *See* Doc No. 1 at

---

[1] Although the City administers a program pertaining to minority, women, and small business enterprises, Plaintiffs "do not challenge the City's preference program for either woman-owned business enterprises or small business enterprises." Doc. No. 1, at ¶ 17.

1

¶¶ 20-21. Plaintiffs contend the City lacks a compelling governmental interest justifying its MBE program, and that absent injunctive and declaratory relief they will "continue to be harmed in the future by the City's MBE program." Doc No. 1 at ¶ 54. Plaintiffs ask the Court to declare the City's MBE program unconstitutional and enjoin the City's further operation of its MBE program.

Plaintiffs allege the City's most recent disparity study is dated December 31, 2006. Doc. No. 1 at ¶ 26. However, Plaintiffs also note "[¶t]he City recently engaged a consulting firm to provide a new disparity study." Doc. No. 1 at ¶ 28. Specifically, on March 28, 2023 (months before Plaintiffs filed suit on September 20, 2023), the City of Houston contracted MGT of America Consulting, LLC ("MGT") to conduct a Disparity Study Analysis. Affidavit of Cylenthia Hoyrd at ¶ 5 *attached hereto as Exhibi*t "*A*". The purpose of that analysis is to determine if a disparity exists in awarding public contracts to businesses owned and operated by minorities and women that are qualified and available to perform or provide various services to the City of Houston. *Id.*

MGT is expected to provide its study to the City of Houston's administration for review by May 1, 2024. *Id.* at ¶ 6. Upon receipt of the study, the City's administration will review the study and make recommendations to City Council based on the study's findings. *Id.* at ¶ 7. The likely outcome of this review and recommendation process is an amendment and update to Chapter 15, Article 5 of the City of Houston's Code of Ordinances. *Id.* However, to allow time for the administration's review and for consideration and adoption by City Council, no updates to the Code are anticipated before September of 2024. *Id.*

Because the City's review of the new disparity study and adoption of an updated ordinance incorporating the results of that disparity study will take a few months, a brief stay is warranted to allow for that work to be done. To the extent Plaintiffs' complaints have not been mooted following the adoption of the City's new ordinance, all parties will at least be on the same page concerning

the actual policy at issue. Accordingly, the City requests a stay until such time as the City Council of the City of Houston receives and takes formal action to amend and/or update Chapter 15 of the City of Houston Code of Ordinances, following City Council's receipt and consideration of the Administration's recommendations based on the findings of the new study.

## LEGAL STANDARD

The Court has the inherent authority to control its docket. *See, e.g. United States v. Colombo*, 419 F.3d 292, 299 (5th Cir. 2005) (discussing the scope of the court's inherent powers to control its docket and giving numerous illustrations of how courts exercise this power); *see also* FED. R. CIV. P. 26(c). The principles of efficiency, fairness, and federalism should drive the Court's exercise of its inherent authority regarding whether to stay this case. *See Sherwin-Williams Co. v. Holmes Cnty.,* 343 F.3d 383, 390-91 (5th Cir. 2003). In the declaratory judgment context (as is the case here), the propriety of a stay is "based on considerations of wise judicial administration" and factors derived from *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).[2] *See Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005); *Sherwin-Williams Co.*, 343 F.3d at 390-91; *Liberty Mut. Ins. Co. v. Jack Raus Inc.*, No. H-06-1595, 2007 WL 556896, at *2 (S.D. Tex. Feb. 14, 2007).

## ARGUMENT

A brief stay of this litigation until the fall is warranted because the policy Plaintiffs challenge is about to change—potentially mooting Plaintiffs' claims outright, but certainly reshaping the contours of this litigation. The Court should briefly stay these proceedings to allow

---

[2] Cases in the *Brillhart* line generally deal with a federal court determining whether or not to stay its proceedings given the parallel pendency of a state action presenting the same issues between the same parties. *Brillhart*, 316 U.S. at 495. No state action is pending here—but the concerns of "fairness and efficiency" informing such a discretionary stay are certainly present here given imminent City Council action informed by the new disparity study. *Am. Guar. & Liab. Ins. Co.*, 408 F.3d at 251, n. 15.

3

the City time to review, consider, and implement the findings from the City's new disparity study into Chapter 15 of the City of Houston Code of Ordinances. The new disparity study—which was underway before Plaintiffs filed suit—will likely necessitate amendments and updates to the City ordinance Plaintiffs challenge. Fundamentally, Plaintiffs are seeking an injunction and declaration concerning the constitutionality of an ordinance that, as of this fall, will not exist in its current form.

Plaintiffs will not be prejudiced by a stay.[3] Discovery has barely begun, and experts have not yet been designated. Paying experts, conducting discovery, and presenting witnesses for depositions, all in the context of a soon-to-be-amended City ordinance utilizing a disparity study that has not yet (but will soon be) adopted, is inefficient and a wasteful use of judicial resources.

A stay is in the interest of judicial economy and in furtherance of the democratic process. Permitting the City of Houston's elected officials time to consider the new disparity study and amend or update the policy Plaintiffs challenge will allow this litigation to proceed (if at all) with regards to the "live" policy at issue. The alternative—time and expense wasted on litigating the constitutionality of a City ordinance based on evidence that will imminently change—is in no one's interest.

## **CONCLUSION**

The City of Houston respectfully requests the Court grant this Motion, staying this case in its entirety, until such time as the City Council of the City of Houston receives and takes formal action to amend and/or update Chapter 15 of the City of Houston Code of Ordinances, as informed by the results of the new disparity study.

---

[3] Notably, Landscape Management Consultants, Inc. has a current City of Houston contract, in effect to this day. *See* Doc. No. 1 at ¶ 29. And Metropolitan Landscape Management, Inc. alleges only that it is unable to secure future public contracts from Midtown Management District, not the City of Houston. Doc. No. 1 at ¶ 45.

       Respectfully submitted,

By:   */s/ Ben Stephens*
     Ben Stephens
     State Bar No. 24098472
     SDTX Bar No. 2898153
     ben.stephens@huschblackwell.com
     Sandy Hellums-Gomez
     State Bar No. 24036750
     SDTX Bar No. 561314
     sandy.gomez@huschblackwell.com
     Jarrett Dillard
     State Bar No. 24099801
     SDTX Bar No. 2980302
     jarett.dillard@huschblackwell.com

HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone:  (713) 647-6800
Facsimile:  (713) 647-6884

     */s/ Darah Eckert*
     Darah Eckert
     Senior Assistant City Attorney
     State Bar No. 24007141
     SDTX Bar No. 1890045
     darah.eckert@houstontx.gov
     Lori J. Yount
     Senior Assistant City Attorney
     State Bar No. 2209496
     SDTX Bar No. 24084592
     lori.yount@houstontx.gov

ARTURO G. MICHEL
CITY ATTORNEY
SUZANNE R. CHAUVIN
CHIEF, GENERAL LITIGATION SECTION
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone:  (832) 393-6219
Facsimile:  (832) 393-6259

**ATTORNEYS FOR THE CITY OF HOUSTON**

5

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following on May 6, 2024, via the CM/ECF Filing system.

/s/ Ben Stephens
Ben Stephens

## CERTIFICATE OF CONFERENCE

I certify that attorneys representing the City of Houston conferred with counsel for Plaintiffs regarding the relief requested herein on April 18, 2024, and counsel for Plaintiffs stated this motion is unable to agree to the relief requested herein and is therefore opposed. Counsel for Midtown Management District is unopposed.

/s/ Ben Stephens
Ben Stephens