# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., | Civil Action No. 4:23-cv-03516 |
| *Plaintiffs*, | |
| v. | **PLAINTIFFS' OPPOSITION TO CITY OF HOUSTON'S MOTION FOR STAY** |
| CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, | |
| *Defendants*. | |

Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc., have challenged the City of Houston's and Midtown Management District's race-conscious contracting policies under the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983. ECF No. 1 at 2. *Eight months* after the case was filed—and only after it unsuccessfully attempted to dismiss the case, ECF No. 36—Houston now asks for an open-ended stay. ECF No. 41.

Houston hopes a stay will allow it to amass new evidence that can justify its racially discriminatory program, or, if necessary, enact a new racially discriminatory policy. Though the City characterizes its proposed stay as modest, it has asked for an open-ended stay that would last until whenever the City Council "takes formal action to amend and/or update Chapter 15 of the City of Houston Code of

1

Ordinances" *Id.* at 3. Houston's "modest" stay is not just indefinite, it is one-sided: the City wants both the benefit of having the lawsuit paused and the ability to continue discriminating against Plaintiffs and other Houston businesses in the meanwhile. *Cf. McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("stay orders will be reversed when they are found to be immoderate or of an indefinite duration").

That's not how civil rights litigation works. Houston was obligated to amass evidence justifying its race-based set-asides prior to enacting them, and it was obligated to rid itself of those discriminatory policies as soon as the evidence didn't support them. If the City agrees that its current race-based program lacks the evidence necessary to sustain it, it should agree to an entry of judgment. If the City believes it can satisfy strict scrutiny, then it should defend its policy. But the City has offered no reason to deprive Plaintiffs of judicial review now. A stay is not proper so the City can create the factual record it should already have, let alone the record it needs to justify some hypothetical *future* policy.

Denying a stay would impose no harm on Houston. The City has already admitted facts such that the case can be resolved on a motion for summary judgment. *See* ECF No. 44. For the same reason, denying a stay will not unnecessarily use judicial resources and in fact may save them, since the Court's decision might

provide guidance for the City regarding the demands of the Constitution. The motion to stay should be denied.

## STANDARD OF REVIEW

District courts have broad discretion to stay proceedings "in the interests of justice," *see, e.g.*, *Franciscan All., Inc. v. Burwell*, No. 7:16-CV-00108-O, 2017 WL 2964088, at *3 (N.D. Tex. Jan. 24, 2017); *McKnight v. Blanchard*, 667 F.2d at 479 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936)), but "the moving party bears a heavy burden to show why a stay should be granted." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985). In deciding whether to grant a stay, courts "must first identify a pressing need for the stay, and then balance those interests against interests frustrated by the action." *GeoTag, Inc. v. Georgio Armani Spa*, No. 2:10-CV-569, 2012 WL 12829997, at *2 (E.D. Tex. Aug. 27, 2012) (citation omitted).

When considering motions to stay, courts have weighed (1) the potential prejudice to the nonmoving party, (2) the hardship and inequity to the moving party if the action is not stayed, and (3) whether a stay would simplify the issues or otherwise save judicial resources. *GeoTag, Inc.*, 2012 WL 12829997, at *2; *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005); *Premier Int'l Associates LLC v. Hewlett-Packard Co.*, 554 F.Supp.2d 717, 724 (E.D. Tex. 2008). Each of these factors weigh against staying the case.

## ARGUMENT

**A. Plaintiffs would be prejudiced by a stay**

Granting a stay would significantly prejudice Plaintiffs because it would leave them subject to the challenged law indefinitely without any guarantee that the City will enact race-neutral measures, or even change its policy at all. This is no small injury—it's the whole point of the lawsuit and an injury that constitutes irreparable harm sufficient to secure a preliminary injunction. *Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F.Supp.3d 511, 529 (S.D. Tex. 2020). Even if the City ultimately enacts a new policy, if the Court declines to rule now, the City will be free to revert to its old policy in the future.

The Supreme Court has disapproved of litigation tactics aimed at evading judicial review, especially in the context of equal protection. For example, after the Supreme Court granted certiorari in *Northeastern Florida Chapter of Associated General Contractors v. City of Jacksonville*, 508 U.S. 656 (1993)—a procurement set-aside case much like this one—the City of Jacksonville repealed the ordinance and replaced it with a new discriminatory scheme. The Court expressly denied Jacksonville's attempt to moot the case, since refusing to address the constitutionality of the challenged program would have left the government free to revert to that scheme in the future. *Id.* at 662; *see also Opulent Life Church v. City*

4

*of Holly Springs*, 697 F.3d 279, 286 (5th Cir. 2012) (case not moot where City adopted new policy).

In *Northeastern Florida*, the Court declined to avoid ruling on the merits even though Jacksonville had ceased the challenged conduct. Here, Houston wants to avoid judicial review while *continuing the challenged conduct*. Thus, granting a stay would not only leave the City free to discriminate in the future, it leaves them free to discriminate now. That defeats the purpose of civil rights lawsuits and this Court should not countenance such gamesmanship.

