UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 |

**DEFENDANT CITY OF HOUSTON, TEXAS'
RESPONSES TO PLAINTIFFS' INTERROGATORIES**

TO: Plaintiffs Landscape Consultants of Texas, Inc. and Metropolitan Landscape Management, Inc., by and through their counsel of record.

Defendant City of Houston, Texas ("Defendant" or "the City") submits this as its Responses to Plaintiffs' Interrogatories.

*-signatures follow-*

HB: 4894-9593-3369.1

1

EXHIBIT 1

Respectfully submitted,

By:   /s/ Ben Stephens
     Ben Stephens
     State Bar No. 24098472
     SDTX Bar No. 2898153
     ben.stephens@huschblackwell.com
     Sandy Hellums-Gomez
     State Bar No. 24036750
     SDTX Bar No. 561314
     sandy.gomez@huschblackwell.com
     Jarrett Dillard
     State Bar No. 24099801
     SDTX Bar No. 2980302
     jarett.dillard@huschblackwell.com

HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone:   (713) 647-6800
Facsimile:   (713) 647-6884

     /s/ Darah Eckert
     Darah Eckert
     Senior Assistant City Attorney
     State Bar No. 24007141
     SDTX Bar No. 1890045
     darah.eckert@houstontx.gov
     Lori J. Yount
     Senior Assistant City Attorney
     State Bar No. 2209496
     SDTX Bar No. 24084592
     lori.yount@houstontx.gov

ARTURO G. MICHEL
CITY ATTORNEY
SUZANNE R. CHAUVIN
CHIEF, GENERAL LITIGATION SECTION
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone:   (832) 393-6219
Facsimile:   (832) 393-6259

**ATTORNEYS FOR THE CITY OF HOUSTON**

2

HB: 4894-9593-3369.1

EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May, 2024, a true and correct copy of Defendant City of Houston, Texas' Responses to Plaintiffs' Interrogatories was served on counsel of record by email.

                                          */s/ Ben Stephens*
                                          Ben Stephens

EXHIBIT 1

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons who contributed or consulted in the preparation of answers to these interrogatories and indicate the interrogatory or interrogatories for which they were consulted.

### OBJECTIONS:

The City of Houston objects to this Interrogatory to the extent that it seeks the disclosure of communications protected by the attorney-client or work-product privileges.

### ANSWER:

The City of Houston prepared these answers with the advice and assistance of counsel. Marsha Murray and Cylenthia Hoyrd provided information for the answers contained herein.

### INTERROGATORY NO. 2:

Identify all documents referred to or examined in the preparation of the answers to these interrogatories and indicate the interrogatory or interrogatories for which each document was referred to or examined.

### OBJECTIONS:

The City of Houston objects to this interrogatory as overly broad, unduly burdensome, and imposing burdens beyond those required by the Federal Rules of Civil Procedure. The City of Houston further objects to this interrogatory because, as phrased, it seeks the disclosure of communications protected by the attorney-client privilege.

### ANSWER:

Subject to and without waiving the foregoing objections, please see the City of Houston's responses to Plaintiff's requests for production. The City's production of documents is ongoing

4

EXHIBIT 1

and will continue on a rolling basis, and the City will supplement its response to this interrogatory as necessary and appropriate.

**INTERROGATORY NO. 3:**

Identify all City contracts that normally would have been awarded to the lowest responsive and responsible bidder, but were instead awarded to a business other than the lowest responsive and responsible bidder, from January 1, 2019, to present.

**OBJECTIONS:**

The City objects that this request is overbroad, unduly burdensome, and seeks information not proportional to the needs of the case. The request is vague and ambiguous in that it seeks information pertaining to "lowest responsive and responsible bidders," but fails to specify which specific contracts are at issue. The competitive procurement process is not always based on a "lowest responsive and responsible bidder" standard, and bidders may or may not be awarded a contract for any number of reasons. Accordingly, this request is confusingly phrased and is not capable of being answered as written.

**INTERROGATORY NO. 4:**

Identify each compelling interest you contend is advanced by the MWSBE Program.

**OBJECTIONS:**

The City of Houston objects to this interrogatory as improperly asking the City to state all assertions and/or marshal all available evidence. Discovery is ongoing and the City's answer to this interrogatory will be supplemented as necessary or appropriate.

**ANSWER:**

Subject to and without waiving the foregoing, the City of Houston's MWSBE Program has been designed to mitigate and remedy the effects of past discrimination and its lingering effects against minority and women-owned businesses, and to make public contracting opportunities equally available to such businesses. The compelling interests advanced by the MWSBE program include the City of Houston's attempts to remedy past discrimination by rectifying its own actions. Evidence demonstrates discriminatory barriers to fair competition between minority and non-minority contractors. As such, the City of Houston strives to be inclusive of all minority and non-minority contractors.

**INTERROGATORY NO. 5:**

Identify all City contractors or other business enterprises sanctioned or penalized by the City, including pursuant to Houston Code §15-86, for discriminating against subcontractors on the basis of race, ethnicity, or sex from January 1, 2019, to present.

**OBJECTIONS:**

The City objects that "sanctioned" and "penalized" are vague, ambiguous, and undefined. The City further objects that this interrogatory seeks information neither relevant nor proportional to the needs of the case.

**RESPONSE:**

The City has not debarred a public contractor for discrimination against M/WBE subcontractors from January 1, 2019 to the present.

EXHIBIT 1

**INTERROGATORY NO. 6:**

Identify all City employees or officials who have been investigated or sanctioned for discriminating in procurement or the award of City contracts on the basis of the contractor's race, ethnicity, or sex from January 1, 2019, to present.

**OBJECTIONS:**

The City objects that "investigated" and "sanctioned" are vague, ambiguous, and undefined. The City further objects that this interrogatory seeks information neither relevant nor proportional to the needs of the case.

**ANSWER:**

Subject to and without waiving the foregoing objections, none.

**INTERROGATORY NO. 7:**

Identify each specific, past violation of the U.S. Constitution or statute that the MWSBE Program is intended to remedy.

**ANSWER:**

Please refer to the answer to Interrogatory No. 4, and please refer to Chapter 15, Article V of the City of Houston Code of Ordinances. The City does not contend that the MWSBE program is intended to remedy any single specific, past violation of the U.S. Constitution. Rather, a strong basis in evidence of past constitutional or statutory violations exists—specifically, past racial and/or gender discrimination. The City of Houston has a disparity study supporting this conclusion.

**INTERROGATORY NO. 8:**

Identify each way the MWSBE program is narrowly tailored to remedy each violation identified in Interrogatory No. 7.

**ANSWER:**

Please refer to Chapter 15, Article V of the City of Houston Code of Ordinances, specifying, among other things, the public policy underlying the MWSBE program; reporting requirements for the measurement of application of the program; establishing and defining the responsibilities of the Office of Business Opportunity; defining the obligations of department directors in connection with the program; providing criteria for the determination of established business enterprise status; and provide instructions for notice, appeal, and waiver determinations.

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br><br>Defendants. | Civil Action No. 4:23-cv-03516 |

THE STATE OF TEXAS    §
                     §    **A F F I D A V I T**
COUNTY OF HARRIS     §

BEFORE ME, the undersigned authority, on this day personally appeared CYLENTHIA HOYRD, Interim Director, Office of Business Opportunity, City of Houston, Texas, who, being first duly sworn, upon her oath, deposed and said:

> "My name is CYLENTHIA HOYRD. I am the Interim Director of the City of Houston's Office of Business Opportunity. I am authorized to make the Answers to Plaintiffs' Interrogatories Nos. 1, 4, and 5. I hereby swear that such statements contained in those answers to Plaintiffs' Interrogatories are true and correct based on my personal knowledge."

_____
CYLENTHIA HOYRD

SUBSCRIBED AND SWORN TO before me on this 6 day of May, 2024.

Michelle Bradley
MY COMMISSION EXPIRES
February 24, 2027
NOTARY ID: 13422093-9

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

EXHIBIT 1

<u>**AFFIDAVIT OF CYLENTHIA HOYRD**</u>

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me, the undersigned notary, on this day personally appeared Cylenthia Hoyrd, who, being duly sworn by me, deposed and stated under oath as follows:

1. "My name is Cylenthia Hoyrd. I am over 18 years of age, am of sound mind, have never been convicted of a crime, and am capable of making this affidavit. The facts stated in this affidavit are true and correct as they are based on my personal knowledge.

2. I am currently the Interim Director of the City of Houston's Office of Business Opportunity. Prior to my appointment on March 29, 2024, I served as the Deputy Director of the Office of Business Opportunity for approximately one year. I also worked for the City of Houston from 2011 to 2017 as an Administration Manager.

3. As a City of Houston (the "City) employee I have negotiated contracts, assisted in updating City ordinances, managed the build-out and renovation of public facilities, prepared audits, and provided staff supervision and training. Along with my duties, I have had the opportunity serve in the following units associated with the City:

    i. The City of Houston's Department Services, which serves as the unit that assists with contract specific settings and goal waivers;

    ii. The City of Houston's Certification & Designations Division where my duties focused on reviewing and approving applications for certification with the City of Houston;

    iii. Contract Compliance Division, which monitors all city contracts for labor, prevailing wages, and goal compliance with the Minority and Women-owned Small Business Enterprises ("MWSBE"), which ultimately hears and adjudicates appeals in accordance with the MWSBE certification and determination processes; and

    iv. External Affairs Division, which promotes education and capacity building for small underutilized and underserved businesses.

4. During my current employment with the Office of Business Opportunity I have managed the monitoring system and augmentation for prime level contracts with MWSBE goals and decided appeals on MWSBE certification appeals.

5. As the Interim Director I am familiar with MGT OF AMERICA CONSULTING, LLC ("MGT"). The City of Houston contracted MGT to conduct a Disparity Study Analysis

EXHIBIT 1

(the "Study") on March 28, 2023. The overall purpose of the Study is to understand the effects of race, ethnicity and gender. The Study and its corresponding results are based on a respective business' ability to conduct business in the City's marketplace, determining if a disparity exists in awarding contracts to businesses owned and operated by minorities and women that are qualified and available to furnish various services to the City.

6. MGT is expected to provide its Disparity Study to the City of Houston's Administration by May 1, 2024.

7. Once this study is delivered, the City's Administration will review the study and make recommendations based the City's standing ordinance, and department policies and procedures. Based on history and my experience, the City will update Chapter 12, Section 5 of the City of Houston Ordinances to reflect the Study's findings. However, I do not anticipate that any updates to City Ordinances will be completed before September of 2024, as any recommendations concerning changes to the City's Ordinances will need to be reviewed and approved by City Counsel.

Further, Affiant sayeth not.

_____
Cylenthia Hoyrd

Title: Interim Director

SUBSCRIBED AND SWORN TO before me on this 6th day of May, 2024.

Michelle Bradley
MY COMMISSION EXPIRES
February 24, 2027
NOTARY ID: 13422093-9

Notary Public
In and for the State of Texas

(Seal)

2

EXHIBIT 1