UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 |

**CITY OF HOUSTON'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL**

COMES NOW, Defendant City of Houston, Texas (hereinafter "Defendant" and/or the "City"), asking the Court to deny Plaintiffs Landscape Consultants of Texas ("Landscape") and Metropolitan Landscape Management, Inc. ("Metro Management") (collectively hereinafter referred to as "Plaintiffs") Opposed Motion to Compel (Doc. No. 48).

**INTRODUCTION**

This lawsuit, and various others like it filed around the county and within the State of Texas in recent months, questions whether the City of Houston has a basis in evidence to administer a Minority, Women, and Small Business Enterprise ("MWSBE") program, consistent with the Supreme Court's blessing of programs intended to eradicate the effects of historic discrimination and private discrimination within the City's jurisdiction. *See City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 491-92 (1989). In furtherance of their contention that the City's program is unconstitutional, Plaintiffs seek to compel an incomplete draft of a disparity study prepared between 2016 and 2020, but never finalized nor adopted by the City.

1

The incomplete disparity study has no relevance to Plaintiffs' claims. Plaintiffs seemingly acknowledged as much in moving for summary judgment based solely on the alleged invalidity of the current disparity study underlying the City's MWSBE ordinance (the "2006 Study"). Plaintiffs' Motion for Summary Judgment was denied, and Plaintiffs now claim the incomplete draft study is necessary to resolution of their claims. Specifically, Plaintiffs claim the abandoned study is necessary to permit Plaintiffs to determine "both whether racial disparities exist in Houston's public contract awards and whether ongoing racial discrimination exists." *See* Doc No. 48 at 8.

But—as the sources upon which Plaintiffs rely confirm[1]—the study sought in this Motion to Compel was never completed by the contractor, was never adopted by the City, and as a result was not, and could not have been, informed the City's decision-making at the time of Plaintiffs' alleged injuries.

The City simply never utilized the incomplete study in support of its MBE program. Nor did the City rely on information derived from that study in opposition to Plaintiffs' motion for summary judgment. Incomplete drafts of a study the City never utilized are not probative of anything, and risk confusing, rather than clarifying, the central issue in this suit.

Because an incomplete draft study is not "evidence" of discrimination or a lack thereof, because discovery pertaining to an incomplete study is wasteful, burdensome, and expensive, and because the draft study is irrelevant to Plaintiffs' claims, the City respectfully requests the Court deny Plaintiffs' Motion to Compel.

---

[1] *See, e.g.* Matt Sledge, "Houston paid $821,000 for a contracting study it later scrapped, officials won't say why," *Houston Landing* (Aug. 25, 2023), https://houstonlanding.org/houston-paid-821000-for-a-contracting-study-it-later-scrapped-officials-wont-say-why/ (cited by Plaintiffs at Doc No. 48, p. 5).

## ARGUMENT AND AUTHORITIES

The scope of permissible discovery embraces only "relevant evidence." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993); FED. R. CIV. P. 26(b)(1). The Court enjoys broad discretion in shaping the contours of relevant evidence, but in the exercise of that discretion, the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

### A.     An incomplete draft study is not "evidence" of racial discrimination.

The United States Supreme Court has clearly delineated that the government may employ race-based measures when necessary to dispel the effects of discrimination, so long as the government can point to evidence sufficient to create an inference of the government's active or passive participation in discrimination. *See Croson*, 488 U.S. at 493-94. Specifically, "a significant statistical disparity" between the availability and utilization of minority business by the City or private actors, that cannot be adequately explained by non-discriminatory factors, is sufficient circumstantial evidence to support such an inference. *Id.*

Per Plaintiffs, "[e]vidence that speaks to whether racial discrimination or racial disparities exist in Houston public contract awards is central to this case." *See* Doc No. 48, at 8. Plaintiffs' Motion to Compel is based on the faulty premise that an extraneous, incomplete, and never-adopted study is evidence of the significant statistical disparity that supports the City's MBE program. To the contrary, it is evidence of nothing with regards to the City's MBE ordinance, properly adopted and administered based on a completely different statistical analysis.

Moreover, the City declined to adopt the incomplete draft study and made no findings

regarding the study's outcomes. A disparity study never adopted by the City has no probative value in evaluating the constitutionality of the City's program. *See W.H. Scott Const. Co., Inc. v. City of Jackson, Miss.*, 199 F.3d 206, 218 (5th Cir. 1999) (considering an unadopted study upon which the City relied to defend its program, and concluding that "whatever probity the study's findings might have had on our analysis is of no moment" given "the City refused to adopt the study when it was issued in 1995."). Here, the City has never previously attempted to rely on the incomplete draft study as evidentiary support for its MBE program. To the contrary, as Plaintiffs acknowledge, the City never adopted the study, terminated the prior contractor, and commissioned a new study. Doc No. 48, at 5-6. The disparity study underpinning the City's program at the relevant time frame for this lawsuit was the 2006 disparity study—not an incomplete draft study the City never adopted.

Nor does the City rely on the incomplete draft study in this lawsuit. In opposition to Plaintiffs' Motion for Summary Judgment, the City of Houston put forward the 2006 disparity study, adopted by the City and containing particularized findings regarding racial discrimination in public contracting.[2] The City also urged the Court to refrain from a final decision on the merits, given that the City is currently in the process of reviewing and adopting a new disparity study. The City *did not* attempt—and has never attempted—to use the incomplete draft study from 2020 as evidentiary support for its MBE program. As in *W.H. Scott*, where the district court properly declined to consider a never-adopted disparity study as support for Jackson, Mississippi's MBE program, the never-adopted 2020 study Plaintiffs seek to compel is simply "of no moment." 199 F.3d at 218-19 ("Had the City adopted particularized findings of

---

[2] Significantly, Plaintiffs moved for a final summary judgment without the benefit of the incomplete draft study and without having made any effort to compel its production—a tacit concession that the incomplete study is not necessary to their claims and to the final relief on the merits they seek.

discrimination within its various agencies . . . our outcome today might be different."). None of the City's business practices utilized, relied on, or were informed by the incomplete study. It has no bearing on the Plaintiffs' alleged injuries.

This is particularly so when, as here, the City has a study from 2006 evidencing statistical disparities, and is also in the process of obtaining a new disparity study. The 2006 study was the disparity study undergirding the City's program when the ostensible injuries of which Plaintiffs' complain occurred, and the City provided Plaintiffs with that study. Confronted with that evidence, however, Plaintiffs opted against designating any experts to opine on either the 2006 study or the City's new study. It is Plaintiffs' burden—upon the City's making a *prima facie* showing of a significant statistical disparity and narrowly tailored racial classifications— to present "credible, particularized evidence" to rebut the City's showing. By designating no expert witnesses, Plaintiffs have all but conceded they will not attempt to make such a showing upon completion of the City's new disparity study, or as to the City's existing disparity study.

**B.     Discovery of an incomplete draft study is not proportional to the needs of the case.**

For the reasons stated above—the incomplete study is not "evidence"—discovery pertaining to the draft study is not relevant. But opening the door to discovery of the incomplete draft also runs the risk of leading the parties down a time-consuming, expensive, and ultimately wasteful path.

First, Plaintiffs have designated no expert witnesses in this matter. Analysis of an incomplete study by lay witnesses runs the risk of providing misleading information, unsupported conclusions, and confusing testimony. Even if Plaintiffs had retained expert witnesses to critique the City's evidence, expert testimony on an incomplete study would be a waste of the parties' time and of judicial resources. An incomplete report allows for too many

5

avenues of pointless inquiry, all of which would ultimately be irrelevant given that the City never adopted the analysis nor relied upon it in any public contracting decision-making. For that same reason, the City has not relied on the incomplete study in its defense of this suit.

Second, Plaintiffs' Motion to Compel makes clear that they seek the disparity study not for any legitimate reason, but because they believe the City "buried" the study for some unspecified motive. Even if this were true, it would not matter. The central question here is whether the City's MBE program is supported by statistical evidence of racial disparities in public contracting. An incomplete study the City never adopted is not statistical evidence.

Finally, the City is in the process of finalizing and adopting a new disparity study. Once adopted, the City will enact a new ordinances superseding the ordinance Plaintiffs currently challenge. Prior disparity studies—whether actually adopted by the City like the 2006 study, or never adopted by the City like the incomplete 2020 study—will similarly be superseded. Any limited relevance the incomplete study might have as of today (and the City does not concede it has any such relevance) would be obviated on the passage of a new MBE ordinance supported by new evidence.

      **C.**      **In the event the Court grants Plaintiffs' motion, fees are not warranted.**

The Court should deny Plaintiffs' motion. But in the event the Court determines otherwise, no award of fees against the City would be warranted. The City's objection to disclosure of the requested information is substantially justified for the reasons set forth in this brief. The incomplete draft study is simply not important to Plaintiffs' claims, having never been adopted by the City, never utilized in the City's public contracting processes, never relied on by the City in its business practices, and never having been utilized by the City in making a determination as to the propriety of the City's MBE ordinance or to any individual contracting

decision, including any contracting decision pertaining to the two plaintiffs in this case.

## **CONCLUSION**

The City's evidence of racial discrimination in public contracting may be found in a disparity study from 2006 and in the City's soon-to-be completed new disparity study. It cannot be found in an incomplete draft of a study the City never adopted, never relied on, and never utilized in making public contracting decisions. For those reasons, and the reasons set forth above, the City respectfully requests the Court deny Plaintiffs' Motion to Compel.

Respectfully submitted,

By: */s/ Ben Stephens*
Ben Stephens
State Bar No. 24098472
SDTX Bar No. 2898153
ben.stephens@huschblackwell.com
Sandy Hellums-Gomez
State Bar No. 24036750
SDTX Bar No. 561314
sandy.gomez@huschblackwell.com
Jarett Dillard
State Bar No. 24099801
SDTX Bar No. 2980302
jarett.dillard@huschblackwell.com

HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone:   (713)  647-6800
Facsimile:    (713)  647-6884

*/s/ Darah Eckert*
Darah Eckert
Senior Assistant City Attorney
State Bar No. 24007141
SDTX Bar No. 1890045
darah.eckert@houstontx.gov
Lori J. Yount
Senior Assistant City Attorney
State Bar No. 2209496
SDTX Bar No. 24084592

lori.yount@houstontx.gov

ARTURO G. MICHEL
CITY ATTORNEY
SUZANNE R. CHAUVIN
CHIEF, GENERAL LITIGATION SECTION
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone:  (832) 393-6219
Facsimile:   (832) 393-6259

**ATTORNEYS FOR THE CITY OF HOUSTON**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon the following on August 9, 2024, via the CM/ECF Filing system.

/s/ Ben Stephens
Ben Stephens