United States District Court
Southern District of Texas
**ENTERED**
August 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 |

## AGREED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs Landscape Consultants of Texas, Inc. and Metropolitan Landscape Management, Inc. ("Plaintiffs") and City of Houston, Texas ("City") and Midtown Management District ("Midtown") (collectively, "Defendants"), through their respective attorneys of record, as follows:

WHEREAS, following a hearing on Plaintiffs' Motion to Compel (Doc. No. 48) the Court *Granted the Motion and* has ordered production of a document responsive to Plaintiffs' Request for Production 10 (the "Document"), specifying that the Document should be produced pursuant to a protective order, and the City will produce the Document pursuant to Court order and this Agreed Protective Order;

THEREFORE, an Order of this Court protecting the Document shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling, and disclosure of the Document designated subject to this Order in accordance with the terms hereof.

2. The party producing the Document in this action is the "Producing Party".

3. Producing Party will stamp the Document "CONFIDENTIAL."

1

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate or reference the Document subject to this Order, the party filing such papers shall file with the clerk under seal. Any party filing any document under seal must comply with the requirements of the U.S. District Court for the Southern District of Texas, Houston Division.

5. The Document subject to this Order and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the Producing Party of the Document, the Document and any information contained in or derived from the Document (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses the Document) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" attached hereto as Exhibit A; (b) the Court and its personnel; (c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A"); and (d) the Producing Party.

7. All persons receiving the Document produced pursuant to this Order shall be advised of this Order. All persons to whom the Document is disclosed is hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties

thereto. No person receiving or reviewing the Document shall disseminate or disclose it to any person other than those described above in Paragraph 6 for the purposes there specified, and in no event shall such person make any other use of the Document.

8.      This Order has been agreed to by the parties in order to comply with the Court's instructions at the hearing on Plaintiffs' Motion to Compel (Doc. No. 48), held August 16, 2024. Neither the entry of this Order, nor the production of the Document pursuant to this Order, shall constitute evidence with respect to any issue in this action.

Within sixty (60) days after the final termination of this litigation, the Document, including any extracts, summaries, or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

Signed: August 20, 2024

_____
Peter Bray, U.S.M.J.

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

My address is _____.

My present employer is _____.

My present occupation of job description is _____.

I have received a copy of the Agreed Protective Order entered in this action on _____ _____, 2024.

I have carefully read and understand the provisions of the Agreed Protective Order.

I will comply with all provisions of the Agreed Protective Order.

I will hold in confidence, and will not disclose to anyone not qualified under the Agreed Protective Order, any information, documents, or other materials produced subject to the Agreed Protective Order.

I will use such information, documents, or other materials produced subject to the Agreed Protective Order only for purposes of this present action.

Upon termination of this action, or upon request, I will return and deliver all information, documents, or other materials produced subject to this Agreed Protective Order, and all documents or things which I have prepared relating to the information, documents, or other materials that are subject to the Agreed Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

I hereby submit to the jurisdiction of this Court for purposes of enforcing the Agreed Protective Order in this action.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      In the State of _____, County of _____.

      Executed this _____ day of _____, 20\_\_\_.

_____

QUALIFIED PERSON