## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., | |
| Plaintiffs, | Civil Action No. 4:23-cv-03516 |
| v. | |
| CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, | |
| Defendants. | |

### CITY OF HOUSTON'S
### EMERGENCY MOTION TO COMPEL DEPOSITION

The City of Houston files this motion to compel the oral and videotaped deposition of Gerald Thompson, currently noticed for September 25, 2024. Discovery closes September 30, 2024. Plaintiffs have informed the City that Mr. Thompson will not appear for his deposition.

### NATURE OF THE EXPEDITED REQUEST

Pursuant to this Court's Scheduling Order, discovery closes on September 30, 2024. Doc No. 39. On August 28, 2024, the City requested dates for the deposition of Gerald Thompson, the owner of both plaintiffs. *See* Doc. No. 44-3, Thompson Decl. On September 12, 2024, Plaintiffs' counsel informed the City that Mr. Thompson was available for deposition on almost every date through the end

of the discovery period, excluding only four dates. Five days later, Plaintiffs'
counsel changed their mind and informed the City they would only agree to
present Mr. Thompson individually and for a corporate representative deposition,
on the same date, outside the discovery period. Emergency relief is warranted to
permit Mr. Thompson's deposition to go forward within the discovery period
ending September 30, as noticed.

## DISPUTE BACKGROUND

Plaintiffs filed suit on September 19, 2023, asserting the City's MBE
program is unconstitutional. Doc. No. 1, Pltfs'. Compl. On February 1, 2024, the
Court signed an amended scheduling order setting Plaintiffs' expert designations
for June 14, Defendants' expert designations for July 31, and the close of
discovery for September 30. Doc. No. 39. Plaintiffs did not designate expert
witnesses. Defendants designated expert witnesses on July 31.

Gerald Thompson and his wife are the owners of Landscape Consultants of
Texas, Inc. (Landscape Consultants) and Metropolitan Landscape Management,
Inc. (Metropolitan). *See* Doc No. 44-3, Thompson Decl.

On August 28, 2024, the City requested dates in the second half of
September for a deposition of corporate representatives of each Plaintiff and for
Mr. Thompson individually. Ex. A, 8/28/24 email, Stephens to Wilcox.

On September 12, Plaintiffs' counsel confirmed Mr. Thompson was

HB: 4872-5302-2439.1

available for his own *and* a 30(b)(6) deposition through the end of the discovery period on September 30, excluding only September 17, 26, 27, or 30. Ex. B, 9/12/24 email, Boden to Stephens.

Four days later, on September 16, the City confirmed that Mr. Thompson would be deposed on September 25 and asked at which location Plaintiffs would prefer the deposition take place. Ex. C, 9/16/24 email, Stephens to Boden.

On September 17, Plaintiffs' counsel changed their mind. Plaintiffs' counsel informed the City that they would "prefer" to have Mr. Thompson's individual deposition take place on the same day as the corporate representative depositions for both plaintiffs (for whom he would be the designated representative). Ex. D, 9/17/24 email, Wilcox to Stephens at 1:59 p.m. And, despite having already committed Mr. Thompson to dates for a 30(b)(6) deposition, Plaintiffs' counsel now informed the City that Mr. Thompson would *not* be available for a 30(b)(6) deposition after all, because Plaintiffs' counsel believed they had insufficient time to prepare him for a 30(b)(6) deposition before September 25. *Id.* When questioned regarding this seemingly manufactured unavailability, Plaintiffs' counsel confirmed their refusal to present Mr. Thompson for *any* deposition was because 30(b)(6) topics had not been served. *Id.*, Wilcox to Stephens at 2:36 p.m.

Although inability to prepare for a 30(b)(6) deposition had not been a concern when Plaintiffs provided numerous dates for Mr. Thompson's 30(b)(6)

deposition just four days prior (including dates as soon as the Monday after the Thursday of Plaintiffs' email), on September 17, the City served a notice of deposition for Mr. Thompson in his individual capacity only—no topics. That deposition is noticed to take place on September 25 at 10:00 a.m. at the offices of the City's counsel. *See* Ex. E, Notice of Deposition of Gerald Thompson.

On September 19, Plaintiffs' counsel confirmed Mr. Thompson would not be present for his deposition on September 25. Ex. F, 9/19/24 email, Wilcox to Stephens at 10:33 a.m.

Plaintiffs have refused to present their owner for deposition within the discovery period, despite him being served with a notice of deposition for a date Plaintiffs' counsel provided. This dispute is ripe for determination, and resolving Plaintiffs' obstructionism warrants expedited consideration given the imminent close of discovery.

## <u>ARGUMENT AND AUTHORITIES</u>

After Plaintiffs' counsel provided Mr. Thompson's availability on September 12, Mr. Thompson's deposition was noticed on September 17 to take place on September 25. The Court may, "on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). Mr. Thompson is the owner of both plaintiffs in this action, and

4

Plaintiffs have informed the City that he will not be present for his noticed deposition. The Court should order the deposition to proceed as noticed, within the discovery period that ends September 30.

### A. Plaintiffs should present Mr. Thompson on the date they said they could present him.

The relevance of Mr. Thompson's testimony, as the owner of both plaintiffs, cannot seriously be disputed. Plaintiffs' refusal to present Mr. Thompson for his deposition on a date he is available for deposition is baseless, and Plaintiffs' excuses for their own behavior are simply pretextual.

As a common courtesy, the City asked for Mr. Thompson's deposition availability in the second half of September on August 28—over a month before the close of discovery—prior to serving a notice of deposition. Ex. A, 8/28/24 email, Stephens to Wilcox. On September 12, Plaintiffs' counsel stated Mr. Thompson could be presented on any of the following dates through the end of the discovery period (excluding weekends and the Friday following September 12): September 16, September 18, September 19, September 20, September 23, September 24, and September 25. Ex. B, 9/12/24 email, Boden to Stephens. Plaintiffs placed no qualifications of any kind on this availability. *Id.*

The City elected to take Mr. Thompson's deposition for September 25, the latest of these available dates. Ex. C, 9/16/24 email, Stephens to Boden. Again, as a common courtesy, the City asked where Plaintiffs would prefer the deposition to

take place. *Id.* In response, and for the first time, Plaintiffs' counsel manufactured conditions on Mr. Thompson's availability that had never previously been raised. Ex. D, 9/17/24 email, Wilcox to Stephens at 1:59 p.m. First, Plaintiffs now required that his individual and corporate depositions take place simultaneously (a requirement that exists nowhere in the Federal Rules); and second, because Plaintiffs claimed to be unable to prepare him for 30(b)(6) depositions between the 12th and 25th (in the timeframe *Plaintiffs had provided*), they would not present him for any deposition at all. *Id.*

Understanding the concern to be one of lack of preparation in connection with the 30(b)(6) depositions, the City instead served a notice for Mr. Thompson's individual deposition *only. See* Ex. E, Notice of Deposition of Gerald Thompson. In response, Plaintiffs informed the City that making Mr. Thompson available individually, on the latest date inside the discovery period that Plaintiffs had said he was available for an individual deposition, presented an "undue burden." Ex. F, 9/19/24 email, Wilcox to Stephens at 10:33 a.m.

This contention is frivolous at best. It cannot present an undue burden to Plaintiffs to depose Mr. Thompson individually on his personal knowledge, within the discovery period, on a date *Plaintiffs provided* for his deposition. Mr. Thompson lives in Spring, Texas. Doc. No. 44-3, Thompson Decl. His two companies, the plaintiffs in this matter, are based in Houston. *Id.* Appearing for his

deposition in Houston for a suit that has been pending for a year (in Houston) poses him no undue burden. Nor does deposing him in his individual capacity *only* on that date present an undue burden. It would be quite unusual for Mr. Thompson to complain that the undue burden derives from him being deposed only in his individual capacity in a single day, as opposed to also undergoing two 30(b)(6) depositions for the two parties at the same time. His deposition was noticed on a date his counsel provided. The notion that this presents an undue burden is absurd.

Plaintiffs lack any basis to deprive the City of obviously relevant deposition testimony within the discovery period. The Court should therefore order Plaintiffs to present Mr. Thompson for a deposition within the discovery period on September 25. Appearing for that deposition poses Plaintiffs no undue burden, because per his counsel Mr. Thompson is available to be deposed individually on that date.

### B. The City is entitled to attorneys' fees for this motion.

Federal Rule 37 mandates the award of attorneys' fees for a successful motion to compel, absent circumstances disproved here by the gamesmanship of Plaintiffs' counsel. Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs' counsel have flatly stated they will not present Mr. Thompson for his noticed deposition on September 25. The discovery period closes on September 30. Plaintiffs' refusal to present their owner is not substantially justified, because Plaintiffs' counsel provided dates for his

individual deposition within the discovery period before changing their mind for no good reason.

The Court may also, "on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Plaintiffs have stated that despite being served with proper notice, Mr. Thompson, the owner of both parties, will not appear for deposition. There is no rational reason why Plaintiffs would force the City to file this motion to require Plaintiffs' compliance with their own commitments and representations. Accordingly, the City requests an award of fees incurred and sanctions in connection with bringing this motion.

## <u>CONCLUSION</u>

The City respectfully requests that the Court order Plaintiffs to present Mr. Thompson for deposition on the date Plaintiffs provided for his deposition, grant the City its attorneys' fees in connection with this motion, and for such other and further relief to which the City may show itself to be justly entitled.

HB: 4872-5302-2439.1

Respectfully submitted,

By:    */s/ Ben Stephens*
        Ben Stephens
        State Bar No. 24098472
        SDTX Bar No. 2898153
        ben.stephens@huschblackwell.com
        Sandy Hellums-Gomez
        State Bar No. 24036750
        SDTX Bar No. 561314
        sandy.gomez@huschblackwell.com
        Jarett Dillard
        State Bar No. 24099801
        SDTX Bar No. 2980302
        jarett.dillard@huschblackwell.com

HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone:   (713) 647-6800
Facsimile:   (713) 647-6884

        */s/ Darah Eckert*
        Darah Eckert
        Senior Assistant City Attorney
        State Bar No. 24007141
        SDTX Bar No. 1890045
        darah.eckert@houstontx.gov
        Lori J. Yount
        Senior Assistant City Attorney
        State Bar No. 2209496
        SDTX Bar No. 24084592
        lori.yount@houstontx.gov

ARTURO G. MICHEL
CITY ATTORNEY
SUZANNE R. CHAUVIN
CHIEF, GENERAL LITIGATION SECTION
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368

9

Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone:   (832) 393-6219
Facsimile:   (832) 393-6259

**ATTORNEYS FOR THE CITY OF HOUSTON**

## CERTIFICATE OF CONFERENCE

I certify that counsel for movant has exchanged numerous emails with counsel for Plaintiffs, which are attached as exhibits to this motion and which evidence Plaintiffs' refusal to present the witness within the applicable period or otherwise resolve the matters presented. Therefore, it is presented to the Court for determination.

*/s/ Ben Stephens*
Ben Stephens

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon all counsel of record on September 20, 2024, via the CM/ECF Filing system.

*/s/ Ben Stephens*
Ben Stephens

10