# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 |

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF HOUSTON**

**PROPOUNDING PARTY:**   Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc.

**RESPONDING PARTY:**   Defendant City of Houston

**SET NUMBER:**   Two

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc., propound this Second Set of Requests for Production of Documents to Defendant City of Houston in the above-captioned action. The City should direct service of its answers to Plaintiffs, through their counsel, as follows:

Erin Wilcox
Joshua Thompson

1

Anastasia Boden
555 Capitol Mall, Ste. 1290
Sacramento, CA 95814
EWilcox@pacificlegal.org
JThompson@pacificlegal.org
ABoden@pacificlegal.org

## **INSTRUCTIONS**

1.     In answering these Requests, you are required to furnish all information that is known or reasonably available to you, including information that is in your possession, custody, or control or in the possession, custody, or control of your attorneys, officers, agents, and employees.

2.     You must produce documents as they are kept in the usual course of business or organize and label them to correspond to the requests. All electronically stored information (ESI) is to be produced as .tiff images with extracted text files and a load file.

3.     If any of the requested documents were, or no longer are, in your possession, custody, or control, state the name, address, and telephone number of the present custodian of each document, or state whatever disposition was made of each document. Each document produced is to be produced in its original form or other container with all file labels, indices, tables of contents, summaries, or other organizing materials intact.

4.     For each Request, the City's response must be either to produce responsive documents or state an objection to the Request, including all reasons for

the objection. An objection to only part of a Request must specify which part is objected to, and you should produce responsive documents to every other part of the Request and specify whether any documents are being withheld on the basis of that objection. If you object to any term in a Request as vague or unclear, you should assume a usual and reasonable meaning for the term, explain the meaning you are assuming, and respond to the Request.

5. If the City asserts a claim of privilege as to any documents sought by these Requests, for each privileged document, state the following:

    a. The type of privilege being asserted;

    b. The identity of any person who created, made, received, or is in possession of the document;

    c. A description of the document sufficient to enable Plaintiffs to assess the claim; and

    d. The basis upon which the document is asserted to be privileged from production.

6. The City is under a duty to amend and/or supplement a prior response if the City obtains information upon the basis of which: (a) the City knows that the answer was incomplete or incorrect when made; or (b) the City knows that the answer, though complete and correct when made, is no longer complete and correct.

7. These Requests are continuing in nature and responses must be amended and/or supplemented as further information becomes available.

## DEFINITIONS

1. "Plaintiffs" means Landscape Consultants of Texas, Inc., and Metropolitan Landscape Consultants, Inc., the Plaintiffs in the above-captioned action.

2. "Defendant" or "City" refers to the City of Houston, a Defendant in the above-captioned action.

3. "You" or "your" shall mean and refer to the Defendant to whom these Requests are directed.

4. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

5. The use of the past tense includes the present tense, and the use of the present tense includes the past tense, so as to make the Request inclusive rather than exclusive.

6. The singular includes the plural, and the plural includes the singular.

7. The terms "refer" and "relate" as used herein mean evidencing, memorializing, referring, refuting, constituting, containing, discussing, describing,

embodying, reflecting, identifying, mentioning, stating, or otherwise pertaining to in any way, in whole or in part, the subject matter referred to in the Request.

8.  The term "including" shall be construed to mean without limitation.

9.  The term "document" includes all documents and electronically stored information as described in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and includes all "writings" and "recordings" as defined by Rule 1001 of the Federal Rules of Evidence.

## REQUESTS FOR PRODUCTION

Please produce or make available the following:

### REQUEST FOR PRODUCTION NO. 18:

All documents relating to the City of Houston's contract with Colette Holt & Associates for a disparity study for the City of Houston, including but not limited to requests for proposals, contracts or agreements for consultant services, documents reflecting the total contract cost and/or contract payment schedule from January 1, 2016, to January 1, 2021.

### REQUEST FOR PRODUCTION NO. 19:

All documents relating to the Colette Holt & Associates disparity study's progress, including but not limited to reports, evaluations, memoranda, and communications about the disparity study's progress from January 1, 2016, to January 1, 2021.

5

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to the Colette Holte & Associates disparity study sent to or from members of the Houston City Council, the mayor of Houson, or their respective staffs between January 1, 2016, and January 1, 2021, including but not limited to reports, evaluations, memoranda, communications, progress reports, or testimony.

Dated: August 30, 2024.

Respectfully submitted,

s/ Erin E. Wilcox

| | |
|---|---|
| Anastasia P. Boden | Erin E. Wilcox |
| Cal. Bar No. 281911 | *Attorney-in-Charge* |
| S.D. Tex. Bar No. 3495077 | Cal. Bar No. 337427 |
| Joshua P. Thompson* | S.D. Tex. Bar No. 3369027 |
| Cal. Bar No. 250955 | Pacific Legal Foundation |
| *Of Counsel* | 555 Capitol Mall |
| Pacific Legal Foundation | Suite 1290 |
| 555 Capitol Mall | Sacramento, CA 95814 |
| Suite 1290 | Telephone: (916) 419-7111 |
| Sacramento, CA 95814 | Fax: (916) 419-7747 |
| Telephone: (916) 419-7111 | ewilcox@pacificlegal.org |
| Fax: (916) 419-7747 | |
| aboden@pacificlegal.org | |
| jthompson@pacificlegal.org | |

*Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on August 30, 2024, a copy of the foregoing document was sent via electronic mail to the following individuals:

Lori Yount
Darah Eckert
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, TX 77002
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Ben Stephens
Sandy Hellums-Gomez
Jarett Dillard
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
ben.stephens@huschblackwell.com
sandy.gomez@huschblackwell.com
jarett.dillard@huschblackwell.com
*Counsel for City of Houston*

Brett J. Sileo
Britton B. Harris
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, Texas 77004
bsileo@hhstxlaw.com
bharris@hhstxlaw.com
*Counsel for Midtown Management District*

s/ *Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation
