# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 <br><br><br> **PLAINTIFFS' OPPOSITION TO CITY OF HOUSTON'S EMERGENCY MOTION TO COMPEL DEPOSITION** |

Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc., oppose Defendant City of Houston's emergency motion to compel the deposition of Gerald Thompson on September 25, 2024. To compensate for its attorneys' failure to comply with the Federal Rules of Civil Procedure, Houston asks this Court—on an emergency basis—to compel Mr. Thompson and his attorneys to attend multiple depositions on multiple days and without the reasonable notice required by Fed. R. Civ. P. 30(b)(1).

Houston's motion should be denied because Houston's counsel failed to meet and confer with Plaintiffs' counsel prior to filing, the September 25, 2024, deposition was improperly noticed, and Houston has not made a claim supporting emergency relief.

1

## INTRODUCTION AND STATEMENT OF FACTS

The Federal Rules of Civil Procedure govern civil lawsuits in federal court. Houston's counsel has ignored the Federal Rules throughout this litigation, first by attempting to designate expert witnesses who must provide a written report without complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B), and then by propounding interrogatories under Rule 197 of the *Texas* Rules of Civil Procedure, which does not apply to discovery in this lawsuit. Exs. 1 and 2. Most recently, Houston gave Plaintiffs' counsel seven business days' notice of the date of three depositions to be taken from Mr. Thompson—an individual deposition and two depositions as the corporate representative for Plaintiff Landscape Consultants of Texas, Inc., and Plaintiff Metropolitan Landscape Management, Inc. This "notice" was not the notice required by Fed. R. Civ. P. 30(b)(1), which requires "reasonable written notice to every other party" and "must state the time and place of the deposition." It also was not the notice required by Fed. R. Civ. P. 30(b)(6), which requires notices directed to an organization to "describe with reasonable particularity the matters for examination" and the parties to "confer in good faith about the matters for examination."

The timeline of events is as follows:

On **August 28, 2024**, more than 30 days before the September 30 discovery cutoff, Plaintiffs noticed a Fed. R. Civ. P. 30(b)(6) deposition to Houston. Dkt. 57-1.

The email from Plaintiffs' counsel accompanying the deposition notice specified: "We've noticed the deposition for Monday, September 30 at Husch Blackwell's offices, but are happy to coordinate with you on a different date and/or location that is convenient for all parties and witnesses." *Id*. Also on **August 28**, Houston's counsel responded via email that it would "consult and let you know on dates," and also requested an "available date in the second half of September for a corporate representative of Landscape, a corporate representative of Metropolitan, and Mr. Thompson individually." *Id*. Counsel's email did not include a deposition notice for any of the three depositions mentioned.[1] *Id*.

Though Houston never confirmed whether September 30 was acceptable for Houston's 30(b)(6) deposition (instead, on September 20, it filed a motion to quash the deposition and a motion for a protective order, Dkt. 58), Plaintiffs' counsel informed Houston on **September 12, 2024**, that Mr. Thompson would be the

---

[1] Houston has had over eight months to depose Mr. Thompson. It never noticed a deposition during that time. Then, on the eve of its deadline to act before the close of discovery, Houston sent an *email* to Plaintiffs' counsel asking for Mr. Thompson's availability. It claims that its decision not to follow the federal rules was a "common courtesy." Dkt. 57 at 5. But, again, failing to follow the federal rules is no courtesy; that's not how discovery works in federal court. Depositions must be properly noticed within the timeframe prescribed by the federal rules. It was Plaintiffs who properly noticed a deposition on August 28, and then followed their properly noticed deposition up with an actual courtesy, informing Houston of its willingness to change the date, time, and location to fit Houston's witness's availability. Plaintiffs' deposition was properly noticed. Houston's was not. Houston's "common courtesy" is just a convenient excuse for, once again, ignoring the federal rules.

3

30(b)(6) witness for both plaintiff companies and provided available dates. Dkt. 57-2. As of **September 12**, Houston had still not provided a date or a deposition notice for Mr. Thompson's individual deposition or the 30(b)(6) depositions first mentioned on August 28, nor had it described the topics that would be the subject of the 30(b)(6) deposition. *Id*.

On **September 16, 2024**, Houston informed Plaintiffs via email that Mr. Thompson's depositions would take place in seven business days' time, on **September 25**. Dkt. 57-3. Once again, Houston's email did not include deposition notices for any of the three depositions. *Id*. Plaintiffs' counsel responded on **September 17**—six business days/eight calendar days before the September 25 deposition date and still without having received deposition notices—that Plaintiffs could not commit to a date for the 30(b)(6) depositions without notice of the deposition topics. Dkt. 57-4. Plaintiffs also expressed a reasonable preference for holding all three depositions on the same day and suggested postponing all depositions until such time as they could be held on consecutive days. *Id*. In a second email that same day, Plaintiffs' counsel again emphasized that because Houston had not noticed any of Mr. Thompson's depositions, which would include topics for the 30(b)(6) depositions, it was too late for Plaintiffs' counsel to prepare Mr. Thompson for depositions the following week. *Id*.

4

Apparently conceding that it failed to timely notice the 30(b)(6) depositions, on **September 17, 2024**, Houston finally provided a deposition notice for Mr. Thompson's individual deposition. Dkt. 57-5. On **September 18, 2024**, Plaintiffs objected that forcing Mr. Thompson and his counsel to attend the individual and corporate depositions on separate days, when they could all easily be held on the same day, was an unacceptable waste of time and money. Dkt. 57-6. Plaintiffs' counsel proposed a compromise that would allow all party depositions to be held after the close of discovery as long as they could be scheduled for consecutive days and so long as Houston provided notice of the 30(b)(6) deposition topics by September 20. *Id*. Houston did not accept Plaintiffs' compromise. *Id*. Instead, Houston filed an emergency motion to compel without first meeting and conferring with Plaintiffs' counsel about its intention to do so.

## ARGUMENT

**A. Houston Did Not Meet and Confer with Plaintiffs' Counsel Prior to Filing This Motion to Compel**

Opposed motions must certify that "[t]he movant has conferred with the respondent" and "[c]ounsel cannot agree about the disposition of the motion." Local Rule 7.1(D)(1)–(2). In the misleading "Certificate of Conference" following its motion to compel, Houston's counsel notably does not certify that he took either of these actions. Dkt. 57 at 10. This is because Houston's counsel never indicated his intention to file a motion to compel Mr. Thompson's September 25 deposition, and

never sought Plaintiffs' position on such a motion. Dkt. 57-6. Instead, Houston's counsel states that he "exchanged numerous emails with counsel for Plaintiffs … which evince Plaintiffs' refusal to present the witness within the applicable period or otherwise resolve the matters presented." Dkt. 57 at 10. Emails between counsel regarding a deposition scheduling dispute which never mention the phrase "motion to compel" cannot possibly satisfy Local Rule 7.1(D)(1)–(2).

Further, Houston's counsel is aware of this Court's meet-and-confer requirement because he has complied with it in the past; for example, in his email regarding Houston's motion for a protective order and motion to quash Plaintiffs' 30(b)(6) deposition, Houston's counsel wrote: "The City will be moving for a protective order and to quash the 30(b)(6) deposition notice, on the relevance grounds we've previously discussed on this issue and on privilege grounds. Please let us know your position on this motion by 6pm CT tomorrow." Dkt. 57-3. Houston's counsel made no such request in relation to this motion to compel.

"Failure to meet and confer imposes substantial unnecessary costs on the litigants and burdens the Court with unnecessary filings." *Mediostream, Inc. v. Microsoft Corp.*, No. 2:08-cv-369, 2010 WL 3283032, at *2 (E.D. Tex Aug. 19, 2010). Houston's failure to follow this Court's rules has done both and its motion should be denied.

### B. Houston Failed to Provide Reasonable Written Notice for Sept. 25 Deposition

Houston cites no authority for its contention that Mr. Thompson should be forced to attend an individual deposition tomorrow based on a deposition notice that was served last week. None. Nor can it; providing notice of a deposition—whether to an individual or an organization—six business days/eight calendar days before the date of the deposition is legally unreasonable under the Federal Rules.

Fed. R. Civ. P. 30(b)(1) mandates that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Houston's counsel's email on August 28, asking for "available dates in the second half of September for a corporate representative of Landscape, a corporate representative of Metropolitan, and Mr. Thompson individually," Dkt. 57-1, does not state the time and place of the deposition and cannot be considered a "notice" for purposes of Rule 30(b)(1).

Courts in this Circuit have held that while Rule 30(b)(1) does not define what amount of time is "reasonable" for a written notice, at least ten days is normally required. *Duhaly v. Cincinnati Insurance Co.*, No. H-18-4158, 2019 WL 3202307, at *1 (S.D. Tex. July 16, 2019) (collecting cases); *Reedy v. CITGO Petroleum Corp.*, No. H-10-2971, 2011 WL 13350687, at *6 (S.D. Tex. Dec. 1, 2011) (15-day notice sufficient). Houston's September 17 notice of Mr. Thompson's individual deposition

7

is firmly outside the window for "reasonable written notice" under Rule 30(b)(1). *See id*.

And even though Houston could not have provided reasonable written notice of the two 30(b)(6) depositions before the close of discovery, and therefore forfeited these depositions, Plaintiffs offered to allow all three depositions to take place anyway as long as Plaintiffs received timely notice of the deposition topics and they were scheduled to maximize efficiency. Dkt. 57-6. Despite Plaintiffs' reasonable request, Houston instead seeks to compel Mr. Thompson to attend an improperly noticed deposition tomorrow. Dkt. 57 at 1–2. This Court should refuse.

**C. Houston Has Not Proven the Need for Emergency Relief**

Though Houston styles its pleading as an "Emergency Motion to Compel Deposition," it makes no attempt to prove *any* of the conditions for emergency relief. Dkt. 57.

Houston cites no statute or law for its demand for emergency relief without the full time for motions practice, but it presumably seeks a remedy akin to a preliminary injunction or temporary restraining order. The standard for this relief is well-established in this Circuit; the moving party must establish: (1) "[that it] is likely to succeed on the merits"; (2) "that [it] is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [its] favor"; and (4) "that an injunction is in the public interest." *Winter v. Natural Res. Def.*

8

*Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003); *Abrego v. USA Wheel and Tire Outlet, Inc.*, No. 4:16-cv-919, 2016 WL 11742282, at *1 (S.D. Tex. July 21, 2016) (listing same factors for preliminary injunction or temporary restraining order). Because Houston has demonstrated none of these factors, this motion to compel should not be considered on an emergency basis.

### D. Houston Is Not Entitled to Attorneys' Fees and Costs

Houston contends it is entitled to an award of attorneys' fees pursuant to Fed. R. Civ. P. 37. Dkt. 57 at 7–8. Once again, Houston demonstrates its failure to follow the Federal Rules of Civil Procedure.

Rule 37(d)(1)(A)(i) applies only when "a party … fails, *after being served with proper notice*, to appear for that person's deposition." As discussed in section B, *supra*, Houston unquestionably failed to properly notice the September 25 deposition. Sanctions are also "entirely flexible depending on the circumstances of each case." *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 592 (S.D. Tex. 2011) (citation omitted).

Reasonable expenses must not be taxed if the opposing party's action was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Houston's failure to properly notice any of Mr. Thompson's depositions, its untimely notice of the September 25 deposition, and its insistence in forcing Mr. Thompson and his counsel to incur the

9

additional and unnecessary time and expense of attending multiple depositions on multiple days are substantial justification for Plaintiffs' position. *See Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988) (Under Rule 37, the "substantially justified" test for avoiding the imposition of attorney's fees for resisting discovery in district court "has never been described as meaning justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute.") (internal quotation marks omitted). Whether Mr. Thompson must attend an improperly noticed deposition on a date that is unreasonably burdensome and expensive is a genuine dispute, and this Court should deny Houston's request for attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, this Court should deny Houston's motion to compel, as well as its request for attorneys' fees and costs.

DATED: September 24, 2024.

                                                                        Respectfully submitted,

| | |
|---|---|
| Anastasia Boden | */s/ Erin E. Wilcox* |
| *Of Counsel* | Erin E. Wilcox |
| Cal. Bar No. 281911 | *Attorney-in-Charge* |
| S.D. Tex. Bar No. 3495077 | Cal. Bar No. 337427 |
| Joshua P. Thompson* | S.D. Tex. Bar No. 3369027 |
| *Of Counsel* | Pacific Legal Foundation |
| Cal. Bar No. 250955 | 555 Capitol Mall |
| Pacific Legal Foundation | Suite 1290 |
| 555 Capitol Mall | Sacramento, CA 95814 |
| Suite 1290 | Telephone: (916) 419-7111 |
| Sacramento, CA 95814 | Fax: (916) 419-7747 |
| Telephone: (916) 419-7111 | ewilcox@pacificlegal.org |
| Fax: (916) 419-7747 | |
| aboden@pacificlegal.org | |
| jthompson@pacificlegal.org | |

*Pro Hac Vice

                                      *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 24, 2024, I served this document via the Court's electronic filing system to Defendants' counsel of record as follows:

Lori Yount
Senior Assistant City Attorney
Darah Eckert
Senior Assistant City Attorney, General Litigation Section
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, TX 77002
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Ben Stephens
Sandy Hellums-Gomez
Jarrett Dillard
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, TX 77002
ben.stephens@huschblackwell.com
sandy.gomez@huschblackwell.com
jarrett.dillard@huschblackwell.com
*Counsel for City of Houston*

Brett J. Sileo
Britton B. Harris
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, TX 77004
bsileo@hhstxlaw.com
bharris@hhstxlaw.com
*Counsel for Midtown Management District*

                                        */s/ Erin E. Wilcox*
                                        Erin E. Wilcox
                                        Pacific Legal Foundation