# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br><br>  Defendants. | Civil Action No. 4:23-cv-03516 |

**CITY OF HOUSTON'S FIRST SET OF INTERROGATORIES TO LANDSCAPE CONSULTANTS OF TEXAS, INC.**

TO: Plaintiff Landscape Consultants of Texas, Inc. by and through its counsel of record Erin E. Wilcox and Joshua P. Thompson, Pacific Legal Foundation, 555 Capitol Mall, Suite 1290, Sacramento, CA 95814.

The City of Houston (the "City") serves the following Interrogatories to Plaintiff Landscape Consultants of Texas, Inc. and pursuant to Rule 197 of the Texas Rules of Civil Procedure.

Respectfully submitted,

By:  */s/ Ben Stephens*
     Ben Stephens
     State Bar No. 24098472
     SDTX Bar No. 2898153
     ben.stephens@huschblackwell.com
     Sandy Hellums-Gomez
     State Bar No. 24036750
     SDTX Bar No. 561314
     sandy.gomez@huschblackwell.com
     Jarrett Dillard
     State Bar No. 24099801
     SDTX Bar No. 2980302
     jarett.dillard@huschblackwell.com

     HUSCH BLACKWELL LLP
     600 Travis St., Suite 2350

HB: 4877-2999-9069.1

Houston, Texas 77002
Telephone:   (713) 647-6800
Facsimile:   (713) 647-6884

Darah Eckert
Senior Assistant City Attorney
State Bar No. 24007141
SDTX Bar No. 1890045
darah.eckert@houstontx.gov
Lori J. Yount
Senior Assistant City Attorney
State Bar No. 2209496
SDTX Bar No. 24084592
lori.yount@houstontx.gov

Arturo G. Michel
City Attorney
Suzanne R. Chauvin
Chief, General Litigation Section
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone:   (832) 393-6219
Facsimile:   (832) 393-6259

**ATTORNEYS FOR THE CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

  I certify that a copy of the foregoing has been served upon all counsel of record on August 26, 2024, via email.

               */s/ Ben Stephens*
               Ben Stephens

## DEFINITIONS AND INSTRUCTIONS

For each document and communication requested to be identified herein which is sought to be withheld from disclosure and/or production, in whole or in part, under a claim for protection by the Rules, privilege or immunity, state that: 1) information or material responsive to the Interrogatory has been withheld; 2) the Interrogatory to which the information or material relates; and 3) the privilege or privileges asserted.

For the purposes of these Interrogatories, the following definitions and instructions shall apply:

1. The terms "Landscape," "Plaintiff," "You," or "Your" shall mean and refer to Landscape Consultants of Texas, Inc. and any of its partners, agents, employees, attorneys, and representatives acting on its behalf.

2. The term "Metropolitan" or "Co-Plaintiff" shall mean and refer to Metropolitan Landscape Management, Inc. and any of its partners, agents, employees, attorneys, and representatives acting on its behalf.

3. The term the "City" or "City of Houston" shall mean and refer to the City of Houston and any of its agents, employees, attorneys, and representatives acting on its behalf.

4. The term "Midtown" shall mean and refer to Midtown Management District and any of its partners, agents, employees, attorneys, and representatives acting on its behalf.

5. "Lawsuit" and "case" refers respectively to the above-captioned lawsuit.

6. "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

7. The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

8. "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings

and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format. If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original, and any deleted information.

9. "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

10. "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document. Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or under whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document. In lieu of providing such information and detail, you may attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

11. The plural includes the singular and vice versa.

12. The masculine includes the feminine and vice versa.

13. Wherever the word "including" appears, the meaning intended is "including, but not limited to."

14. The terms "referring," "reflecting," "relating," or "pertaining to" shall mean directly or indirectly, having any relationship to, mentioning or describing, pertaining to, evidencing or constituting evidence of, being connected with, or reflecting upon a stated subject matter whether in whole or in part.

15. The term "concerning" shall mean referring to, alluding to, corresponding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, pertaining to or evidencing.

16. No Request shall be intended or deemed to encompass or otherwise inquire into information, documents, and things that are attorney-client privileged and/or immune as attorney work product. Accordingly, please do not object to a request for those reasons. If You do object on such grounds, Plaintiff will presume that You either failed to read these Definitions and Instructions, or intentionally chose to disregard them for no legitimate reason.

17. These requests shall be deemed continuing in nature, to the extent permitted under the Texas Rules of Civil Procedure, requiring You to supplement the responses hereto and to produce any additional information which is discovered after the time You first respond to these requests.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO LANDSCAPE

**INTERROGATORY NO. 1:**

Identify each person who answered or assisted in answering these interrogatories, stating which such interrogatories each person answered or assisted in answering.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify the City's MWSBE criteria, if any, which you contend you do not meet .

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify the concrete, particularized injury you suffered as a result of the City's policy.

**ANSWER:**

**INTERROGATORY NO. 4:**

If you contend you were and are able and ready to qualify for City contracts, state the basis for that contention.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify any current City contracts that You are currently performing for the City, inclusive of any future contracts that You currently have with the City.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify the City contracts on which you intend to bid in the future.

**ANSWER:**

**INTERROGATORY NO. 7:**

If you contend it is futile to bid on City contracts, identify the facts supporting that contention.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify all facts supporting your "understanding and belief that the City's MWSBE Program puts non-MWBE companies like Landscape Consultants and Metropolitan at a disadvantage when bidding for City contracts by treating them differently because of the race of their owners."

**ANSWER:**

**INTERROGATORY NO. 9:**

If you contend the City lacks a compelling interest in the administration of the MWSBE program, identify all facts supporting that contention.

**ANSWER:**

**INTERROGATORY NO. 10:**

If you contend the City's MWSBE program is not narrowly tailored, identify all facts supporting that contention.

**ANSWER:**

**INTERROGATORY NO. 11:**

What is your critique of the City's evidence of significant statistical disparities in public contracting?

**ANSWER:**

**INTERROGATORY NO. 12:**

If you contend there are no significant statistical disparities in City of Houston public contracting, please identify all facts supporting that contention.

**ANSWER:**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 |

**CITY OF HOUSTON'S FIRST SET OF INTERROGATORIES TO METROPOLITAN LANDSCAPE MANAGEMENT, INC.**

TO: Plaintiff Metropolitan Landscape Management, Inc. by and through its counsel of record Erin E. Wilcox and Joshua P. Thompson, Pacific Legal Foundation, 555 Capitol Mall, Suite 1290, Sacramento, CA 95814.

The City of Houston (the "City") serves the following Interrogatories to Plaintiff Metropolitan Landscape Management, Inc. and pursuant to Rule 197 of the Texas Rules of Civil Procedure.

Respectfully submitted,

By: */s/ Ben Stephens*
Ben Stephens
State Bar No. 24098472
SDTX Bar No. 2898153
ben.stephens@huschblackwell.com
Sandy Hellums-Gomez
State Bar No. 24036750
SDTX Bar No. 561314
sandy.gomez@huschblackwell.com
Jarrett Dillard
State Bar No. 24099801
SDTX Bar No. 2980302
jarett.dillard@huschblackwell.com

HUSCH BLACKWELL LLP
600 Travis St., Suite 2350

    Houston, Texas 77002
    Telephone: (713) 647-6800
    Facsimile: (713) 647-6884

    Darah Eckert
    Senior Assistant City Attorney
    State Bar No. 24007141
    SDTX Bar No. 1890045
    darah.eckert@houstontx.gov
    Lori J. Yount
    Senior Assistant City Attorney
    State Bar No. 2209496
    SDTX Bar No. 24084592
    lori.yount@houstontx.gov

    Arturo G. Michel
    City Attorney
    Suzanne R. Chauvin
    Chief, General Litigation Section
    CITY OF HOUSTON LEGAL DEPARTMENT
    P.O. Box 368
    Houston, Texas 77001-368
    900 Bagby, 4th Floor
    Houston, Texas 77002
    Telephone: (832) 393-6219
    Facsimile: (832) 393-6259

    **ATTORNEYS FOR THE CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing has been served upon all counsel of record on August 26, 2024, via email.

                                            */s/ Ben Stephens*
                                            Ben Stephens

## DEFINITIONS AND INSTRUCTIONS

For each document and communication requested to be identified herein which is sought to be withheld from disclosure and/or production, in whole or in part, under a claim for protection by the Rules, privilege or immunity, state that: 1) information or material responsive to the Interrogatory has been withheld; 2) the Interrogatory to which the information or material relates; and 3) the privilege or privileges asserted.

For the purposes of these Interrogatories, the following definitions and instructions shall apply:

1. The terms "Metropolitan," "Plaintiff," "You," or "Your" shall mean and refer to Metropolitan Landscape Management, Inc. and any of its partners, agents, employees, attorneys, and representatives acting on its behalf.

2. The term the "City" or "City of Houston" shall mean and refer to the City of Houston and any of its agents, employees, attorneys, and representatives acting on its behalf.

3. The term "Midtown" shall mean and refer to Midtown Management District and any of its partners, agents, employees, attorneys, and representatives acting on its behalf.

4. "Lawsuit" and "case" refers respectively to the above-captioned lawsuit.

5. "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

6. The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

7. "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans,

specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format. If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original, and any deleted information.

8. "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

9. "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document. Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or under whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document. In lieu of providing such information and detail, you may attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

10. The plural includes the singular and vice versa.

11. The masculine includes the feminine and vice versa.

12. Wherever the word "including" appears, the meaning intended is "including, but not limited to."

13. The terms "referring," "reflecting," "relating," or "pertaining to" shall mean directly or indirectly, having any relationship to, mentioning or describing, pertaining to, evidencing

    or constituting evidence of, being connected with, or reflecting upon a stated subject matter whether in whole or in part.

14. The term "concerning" shall mean referring to, alluding to, corresponding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, pertaining to or evidencing.

15. No Request shall be intended or deemed to encompass or otherwise inquire into information, documents, and things that are attorney-client privileged and/or immune as attorney work product. Accordingly, please do not object to a request for those reasons. If You do object on such grounds, Plaintiff will presume that You either failed to read these Definitions and Instructions, or intentionally chose to disregard them for no legitimate reason.

16. These requests shall be deemed continuing in nature, to the extent permitted under the Texas Rules of Civil Procedure, requiring You to supplement the responses hereto and to produce any additional information which is discovered after the time You first respond to these requests.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO METROPOLITAN

**INTERROGATORY NO. 1:**

Identify each person who answered or assisted in answering these interrogatories, stating which such interrogatories each person answered or assisted in answering.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify the City's MWSBE criteria, if any, which you contend you do not meet .

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify the concrete, particularized injury you suffered as a result of the City's policy.

**ANSWER:**

**INTERROGATORY NO. 4:**

If you contend you were and are able and ready to qualify for City contracts, state the basis for that contention.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify any current City contracts that You are currently performing for the City, inclusive of any future contracts that You currently have with the City.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify the City contracts on which you intend to bid in the future.

**ANSWER:**

**INTERROGATORY NO. 7:**

If you contend it is futile to bid on City contracts, identify the facts supporting that contention.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify all facts supporting your "understanding and belief that the City's MWSBE Program puts non-MWBE companies like Landscape Consultants and Metropolitan at a disadvantage when bidding for City contracts by treating them differently because of the race of their owners."

**ANSWER:**

**INTERROGATORY NO. 9:**

If you contend the City lacks a compelling interest in the administration of the MWSBE program, identify all facts supporting that contention.

**ANSWER:**

**INTERROGATORY NO. 10:**

If you contend the City's MWSBE program is not narrowly tailored, identify all facts supporting that contention.

**ANSWER:**

**INTERROGATORY NO. 11:**

What is your critique of the City's evidence of significant statistical disparities in public contracting?

**ANSWER:**

**INTERROGATORY NO. 12:**

If you contend there are no significant statistical disparities in City of Houston public contracting, please identify all facts supporting that contention.

**ANSWER:**

| | |
|---|---|
| **From:** | Rodriguez, Shellee |
| **To:** | Erin Wilcox; Joshua P. Thompson; bsileo@hhstxlaw.com; bharris@hhstxlaw.com; Eckert, Darah - LGL; lori.yount@houstontx.gov; Anastasia P. Boden |
| **Cc:** | Stephens, Ben; Gomez, Sandy; Dillard, Jarett |
| **Subject:** | 4:23-cv-03516 Landscape Consultants of Texas, Inc. et al v. City of Houston, Texas et al |
| **Date:** | Monday, August 26, 2024 11:41:38 AM |
| **Attachments:** | 2024.08.26 City"s Interrogatories to Landscape.pdf<br>2024.08.26 City"s Requests for Production to Landscape.pdf<br>2024.08.26 City"s Requests for Production to Metropolitan.pdf<br>2024.08.26 City"s Interrogatories to Metropolitan 4869-2829-5385 v.pdf |

Counsel,

Attached please find the following:

- City of Houston's First Set of Interrogatories to Landscape Consultants of Texas, Inc.
- City of Houston's Requests for Production to Landscape Consultants of Texas, Inc.
- City of Houston's Requests for Production to Metropolitan Landscape Management, Inc.
- City of Houston's First Set of Interrogatories to Metropolitan Landscape Management, Inc.

Thank you,

**Shellee Rodriguez**
**Paralegal**

**HUSCH BLACKWELL**
600 Travis Street,
Suite 2350
Houston, TX 77002-2629

Direct: 713-525-6225
Fax: 713-647-6884
Shellee.Rodriguez@huschblackwell.com
huschblackwell.com

**Financial Services & Capital Markets**
**Commercial Litigation**

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service.**
**Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon solutions to our clients' most complex challenges.**