# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 <br><br><br> **PLAINTIFFS' OPPOSITION TO CITY OF HOUSTON'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH** |

Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc., oppose the City of Houston's motion for protective order and motion to quash Plaintiffs' 30(b)(6) deposition. Houston's motions are its second attempt to prevent Plaintiffs from obtaining highly relevant discovery. Houston's first attempt required Plaintiffs to file a Motion to Compel, Dkt. 48. That resulted in this Court granting Plaintiffs' motion and ordering the production of the Colette Holt & Associates disparity study (CHA study) under a protective order. Dkt. 56 at 1. In granting Plaintiffs' motion, this Court recognized that Plaintiffs may seek additional discovery related to the CHA study—after all, this Court has already ruled the study is relevant to Plaintiffs' claims. *Id*. Plaintiffs' 30(b)(6) deposition notice directed at Houston seeks precisely that—information on the very same highly relevant topic.

1

Houston's attempts to prevent this discovery are plainly improper, and Houston's motion to compel and motion to quash should be denied.

## ARGUMENT

### A. The 30(b)(6) Deposition Is Relevant to Plaintiffs' Equal Protection Claim

In their Complaint, Plaintiffs allege that because Houston's race-conscious public contracting program "uses racial classifications to award public contracts, furthers no compelling interest, and is not narrowly tailored, it violates the Equal Protection Clause." *Id*. at ¶¶ 47–55. Whether there are relevant racial disparities in Houston city contracting and how the City interprets the (lack of) disparities is therefore *directly relevant* to the only defense Houston has so far mustered for its racially discriminatory program. Houston now inexplicably argues that because Plaintiffs were forced to pursue a motion to compel the production of some of those documents—*due to Houston's improper refusal to produce them*—Plaintiffs have "shown virtually no interest in pursuing that claim." Dkt. 58 at 1–2. This is absurd. The racially discriminatory program is unconstitutional and these documents are likely to shed further light on the alleged compelling interest Houston has for its continued racial discrimination.

**First**. This Court has already correctly determined that the CHA study is relevant to Plaintiffs' equal protection claim. Dkt. 56 at 1 (granting Plaintiffs' Motion to Compel, Dkt. 48). As this Court recognized in granting Plaintiffs' motion to

compel, evidence (or the lack thereof) of racial discrimination and racial disparities in Houston's public contract awards is *directly relevant* to whether Houston's MWBE program can withstand strict scrutiny. It is difficult to understand, then, why Houston contends that the 30(b)(6) deposition topics, which are all directly related to the relevant CHA study, are "irrelevant." Dkt. 58 at 4–5. The existence of racial disparities in Houston contracting is the City's *only* defense to the lawsuit.

**Second**. Again demonstrating its disregard for the Federal Rules of Civil Procedure, Houston incorrectly contends that Plaintiffs' requested discovery is "inadmissible as evidence and therefore outside the scope of permissible discovery." Dkt. 58 at 6–7. That is plainly wrong. After defining the scope of discovery in general, Fed. R. Civ. P. 26(b)(1) clearly states that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."

In any event, Houston's reason for the purported "inadmissibility" is also wrong. Whether or not a piece of evidence will be used at trial is not the measure of whether it is discoverable. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs' 30(b)(6) deposition notice is regarding a nonprivileged matter that this Court has already adjudicated to be relevant to Plaintiffs' equal protection claim and Houston's affirmative defense. Given that there is no dispute that the modest deposition request is proportional to the needs of the case, per the federal rules, Plaintiffs' deposition notice is entirely proper. Fed. R. Civ. P. 26(b)(1).

**Third**. Further discovery into the relevant CHA disparity study is not "facially irrelevant" because it involves Houston officials or City Council members. Dkt. 58 at 7. *City of Leon Valley*, cited by Houston, does not support this sweeping contention. Dkt. 58 at 7; *Elijah Group, Inc. v. City of Leon Valley*, No. SA-08-CV-0907, 2009 WL 774427 (W.D. Tex. March 24, 2009).[1] In fact, the language Houston relies upon is from a Texas *state court* of appeals decision. *Id*. at *1.

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971), is even less helpful for the City. Dkt. 58 at 7–8. In *Volpe*, the Supreme Court remanded the case to the district court and specifically held that it "may require the administrative officials who participated in the decision to give testimony explaining their action." *Id*. at 420. Since there were no formal administrative findings made at the time of the official decision at issue, the Court held that "it may be the only way that there can be effective judicial review is by examining the decisionmakers themselves." *Id*. at 420 (citing *Shaughnessy v. Accardi*, 349 U.S. 280 (1955)). Here, as in *Volpe*, there are no contemporary administrative findings (or any public record whatsoever) explaining why Houston decisionmakers disregarded a disparity study that cost taxpayers a ***million*** dollars. Neither are there any contemporary records that Houston has produced that show whether that disparity study's findings bear on the MWBE

---

[1] Houston incorrectly cites this case as a Southern District of Texas case. It is not; the decision comes from the San Antonio Division of the Western District of Texas and is correctly cited above.

4

program Houston continues to operate to this day. As in *Volpe*, "it may be that the only way there can be effective judicial review is by examining the decisionmakers themselves," and that is precisely what Plaintiffs' 30(b)(6) deposition notice seeks to do. Houston's motion for a protective order and motion to quash should be denied.

> **B.     Houston's 30(b)(6) Testimony Is Not Protected by the Mental Process Rule or the Deliberative Process Privilege**

The deliberative process privilege does "not protect Government secrecy pure and simple." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001). Even less apt is the mental process rule, which simply does not apply to Houston employees or City Council members. Neither exception bars Plaintiffs from obtaining 30(b)(6) testimony on a highly relevant issue.

>  i.     <u>The mental process rule does not apply to Houston employees or City Council members</u>

Houston incorrectly invokes the mental process rule in this case. The "mental processes rule" is an "exemption from compulsory testimony when necessary to protect the integrity and individual responsibility of government officials whose duties involve the exercise of judicial and quasi-judicial authority." *Gary W. v. State of Louisiana, Dep't of Health and Human Resources*, 861 F.2d 1366, 1368 (5th Cir. 1988); *see also U.S. v. Morgan*, 313 U.S. 409, 422 (1941) (exempting testimony of Secretary of Agriculture about administrative proceeding that "ha[d] a quality resembling that of a judicial proceeding.") (citation omitted); *Swanston v. City of Plano*, No. 4:19-cv-00412, 2020 WL 4732214 at *2–3 (E.D. Tex. Aug. 14, 2020)

5

(mental process privilege specifically prevents "judicial officers' compelled testimony concerning the mental processes used in formulating official judgments or the reasons that motivated [them] in the performance of [their] official duties.") (citation omitted). Houston makes no argument, nor can it, that Houston employees or City Council members were exercising judicial or quasi-judicial authority when discussing, deliberating, or making decisions regarding the CHA study. Dkt. 58 8–14. The mental process exception has no application here.

> ii. <u>The deliberative process privilege only applies to documents, not testimony</u>

The deliberative process privilege is a "form of executive privilege" which "shields from disclosure *documents* reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (citation omitted) (emphasis added). The privilege is codified in the Freedom of Information Act, which exempts "inter-agency or intra-agency *memorand[a] or letters* that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (emphasis added); *see also Ortega v. U.S. Dep't of the Treasury*, No. H-19-1079, 2019 WL 7598602 at *4 (S.D. Tex. Dec. 20, 2019) (applying deliberative process privilege to memorandum).

While the deliberative process privilege may apply to the document requests contained in Plaintiffs' 30(b)(6) deposition notice—which Plaintiffs do not

6

concede—Houston is emphatic that it seeks to shield only *testimony*. Dkt. 58 8–14. ("The scope of Plaintiffs' deposition topics makes clear that the sought-after testimony is protected by the deliberative process privilege and the closely related mental process privilege. Accordingly, the court must quash the deposition notice and prevent Plaintiffs from obtaining such testimony.") The word "testimony" appears twenty-one times in that section alone. *Id*. The deliberative process privilege does not apply to deposition testimony, and therefore cannot shield Houston from testifying on the topics presented in Plaintiffs' 30(b)(6) deposition notice.

    iii.    <u>The deliberative process privilege cannot quash the entire 30(b)(6) deposition</u>

Even if the deliberative process privilege does apply to deposition testimony, which it does not, Houston cites no cases that accomplish what it seeks here—to use the deliberative process privilege to quash an entire deposition. The out-of-circuit courts who have considered such blanket assertions of the deliberative process privilege in response to a Rule 30(b)(6) deposition request have found them to be improper. *E.E.O.C. v. Corrections Corp. of America*, No. 06-cv-01956, 2007 WL 4403528 at *1 (D. Colo. Dec. 13, 2007); *see also Alpha I, L.P., ex rel. Sands v. U.S.*, 83 Fed. Cl. 279, 290 (Ct. Fed. Cl. 2008) (finding "defendant's blanket assertion of the deliberative process privilege is premature" in context of deposition). Houston is free to object at deposition to particular questions, and Plaintiffs may counter those

objections in due course. What Houston may not do is invoke the privilege to quash the deposition entirely.

## CONCLUSION

For the foregoing reasons, this Court should deny Houston's motion for a protective order and motion to quash.

DATED: September 24, 2024.

Respectfully submitted,

| | |
|---|---|
| Anastasia Boden | /s/ Erin E. Wilcox |
| *Of Counsel* | Erin E. Wilcox |
| Cal. Bar No. 281911 | *Attorney-in-Charge* |
| S.D. Tex. Bar No. 3495077 | Cal. Bar No. 337427 |
| Joshua P. Thompson* | S.D. Tex. Bar No. 3369027 |
| *Of Counsel* | Pacific Legal Foundation |
| Cal. Bar No. 250955 | 555 Capitol Mall |
| Pacific Legal Foundation | Suite 1290 |
| 555 Capitol Mall | Sacramento, CA 95814 |
| Suite 1290 | Telephone: (916) 419-7111 |
| Sacramento, CA 95814 | Fax: (916) 419-7747 |
| Telephone: (916) 419-7111 | ewilcox@pacificlegal.org |
| Fax: (916) 419-7747 | |
| aboden@pacificlegal.org | |
| jthompson@pacificlegal.org | |

*\*Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 24, 2024, I served this document via the Court's electronic filing system to Defendants' counsel of record as follows:

Lori Yount
Senior Assistant City Attorney
Darah Eckert
Senior Assistant City Attorney, General Litigation Section
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, TX 77002
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Ben Stephens
Sandy Hellums-Gomez
Jarrett Dillard
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, TX 77002
ben.stephens@huschblackwell.com
sandy.gomez@huschblackwell.com
jarrett.dillard@huschblackwell.com
*Counsel for City of Houston*

Brett J. Sileo
Britton B. Harris
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, TX 77004
bsileo@hhstxlaw.com
bharris@hhstxlaw.com
*Counsel for Midtown Management District*

                                                        */s/ Erin E. Wilcox*
                                                        Erin E. Wilcox
                                                        Pacific Legal Foundation