# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br><br>        Defendants. | Civil Action No. 4:23-cv-03516 |

**CITY OF HOUSTON'S**
**<u>RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION</u>**

TO:    Plaintiffs Landscape Consultants of Texas, Inc. and Metropolitan Landscape Management, Inc., by and through their counsel of record.

Defendant City of Houston, Texas ("Defendant" or "the City") submits this as its

Responses to Plaintiffs' Requests for Admission.

*-signatures follow-*

1

Respectfully submitted,

By:    /s/ Ben Stephens
       Ben Stephens
       State Bar No. 24098472
       SDTX Bar No. 2898153
       ben.stephens@huschblackwell.com
       Sandy Hellums-Gomez
       State Bar No. 24036750
       SDTX Bar No. 561314
       sandy.gomez@huschblackwell.com
       Jarrett Dillard
       State Bar No. 24099801
       SDTX Bar No. 2980302
       jarett.dillard@huschblackwell.com

HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone:   (713) 647-6800
Facsimile:   (713) 647-6884

       /s/ Darah Eckert
       Darah Eckert
       Senior Assistant City Attorney
       State Bar No. 24007141
       SDTX Bar No. 1890045
       darah.eckert@houstontx.gov
       Lori J. Yount
       Senior Assistant City Attorney
       State Bar No. 2209496
       SDTX Bar No. 24084592
       lori.yount@houstontx.gov

ARTURO G. MICHEL
CITY ATTORNEY
SUZANNE R. CHAUVIN
CHIEF, GENERAL LITIGATION SECTION
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone:    (832) 393-6219
Facsimile:    (832) 393-6259

2

**ATTORNEYS FOR THE CITY OF HOUSTON**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of May, 2024, a true and correct copy of Defendant City of Houston, Texas' Responses to Plaintiffs' Request for Admission was served on counsel of record by email.

<u>*/s/ Ben Stephens*</u>
Ben Stephens

3

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the City has not disciplined, terminated, or otherwise sanctioned any employee or official for discrimination in the award of public contracts from January 1, 2019, to present.

**OBJECTIONS:**

This request concerns matters and seeks information not relevant to the claims and defenses of the parties, not proportional to the needs of the case, and is overbroad.

**RESPONSE:**

Subject to and without waiving the foregoing, admit.


**REQUEST FOR ADMISSION NO. 2:**

Admit that the City has identified no prime contract awards based on intentional discrimination against M/WBE bidders from January 1, 2019, to present.

**OBJECTIONS:**

This request concerns matters and seeks information not relevant to the claims and defenses of the parties, not proportional to the needs of the case, and is overbroad.

**RESPONSE:**

Subject to and without waiving the foregoing, admit.


**REQUEST FOR ADMISSION NO. 3:**

Admit that the City has specific procurement policies that forbid discrimination in awarding public contracts.

**RESPONSE:** Admit.

4

**REQUEST FOR ADMISSION NO. 4:**

Admit that the City has identified no instances of a prime contractor discriminating against M/WBE subcontractors on a City contract from January 1, 2019, to present.

**OBJECTIONS:**

This request concerns matters and seeks information not relevant to the claims and defenses of the parties, not proportional to the needs of the case, and is overbroad. Additionally, the terms "instances" and "discriminating" are vague, overbroad, and ambiguous.

**RESPONSE:**

Subject to and without waiving the foregoing, the City lacks sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the City has not debarred or sanctioned a public contractor for discrimination against M/WBE subcontractors from January 1, 2019, to present.

**OBJECTIONS:**

This request concerns matters and seeks information not relevant to the claims and defenses of the parties, not proportional to the needs of the case, and overbroad. Additionally, the terms "debarred" and "sanctioned" are vague, overbroad, and ambiguous.

**RESPONSE:**

Subject to and without waiving the foregoing, the City admits that no public contractor has been debarred.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the City has not adopted any study, report, or research that identifies specific instances of discrimination in procurement or public contracting from January 1, 2019, to present.

**RESPONSE:**

Subject to and without waiving the foregoing, the City admits it has not adopted any study, report, or research that identifies specific instances of discrimination in procurement or public contracting from January 1, 2019, to present. The City denies, however, that such a finding is necessary in evaluating the constitutionality of its MWBE program.

**REQUEST FOR ADMISSION NO. 7:**

Admit that from January 1, 2019, to present, the City has awarded the majority of its public construction contract dollars to the lowest responsive and responsible bidder through a competitive procurement process.

**OBJECTIONS:**

This request concerns matters and seeks information not relevant to the claims and defenses of the parties, not proportional to the needs of the case, and is overbroad. Furthermore, the City objects that the competitive procurement process is not always based on a "lowest responsive and responsible bidder" standard, and bidders may or may not be awarded a contract for any number of reasons. Accordingly, this request is confusingly phrased and is not capable of being answered as written.

**RESPONSE:**

Subject to and without waiving the foregoing, the City is unable to admit or deny this request as written.

6

**REQUEST FOR ADMISSION NO. 8:**

Admit that since at least January 1, 2019, to present, City contracts valued at $50,000.00 or more must be approved by the Houston City Council.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the definition of "minority person" in Houston Code §15-82 is based on the federal definition of "socially disadvantaged individuals" as used by federal agencies such as the U.S. Small Business Administration (13 C.F.R. 124.103(b)(1)) or U.S. Department of Transportation (49 C.F.R. 26.67(a)(1)).

**OBJECTIONS:**

The City objects that this request seeks admission of a legal conclusion.

**RESPONSE:**

Subject to the foregoing objection, this request cannot be admitted or denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the definition of "minority person" in Houston Code §15-82 is not based on specific data from the Houston metropolitan area.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Houston Code §15-82 includes persons who originate from five continents and dozens of countries.

**OBJECTIONS:**

This request concerns matters and seeks information not relevant to the claims and defenses of the parties, not proportional to the needs of the case, and is overbroad.

**RESPONSE:**

This request is not capable of being admitted or denied with certainty, and accordingly is denied.


**REQUEST FOR ADMISSION NO. 12:**

Admit that the City cannot identify for each of the countries encompassed or listed in Houston Code § 15-82 individuals who have suffered discrimination by the City of Houston in its procurement process or awards since January 1, 2019.

**OBJECTIONS:**

This request concerns matters and seeks information not relevant to the claims and defenses of the parties, and not proportional to the needs of the case, and is overbroad.

**RESPONSE:**

Subject to and without waiving the foregoing, the City admits it has not identified for each of the countries encompassed or listed in Houston Code § 15-82 individuals who have suffered discrimination by the City of Houston in its procurement process or awards since January 1, 2019. The City denies, however, that such a finding is necessary in evaluating the constitutionality of its programs.

**REQUEST FOR ADMISSION NO. 13:**

Admit that for purposes of MBE certification through the City of Houston, it is irrelevant whether an applicant is owned by a recent immigrant to the United States or an individual who has been a United States citizen for decades.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that when determining whether to certify a M/WBE applicant, the City does not require evidence that an applicant has experienced previous discrimination.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the MWSBE program disadvantages non-M/WBE certified firms that the City has never found to have engaged in discriminatory business practices.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that businesses interested in bidding on contracts offered by the City must take specific actions to compete for those contracts.

9

**RESPONSE:**

Admit.


**REQUEST FOR ADMISSION NO. 17:**

Admit that City contracts are not awarded based on a random selection drawn from all businesses in any particular geographic area.

**RESPONSE:**

Admit.


**REQUEST FOR ADMISSION NO. 18:**

Admit that from January 1, 2019, to present, City contracts have been awarded to businesses which are not located in the City of Houston, Harris County, or the Houston Metropolitan area.

**RESPONSE:**

Admit.


**REQUEST FOR ADMISSION NO. 19:**

Admit that from January 1, 2019, to present, at least one City contract has been awarded to stockholder-owned corporations which cannot be classified as M/WBEs or non-M/WBEs.

**OBJECTIONS:**

This request concerns matters and seeks information not relevant to the claims and defenses of the parties, and not proportional to the needs of the case.

**RESPONSE:**

10

The City lacks sufficient information to answer this request, and accordingly denies the request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the City has not identified any specific Constitutional or statutory violations related to its public contracting or procurement process or awards from January 1, 2019, to present.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the MWSBE Program does not remedy past, specific instances of discrimination that violate Constitutional or statutory requirements.

**OBJECTIONS:**

This request is vague and ambiguous. Strong evidence exists to evidence past racial and/or gender discrimination in public contracting.

**RESPONSE:**

This request cannot be admitted or denied as written.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the City has not formally adopted the 2020 Harris County disparity study as the basis for a compelling interest of its MWSBE program.

**RESPONSE:**

Admit.