# EXHIBIT 7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> Defendants. | Civil Action No. 4:23-cv-03516 |

## DEFENDANT MIDTOWN MANAGEMENT DISTRICT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY

TO:   Plaintiff, Landscape Consultants of Texas, Inc. by and through their attorney of record, Erin E. Wilcox, Pacific Legal Foundation, 555 Capitol Mall Suite 1290, Sacramento, CA 95814.

COMES NOW Midtown Management District, Defendant in the above-entitled and numbered cause, and pursuant to the provisions of the Federal Rules of Civil Procedure, files these Responses to Plaintiff's First Set of Interrogatories, Request for Admission, and Request for Production.

Respectfully submitted,

**HARRIS HILBURN, PLLC**

*/s/ Britton B. Harris*
Britton B. Harris
Attorney in Charge
So. Dist. of Texas No. 00021
Texas Bar. No. 09054500
bharris@hhstxlaw.com
1111 Rosalie
Houston, Texas 77004
Telephone: (713) 223-3936

Facsimile: (713) 224-5358
Attorneys for Defendant
Midtown Management District

OF COUNSEL:
Brett J. Sileo
So. Dist. Of Texas No. 22560
Texas Bar No. 00794634
bsileo@hhstxlaw.com
1111 Rosalie
Houston, Texas 77004
Telephone: (713) 223-3936
Facsimile: (713) 224-5358

## **CERTIFICATE OF SERVICE**

  I certify by my signature below that the above Discovery have been served upon counsel for Plaintiff via electronic service, under Federal Rules of Civil Procedure on this 5th day of April 2024.

               */s/Brett J. Sileo*
               Brett J. Sileo

## ANSWERS TO REQUEST FOR ADMISSIONS

1. Admit that the District has not disciplined, terminated, or otherwise sanctioned any employee or official for discrimination in the award of public contracts from January 1, 2019, to present.

**ANSWER:** Admit

2. Admit that the District has identified no prime contract awards based on intentional discrimination against M/WBE bidders from January 1, 2019, to present.

**ANSWER**: Admit

3. Admit that the District has specific procurement policies that forbid discrimination in awarding public contracts.

**ANSWER:** The District denies this request to the extent that it does not have a specific written procurement policy prohibiting discrimination but admits that the District's procurement policies follow state and federal law to the extent that state and federal law prohibit discrimination.

4. Admit that the District has identified no instances of a prime contractor discriminating against a M/WBE subcontractor on a District contract from January 1, 2019, to present.

**ANSWER**: Admit

5. Admit that the District has not debarred or sanctioned a public contractor for discrimination against a M/WBE subcontractor from January 1, 2019, to present.

**ANSWER:** Admit

6. Admit that the District has not adopted any study, report, or research that identifies specific instances of discrimination in procurement or public contracting from January 1, 2019, to present.

**ANSWER**: Admit

7. Admit that from January 1, 2019, to present, the District has awarded the majority of its public construction contract dollars to the lowest responsive and responsible bidder through a competitive procurement process.

**ANSWER**: Admit

8. Admit that as part of its MWDBE policy, the District awards 10 points to minority-owned and woman-owned business enterprises when evaluating bids.

**ANSWER**: Denied, although the District admits that it awards 10 points in the contracting process to businesses that qualify for such points under the District's diversity program, which requires a good faith effort to comply with the District's MWBE goal. The 10 points is not considered a "bonus" but part of the overall score for bidders out of 100 total points.

9. Admit that MWBEs certified by the City of Houston are eligible for the 10-point bonus on District contracts.

**ANSWER**: Admit

10. Admit that the District has adopted the City of Houston's definition of "minority person," as found in Houston Code § 15-82, when determining eligibility for the 10-point bonus.

**ANSWER**: Denied. The District did not adopt this definition by a board resolution, but it has been the policy of the District to use the City's definition of "minority person" when evaluating bidders.

11. Admit that the definition of "minority person" in Houston Code §15-82, as adopted for use by the District, is not based on specific data from the Houston metropolitan area.

**ANSWER**: The District cannot admit or deny this request, as it calls for knowledge of the City of Houston's process in adopting its code that the District does not possess.

12. Admit that Houston Code §15-82, as adopted for use by the District, includes individuals originating from five continents and dozens of countries.

**ANSWER**: Admitted from a plain reading of the code section.

13. Admit that the District cannot identify for each of the countries encompassed or listed in Houston Code § 15-82 individuals who have suffered discrimination by the District in its procurement process or awards since January 1, 2019.

**ANSWER**: Admitted, particularly because there are so many countries listed in this code section.

14. Admit that for purposes of MBE certification through the City of Houston, it is irrelevant whether an applicant is owned by a recent immigrant to the United States or an individual who has been a United States citizen for decades.

**ANSWER**: The District cannot admit or deny this request, as it calls for knowledge of the City of Houston's process in MBE certification that the District does not possess.

15. Admit that when determining whether to certify M/WBE applicant, the City of Houston does not require evidence that an applicant has experienced previous discrimination.

**ANSWER**: The District cannot admit or deny this request, as it calls for knowledge of the City of Houston's process in MWBE certification that the District does not possess.

16. Admit that the MWDBE policy and/or 10-point bonus disadvantages non-M/WBE certified firms that the District has never found to have engaged in discriminatory business practices.

**ANSWER:** The District's diversity program in procurement was designed to comply with state law requiring such a diversity program, and the District admits that state law requires the District to have a policy that may disadvantage non-MWBE firms even if such firms have not shown a history of discrimination themselves. The District further denies that the ten points included in the bid score for qualified and certified minority and women-owned businesses is considered a "bonus."

17. Admit that businesses interested in bidding on District contracts must take specific actions to compete for those contracts.

**ANSWER**: Admit

18. Admit that District contracts are not awarded based on a random selection drawn from all businesses in any particular geographic area.

**ANSWER**: Admit

19. Admit that from January 1, 2019, to present, District contracts have been awarded to businesses which are not located in the City of Houston, Harris County, or the Houston Metropolitan area.

**ANSWER**: Objection. This request is vague as it does not define what is meant by "located" The District does not look to determine where a business bidding on its contract has its headquarters, principal place of business or state of incorporation. The District believes that all of its service vendors have a physical presence in the Houston area (otherwise they would not be able to provide services to the District), and therefore, subject to this objection, this request is denied.

20. Admit that from January 1, 2019, to present, at least one District contract has been awarded to stockholder-owned corporations which cannot be classified as M/WBEs or non-M/WBEs.

**ANSWER**: This request can neither be admitted nor denied, as a stockholder owned corporation may be classified as either a MWBE or not an MWBE, and therefore a question asking to admit facts about a corporation that cannot be classified cannot be answered. The District would classify a corporation as either a qualified and certified MWBE or not a qualified and certified MWBE.

21. Admit that the District has not identified any specific Constitutional or statutory violations related to its public contracting or procurement process or awards from January 1, 2019, to present.

**ANSWER:** Admit

22. Admit that the 10-point bonus does not remedy past, specific instances of discrimination that violate Constitutional or statutory requirements.

**ANSWER**: Deny

23. Admit that the District has not formally adopted the 2020 Harris County disparity study as the basis for a compelling interest of its MWDBE policy and/or 10-point bonus.

**ANSWER**: Admitted to the extent that the District did not formally adopt the disparity study through a formal board resolution.