# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> *Defendants*. | Civil Action No. 4:23-cv-03516 <br><br><br> **PLAINTIFFS' SUMMARY OF MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## SUMMARY OF ARGUMENT

Plaintiffs Landscape Consultants of Texas and Metropolitan Landscape Management are small, family-owned Houston-area landscaping companies. Local government contracts form the bulk of their business, including contracts with Defendants City of Houston and Midtown Management District (Midtown). For years—four decades in Houston's case—both Defendants have operated race-based public contracting programs that put businesses like Plaintiffs at a significant disadvantage because of the race of their owners. Defendants' programs blatantly violate both the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981's guarantee of the full and equal benefit of the laws regardless of race. This unlawful and unconstitutional racial discrimination must end immediately.

## I.    Defendants' Programs Violate the Equal Protection Clause

The evidence that Defendants' programs do not satisfy strict scrutiny is overwhelming and irrefutable. First, neither Houston nor Midtown have a compelling interest to justify their use of racial classifications. Both Defendants openly admit that their programs do not remediate specific, identified instances of past discrimination that violated the Constitution or a statute. Both Defendants admit they know of no evidence of a prime contractor or one of their own employees discriminating against minority or women-owned businesses in the past five years. Both Defendants also admit that they know of no constitutional or statutory violations related to their public contracting programs in the past five years. Neither

1

Defendant has adopted any study that identifies discrimination within their public contracting programs' recent memory. Houston's program is based on an eighteen-year-old study; Midtown's program is based on nothing at all.

Neither program is narrowly tailored. Midtown relies on Houston's definition of a minority contractor; Houston's definition encompasses individuals from five continents and dozens of countries, though both Defendants admit that they have not identified individuals from any of those countries who have suffered actual discrimination in public contracting. The definition itself is both overinclusive and underinclusive, and neither Defendants' program has an end point—both hallmarks of a narrow tailoring failure.

Together, the lack of *any* evidence of discrimination in Defendants' public contracting programs and the complete absence of narrow tailoring within those programs mean this Court should grant Plaintiffs' motion for summary judgment and finally put an end to Defendants' unconstitutional racial discrimination.

## II. Defendants' Programs Discriminate on the Basis of Race in Violation of 42 U.S.C. § 1981

Defendants' intentional racial discrimination in violation of the Equal Protection Clause also violates Plaintiffs' right to the full and equal benefit of the law under § 1981. Section 1981's protections extend to everyone, regardless of race, leaving Plaintiffs to show only that Defendants intentionally discriminated against Plaintiffs due to their race, and that the discrimination concerned one of the activities

2

enumerated in the statute. And they can; Defendants' programs on their face exclude Plaintiffs due to the race of their owners while interfering with Plaintiffs' ability to contract with Houston and Midtown—an activity expressly protected by § 1981. Metropolitan lost a $350,000 contract with Midtown because its bid did not receive 10 points reserved for minority-owned businesses. Landscape Consultants is forced to give 11 percent of its current contract with Houston to a minority-owned competitor, even though Landscape Consultants' own (mostly minority) employees can do the work themselves. In addition to violating the Equal Protection Clause, Defendants' race-based programs both run afoul of § 1981 and should be struck down.

Dated: November 29, 2024.

|  | Respectfully submitted, |
|---|---|
| Anastasia Boden | s/ Erin E. Wilcox |
| *Of Counsel* | Erin E. Wilcox |
| Cal. Bar No. 281911 | *Attorney-in-Charge* |
| S.D. Tex. Bar No. 3495077 | Cal. Bar No. 337427 |
| Joshua P. Thompson* | S.D. Tex. Bar No. 3369027 |
| *Of Counsel* | Pacific Legal Foundation |
| Cal. Bar No. 250955 | 555 Capitol Mall, Suite 1290 |
| Pacific Legal Foundation | Sacramento, CA 95814 |
| 555 Capitol Mall, Suite 1290 | Telephone: (916) 419-7111 |
| Sacramento, CA 95814 | Fax: (916) 419-7747 |
| Telephone: (916) 419-7111 | ewilcox@pacificlegal.org |
| Fax: (916) 419-7747 |  |
| aboden@pacificlegal.org |  |
| jthompson@pacificlegal.org |  |
| *Pro Hac Vice |  |

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2024, I served this document via the Court's electronic filing system to Defendants' counsel of record as follows:

Lori Yount
Senior Assistant City Attorney
Darah Eckert
Senior Asst. City Attorney, General Litigation Section
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, TX 77002
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Ben Stephens
Sandy Hellums-Gomez
Jarett Dillard
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
ben.stephens@huschblackwell.com
sandy.gomez@huschblackwell.com
jarett.dillard@huschblackwell.com
*Counsel for City of Houston*

Brett J. Sileo
Britton B. Harris
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, Texas 77004
bsileo@hhstxlaw.com
bharris@hhstxlaw.com
*Counsel for Midtown Management District*

s/ *Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation