UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> *Defendants*. | Civil Action No. 4:23-cv-03516 <br><br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF HOUSTON'S MOTION FOR LEAVE TO EXCEED PAGE LIMITS** |

There are instances in life when it is better to ask forgiveness than permission. Federal court is not one of them. Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc., oppose Defendant City of Houston's motion for leave to exceed the page limits for its concurrently-filed motion for summary judgment, which violates Local Rule 7.1(D). Houston has once again ignored the rules governing litigation in this Court and its overlong brief should be struck.

## BACKGROUND

This case's Amended Scheduling Order has been in place for over ten months. Dkt 39. Per the Amended Scheduling Order, dispositive motions were due on

1

November 30, 2024. *Id*. On that date, Houston filed a Motion for Summary Judgment totaling 32 pages of argument. Dkt. 71. Houston also filed a Motion for Leave to Exceed Page Limits, seeking to exceed this Court's 20-page limit by an additional 15 pages. Dkt. 70. Houston explains that the additional pages are needed given the Court's limit of 20 pages with 14-point font, and because the application of strict scrutiny to Houston's race-based public contracting program requires Houston to "discuss statistical evidence contained in a lengthy study" and "cover thoroughly each of the factors pertinent to the narrow tailoring analysis." *Id*. Houston's Motion for Leave also includes the following "Certificate of Conference":

> Due to the Saturday deadline for the motion for summary judgment, as well as the Thanksgiving holiday weekend, counsel for the City has not had an opportunity to confer meaningfully with counsel for Plaintiffs or Midtown Management District. The City will do so at the earliest opportunity and will thereafter supplement this certificate of conference.

*Id*.

## ARGUMENT

Not only did Houston not "meaningfully confer" with Plaintiffs' counsel about its Motion for Leave, it did not confer with Plaintiffs' counsel *at all*. Nor can it do so after the fact. Local Rule 7.1(D) requires that opposed motions (except for those filed under Fed. R. Civ. P. 12(b), (c), (e), or (f) and 56), "contain an averment that (1) The movant has conferred with the respondent and (2) Counsel cannot agree about the disposition of the motion." Houston's motion does neither; instead,

2

Houston ignored LR 7.1(D) and filed its overlong brief anyway without seeking consent from the other parties or gaining this Court's approval first.

Houston has already ignored the rules that govern federal lawsuits multiple times in this case: it attempted to designate expert witnesses who must provide a written report without complying with Fed. R. Civ. P. 26(a)(2)(B); it propounded interrogatories under Rule 197 of the *Texas* Rules of Civil Procedure; it noticed a corporate deposition without complying with Fed. R. Civ. P. 30(b)(1) or (b)(6); and it filed a motion to compel related to deposition without first meeting and conferring with Plaintiffs' counsel as required by Local Rule 7.1(D)(1)–(2). Dkt. 61 at 2–5.

Houston was not, as its motion's "Certificate of Conference" implies, unable to comply with this Court's rules because of a holiday. The deadline for Houston's motion for summary judgement was not a surprise—it has been set since February 1, 2024. Dkt. 39. Presumably Thanksgiving was not a surprise either, given that it occurs every year. Instead, Houston is once again flouting the rules governing litigation in federal court—this time to gain the advantage of 12 extra pages of argument while Plaintiffs and Defendant Midtown Management District complied with the Court's rules. This Court should enforce its rules.

## CONCLUSION

For the foregoing reasons, this Court should deny Houston's Motion for Leave, strike Houston's noncomplying Motion for Summary Judgment, and order

Houston to re-file a motion for summary judgment that complies with the Court's 20-page limit—the same parameters Plaintiffs and Defendant Midtown Management District complied with. If the Court is not inclined to strike Houston's overlong Motion for Summary Judgment, it should impose sanctions to punish Houston's repeated disregard of this Court's rules.

Dated: December 2, 2024

|  |  |
|---|---|
|  | Respectfully submitted, |
| Anastasia Boden | s/ Erin E. Wilcox |
| *Of Counsel* | Erin E. Wilcox |
| Cal. Bar No. 281911 | *Attorney-in-Charge* |
| S.D. Tex. Bar No. 3495077 | Cal. Bar No. 337427 |
| Joshua P. Thompson* | S.D. Tex. Bar No. 3369027 |
| *Of Counsel* | Pacific Legal Foundation |
| Cal. Bar No. 250955 | 555 Capitol Mall |
| Pacific Legal Foundation | Suite 1290 |
| 555 Capitol Mall | Sacramento, CA 95814 |
| Suite 1290 | Telephone: (916) 419-7111 |
| Sacramento, CA 95814 | Fax: (916) 419-7747 |
| Telephone: (916) 419-7111 | ewilcox@pacificlegal.org |
| Fax: (916) 419-7747 |  |
| aboden@pacificlegal.org |  |
| jthompson@pacificlegal.org |  |

*Pro Hac Vice*

*Counsel for Plaintiffs*

Houston to re-file a motion for summary judgment that complies with the Court's 20-page limit—the same parameters Plaintiffs and Defendant Midtown Management District complied with. If the Court is not inclined to strike Houston's overlong Motion for Summary Judgment, it should impose sanctions to punish Houston's repeated disregard of this Court's rules.

Dated: December 2, 2024

|  |  |
|---|---|
|  | Respectfully submitted, |
| Anastasia Boden | s/ Erin E. Wilcox |
| *Of Counsel* | Erin E. Wilcox |
| Cal. Bar No. 281911 | *Attorney-in-Charge* |
| S.D. Tex. Bar No. 3495077 | Cal. Bar No. 337427 |
| Joshua P. Thompson* | S.D. Tex. Bar No. 3369027 |
| *Of Counsel* | Pacific Legal Foundation |
| Cal. Bar No. 250955 | 555 Capitol Mall |
| Pacific Legal Foundation | Suite 1290 |
| 555 Capitol Mall | Sacramento, CA 95814 |
| Suite 1290 | Telephone: (916) 419-7111 |
| Sacramento, CA 95814 | Fax: (916) 419-7747 |
| Telephone: (916) 419-7111 | ewilcox@pacificlegal.org |
| Fax: (916) 419-7747 |  |
| aboden@pacificlegal.org |  |
| jthompson@pacificlegal.org |  |

*Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I served this document via the Court's electronic filing system to Defendants' counsel of record as follows:

Lori Yount
Senior Assistant City Attorney
Darah Eckert
Senior Asst. City Attorney, General Litigation Section
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, TX 77002
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Ben Stephens
Sandy Hellums-Gomez
Jarett Dillard
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
ben.stephens@huschblackwell.com
sandy.gomez@huschblackwell.com
jarett.dillard@huschblackwell.com
*Counsel for City of Houston*

Brett J. Sileo
Britton B. Harris
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, Texas 77004
bsileo@hhstxlaw.com
bharris@hhstxlaw.com
*Counsel for Midtown Management District*

                 s/ *Erin E. Wilcox*
                 Erin E. Wilcox
                 Pacific Legal Foundation