**B. Denying a stay does not harm the City**

Houston argues that a stay will save the parties' resources because it might avoid discovery related to a policy that it may (or may not) change. ECF No. 41 at 4. But the City was obligated to gather evidence supporting its program prior to getting sued. *See, e.g.*, *Shaw v. Hunt*, 517 U.S. 899, 910 (1996) ("the institution that makes the racial distinction must have had a 'strong basis in evidence' to conclude that remedial action was necessary, '*before* it embarks on an affirmative-action program'") (citation omitted); *id.* at 909 (states or their subdivisions "must identify … discrimination, public or private, with some specificity *before* they may use race-conscious relief") (emphasis added); *Rothe Dev. Corp. v. U.S. Dep't of Def.*, 262 F.3d 1306, 1327–28 (Fed. Cir. 2001) ("[I]f the pre-reauthorization evidence is insufficient to maintain the program when the program is challenged as reauthorized,

the program must be invalidated, regardless of the extent of post-reauthorization evidence."). Turning over this evidence now and defending its policy does not constitute a hardship; it is simply what the Constitution requires. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'" sufficient to invoke a stay).

In any event, the case can be resolved expeditiously and without further discovery based on Plaintiffs' concurrently filed motion for summary judgment. ECF No. 44. Plaintiffs have already begun discovery and found that Houston has little to support its program. For instance, Houston has admitted that (1) it has no evidence of a prime contractor discriminating in the past five years, (2) it knows of no constitutional or statutory violation related to its public contract procurement process in the past five years, and (3) its program is based on a disparity study that is nearly two decades old. *See* ECF No. 44. The program is therefore blatantly unconstitutional, and the Court can say so now without the need for further factual development.

### C. Granting a stay will not narrow the issues

Motions for a stay typically arise when there is a pending judicial action that directly bears on the case at hand and granting a stay until that action is resolved would relieve the parties of a hardship or save judicial resources. *See, e.g.*, *Soverain*

*Software*, 356 F.Supp.2d at 662 (motion for stay in patent dispute pending reexamination of the patent by the Patent and Trade Office); *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir. 2004) (motion for stay of removal action against alien pending review of denial of asylum application); *Schabbing v. Teva Pharms. USA, Inc.*, No. 4:20-CV-761, 2020 WL 7396526, at *1 (E.D. Tex. Dec. 17, 2020) (motion for stay pending transfer decision by the Judicial Panel on Multidistrict Litigation); *Bennett On-Site Servs., LLC v. Vestas-Am. Wind Tech., Inc.*, No. 7:21-CV-00053-O-BP, 2021 WL 8014672, at *1 (N.D. Tex. Aug. 12, 2021) (motion to stay pending resolution of arbitration); *Mizell v. Conn Appliances, Inc.*, No. 4:15-CV-550, 2017 WL 4347702, at *1 (E.D. Tex. Sept. 28, 2017) (motion to stay pending decision in another court on dispositive issue); *Janvey v. Alguire*, No. 3:09-CV-0724-N, 2012 WL 11956130, at *1 (N.D. Tex. Aug. 30, 2012) (motion to stay civil proceedings during the pendency of parallel criminal proceedings). Houston's motion is different in kind: the City seeks a stay solely so that it may consider amending its policy. It has not pointed to any date where the City Council has committed to reviewing its policy, and it has certainly not committed to enacting a race-neutral policy. Houston hopes to have its cake and eat it too: maybe it will amend its policy; maybe it will repeal it; maybe it will do nothing. And while the City weighs its options, it wants to continue discriminating under the policy that is currently in place. Accordingly,

7

and unlike in other cases, a stay will not necessarily save judicial resources, but instead deprive Plaintiffs of a decision on the merits indefinitely.[1]

### D. The case against Midtown Management District should move forward regardless

As Houston previously pointed out, Midtown Management District is a completely distinct entity from the City. ECF No. 18 at 4, 6. Plaintiffs' claims against Midtown therefore involve a separate policy promulgated by a completely different body based on separate justifications that requires separate discovery. *See* ECF No. 1. And unlike Houston, Midtown Management District has not given any intention of revising its policy. Thus, regardless of whether the Court grants a stay of the proceedings against Houston, discovery against Midtown Management District should continue.

## CONCLUSION

For the foregoing reasons, Defendant City of Houston's motion for stay should be denied.

---

[1] If anything, a concern for this Court's resources weighs in favor of denying the stay. The City's MWSBE Program is plainly unconstitutional, and the Court can rule on it now. Plaintiffs' concurrently filed motion for summary judgment gives the Court the opportunity to relieve the City of its continuing discovery obligations and would offer the City guidance on enacting a future policy that is not so plainly violative of the Constitution.

DATED: May 28, 2024.

Anastasia Boden
*Of Counsel*
Cal. Bar No. 281911
S.D. Tex. Bar No. 3495077
Joshua P. Thompson*
*Of Counsel*
Cal. Bar No. 250955
Pacific Legal Foundation
555 Capitol Mall
Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
aboden@pacificlegal.org
jthompson@pacificlegal.org

*Pro Hac Vice

Respectfully submitted,

s/ Erin E. Wilcox
Erin E. Wilcox
*Attorney-in-Charge*
Cal. Bar No. 337427
S.D. Tex. Bar No. 3369027
Pacific Legal Foundation
555 Capitol Mall
Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
ewilcox@pacificlegal.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2024, I served this document via the Court's electronic filing system to Defendants' counsel of record as follows:

Lori Yount
Senior Assistant City Attorney
Darah Eckert
Senior Asst. City Attorney, General Litigation Section
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, TX 77002
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Ben Stephens
Sandy Hellums-Gomez
Jarrett Dillard
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
ben.stephens@huschblackwell.com
sandy.gomez@huschblackwell.com
jarrett.dillard@huschblackwell.com
*Counsel for City of Houston*

Brett J. Sileo
Britton B. Harris
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, Texas 77004
bsileo@hhstxlaw.com
bharris@hhstxlaw.com
*Counsel for Midtown Management District*

s/ *Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation