# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> *Defendants*. | Civil Action No. 4:23-cv-03516 <br><br><br> **PLAINTIFFS' MOTION TO STRIKE AND FOR SANCTIONS AGAINST DEFENDANT CITY OF HOUSTON** |

## INTRODUCTION

Disparity studies play a central role in this case. First is the legally stale, 18-year-old disparity study from 2006 that Defendant City of Houston still relies on to justify its racially discriminatory public contracting program. Next is a 2012 construction industry study that Houston references despite the fact that the study never mentions landscaping contracts. Then there is the 2020 Colette Holt & Associates study that Houston officials buried before the city council could vote on it and refuses to release publicly. Now comes an MGT Study, a final draft dated May 7, 2024, that was never disclosed to Plaintiffs. The MGT Study is notable because, like the 2020 Colette Holt & Associates study, it is also a draft that has not been voted on by the city council and does not inform city policy. Houston withheld the MGT Study throughout discovery and then ambushed Plaintiffs with it at summary judgment. As a result of Houston's explicit violation of Fed. R. Civ. P. 26(e), this Court should prohibit Houston from relying on the MGT Study during summary judgment, strike all references to the MGT Study in Houston's summary judgment briefs, and award reasonable attorney's fees and costs to Plaintiffs.

## PROCEDURAL HISTORY

Houston issued initial disclosures pursuant to Fed. R. Civ. P. 26 on December 20, 2023. Ex. 1. The MGT Study was not referenced or produced as part of Houston's initial disclosures. *Id*. On March 6, 2024, Plaintiffs propounded their first

set of Requests for Production of Documents on Houston. Ex. 2. Plaintiffs requested that Houston produce the MGT Study directly and unequivocally:

> **Request for Production No. 11:** All documents relating to any draft, incomplete, or complete disparity study undertaken by MGT Consulting, from January 1, 2020, to present.

*Id*. at 7.[1] Houston responded to Plaintiffs' Requests for Production on May 6, 2024. Ex. 3. Houston's responses did not include the MGT Study or related documents, nor did Houston provide a privilege log indicating that responsive documents were being withheld. *Id*.

Instead, Houston waited until two months after discovery closed on September 30, 2024, and then attached the MGT Study final draft to its motion for

---

[1] The MGT Study is also encompassed by at least four other requests:

> **Request for Production No. 3**: All annual, periodic, or other reports, studies, evaluations, or similar documents on the City's procurement awards from January 1, 2019, to present.
> **Request for Production No. 4**: All reports, studies, evaluations, or similar documents on procurement outcomes for MWSBE firms (including any reports, studies, evaluations, or similar documents broken out by race, ethnicity, or sex) and non-MWSBE firms from January 1, 2019, to present.
> **Request for Production No. 6**: All requests for proposals, requests for qualifications, invitations to bid, and awarded contracts for research or consulting services related to alleged race, ethnicity, or sex-based discrimination in City procurement decisions or awards from January 1, 2014, to present.
> **Request for Production No. 7**: All underlying data for any research or study relating to the City's MWSBE program, including all published and unpublished disparity studies, from January 1, 2019, to present.

Ex. 2 at 6–7.

2

summary judgment. Dkt. 71, Hoyrd Decl. Ex. D, E. Houston relies extensively on the study's findings throughout its motion. Dkt. 71. The study is dated May 7, 2024—the day after Houston served its responses to Plaintiffs' first set of requests for production— yet Houston did not supplement its responses with the MGT Study on this date, or at any point during discovery. Dkt. 71, Hoyrd Decl. Ex. D, E.

## ARGUMENT

The basic purpose of Fed. R. Civ. P. 26(e) is to prevent prejudice and surprise. *Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 86 (5th Cir. 1994). Rule 26(e)(1)(A) requires that:

> [a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

The federal discovery rules are intended to prevent "trial by ambush" by narrowing and clarifying issues and giving parties "mutual knowledge of all relevant facts, thereby preventing surprise." *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978); *see also Abrahamsen v. Trans-State Express Inc.*, 92 F.3d 425, 428–29 (6th Cir. 1996) ("Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case."). Orderly and fair litigation is so important that the duty to supplement

3

continues even beyond discovery. *Ramirez v. City of El Paso*, No. EP-17-cv-00193, 2022 WL 16702705, at *1 (W.D. Tex. Nov. 2, 2022) (citing *Covil Corp. ex rel. Protopapas v. U.S. Fid. & Guar. Co.*, 544 F.Supp.3d 588, 595–96 (M.D.N.C. 2020) (collecting cases)).

Houston is attempting to hide the ball in this case by withholding the MGT disparity study until discovery closed and springing it on Plaintiffs at summary judgment. This is exactly the outcome Rule 26(e) is designed to prevent. Because Houston ignored its continuing duty to supplement its discovery responses and cannot justify its blatant disregard of the federal rules, sanctions under Rule 37(b) and (c) are appropriate.

I.  **Houston Did Not Supplement Its Discovery Responses**

Plaintiffs asked for the MGT Study draft—point blank—in their March 6, 2024, requests for production. Ex. 2, no. 11. Two months later, Houston responded that "responsive and non-privileged documents will be produced" and transmitted 685 pages of documents. Ex. 3, no. 11; Ex. 4. Houston supplemented its production twice thereafter—yet never included the MGT Study. Ex. 8, 9. The MGT Study draft is dated the day after Houston responded to Plaintiffs' first requests for production. Dkt. 71, Hoyrd Decl. Ex. D, E. Yet despite Houston's continuing obligation to supplement its discovery responses, the first time Plaintiffs saw the MGT Study was when Houston filed its motion for summary judgment. Dkt. 71. There can be no

4

question that Houston was under an obligation to supplement its discovery responses once the MGT Study became available on May 7, 2024, but chose not to.

**II.     The MGT Study Was Not "Otherwise Made Known" to Plaintiffs**

Parties are excused from their continuing obligation to supplement under Rule 26(e) only if the additional information "otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *see, e.g.*, *E.E.O.C. v. Mazzanti*, No. 2:07-cv-171, 2009 WL 927426, at *3 (N.D. Miss. Apr. 2, 2009) (no prejudice for failure to disclose witnesses where movant knew the individuals and the information each of them possessed); *Reimer v. Center for Counseling & Health Res.*, No. C07-1123, 2008 WL 2944900, at *1–2 (W.D. Wash. July 17, 2008) (same); *Marcellino v. Fed. Express Corp.*, No. 09-C-903, 2010 WL 4286379, at *4 (N.D. Ill. Oct. 20, 2010) (same).

This safe harbor provision does not apply to Houston. While Plaintiffs were aware that a new disparity study was in progress—and specifically requested it in discovery—they had no way of knowing the contents of the study until Houston filed it as an exhibit to its motion for summary judgment on November 30. Houston closely guards disparity study drafts; Plaintiffs were forced to file a motion to compel in order to access the draft 2020 Colette Holt & Associates Study and have been denied further discovery on that topic. Dkt. 48; Dkt. 64. The MGT Study should

5

have been produced in May 2024, and Rule 26(e)(1)(A) is no excuse for Houston deliberately concealing the study from Plaintiffs.

### III. Houston Cannot Rely on the MGT Study at Summary Judgment

If a party fails to provide information as required by Rule 26(a) or (e), it may not use that information to supply evidence on a motion or at a hearing unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). To determine whether a Rule 26 violation is harmless or substantially justified, courts consider "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Houston cannot succeed on any factor and this Court should bar it from relying on the MGT Study in all summary judgment pleadings in this case.

*The MGT Study is important*. The current MWSBE Program is unconstitutional. Houston knows it; it is unjustifiable. That's why Houston attempts to use a nondisclosed study to justify a hypothetical program that it might enact sometime in the future. Houston relies exclusively on the MGT Study to support its argument that the city's MWSBE program is constitutional under the Equal Protection Clause. Dkt. 71 at 22–38. Houston cites the study as "statistical and anecdotal evidence of race discrimination in City contracting." *Id*. at 25–29. Houston

cites the study as evidence that the city is a "passive participant" in racial discrimination. *Id*. at 29–31. And because the 2006 disparity study that supports Houston's current MWSBE program is legally stale, Houston cites the MGT Study as "confirm[ing] that many of the same disparities identified in the 2006 and 2012 studies persist." *Id*. at 31–32.

Houston's narrow tailoring argument is entirely dependent on the MGT Study as well; instead of explaining how its current MWSBE program is narrowly tailored, Houston says what it might do if the MGT Study's recommendations are adopted and given the force of law. *Id*. at 34–38. Houston's wholesale reliance on the MGT Study's findings show the importance of this evidence that Houston withheld from Plaintiffs throughout discovery.

*Plaintiffs will be seriously prejudiced if the MGT Study is not excluded*. Discovery has been closed in this case for almost two months. Dkt. 39. Plaintiffs filed their motion for summary judgment on November 29, 2024, without knowledge that a final draft of the MGT Study existed, or of its contents, or that Houston intended to rely on the MGT Study's contents for its own summary judgment motion. Dkt. 68. Because Houston withheld the MGT Study draft during discovery, Plaintiffs had no opportunity to examine the study, request its underlying data, depose Houston or MGT officials, seek expert opinions on the study prior to summary judgment, or otherwise prepare to address the foundation of Houston's

7

primary equal protection argument.[2] Forcing Plaintiffs to pivot at the eleventh hour to challenge withheld evidence is exactly the type of prejudice the federal discovery rules are intended to prevent. *See Shelak*, 581 F.2d at 1159–60.

*A continuance to reopen discovery on the MGT Study will not cure the prejudice to Plaintiffs*. To the contrary, it would prejudice Plaintiffs further by keeping Houston's unconstitutional MWSBE program in place even longer. This Court has already denied Houston's first attempt to delay resolution in this case to buy time for the city council to revise the MWSBE program and potentially moot Plaintiffs' case. Dkt. 56. Any further delay due to Houston's intentional Rule 26(e) violation will reward Houston's misconduct and achieve what Houston's previous Motion for Stay did not. Continuances are not warranted when they will not "deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990); *see also Seilham v. Commonwealth Land Title Ins. Co.*, 360 F.Supp.3d 412, 421 (E.D. La. Dec. 21, 2018) (refusing to continue trial to allow late expert discovery "because discovery is closed and this matter is ripe for decision on the cross-motions for summary judgment."). A continuance will also disrupt the scheduling order that has been in place since February 1, 2024. Dkt. 39. This case is at summary judgment and

---

[2] Incredibly, Houston faults Plaintiffs for not rebutting the MGT Study, criticizing Plaintiffs for "not provid[ing] an expert report identifying any problems" with the study Houston never disclosed in the first place. Dkt. 71 at 31.

8

briefing is nearly complete. Houston's refusal to comply with the federal rules should not delay the final decision Plaintiffs are plainly entitled to. *See CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009) (reopening discovery at late stage of litigation is not harmless).

*There is no valid explanation for Houston's failure to disclose.* Houston engaged MGT Consulting to conduct a disparity study in March 2023. Dkt. 71, Hoyrd Decl. ¶ 9. Houston cannot claim it was unaware of the MGT Study during the discovery period of this lawsuit; by the time Plaintiffs filed their complaint in September 2024, MGT had been at work for six months. Dkt. 1. When Houston served its initial disclosures, MGT had been at work for nine months. Ex. 1. When Plaintiffs served Request for Production No. 11, which specifically asked for all documents relating to MGT Consulting's work for Houston, MGT had been working on the disparity study for one year. Ex. 2, no. 11. When Houston responded to Plaintiffs' document requests, MGT had been working on the disparity study for fourteen months. Ex. 3. And when discovery closed on September 30, 2024, MGT had been working on the disparity study for eighteen months and had produced a final draft dated May 7, 2024. Dkt. 39; Dkt. 71, Hoyrd Decl. Ex. D, E. Just as Houston officials held meetings to discuss the progress of the 2020 Colette Holt & Associates disparity study (which the city council never voted on and Houston refuses to release publicly), similar meetings presumably occurred regarding the

9

MGT Study. Ex. 5. Houston cannot credibly claim that it was unaware of the MGT Study until it filed its motion for summary judgment on November 30, 2024.

Nor can Houston claim that the MGT Study is not responsive to Plaintiffs' document requests. Plaintiffs' Request for Production No. 11 references the study specifically, and Requests 3, 4, 6, and 7 encompass elements of the study. Ex. 2. And given that Houston based its entire equal protection argument on the MGT Study, it cannot credibly claim that the MGT Study is outside the scope of discovery under Rule 26(b)(1). With no justification for its intentional Rule 26(e) violation, Houston must not be allowed to use the MGT Study at summary judgment. Fed. R. Civ. P. 37(c)(1).

## IV. Additional Sanctions Are Warranted Under Rule 37(c)

While Houston's decision to intentionally ignore Rule 26(e) and withhold key evidence from Plaintiffs is counsel's most blatant federal rule violation in this lawsuit to date, it is not the first. Houston's counsel has a pattern of disregarding this Court's rules, which has driven up Plaintiffs' litigation costs through unnecessary briefings and which threaten to delay the final resolution Plaintiffs are entitled to. In addition to being prohibited from using the MGT Study at summary judgment under Rule 37(c)(1), additional sanctions of reasonable attorney's fees and costs, as well as striking the portions of Houston's motion for summary judgment and its

10

opposition to Plaintiffs' motion for summary judgment that reference the MGT Study are appropriate. Fed. R. Civ. P. 37(c)(1)(A), (C).

Houston's refusal to follow the federal rules began early in discovery, when it attempted to designate expert witnesses who must provide a written report without complying with the requirements of Rule 26(a)(2)(B). Ex. 6. Counsel next propounded interrogatories under Rule 197 of the Texas Rules of Civil Procedure, which does not apply to discovery in federal court. Ex. 7. After that, Houston gave Plaintiffs' counsel seven business days' notice of the date of three depositions to be taken without complying with Rule 30(b)(1)'s requirement for "reasonable written notice to every other party" and to "state the time and place of the deposition." Dkt. 61 at 2. Houston also ignored Rule 30(b)(6) by not describing "with reasonable particularity the matters for examination" and failing to "confer in good faith about the matters for examination." *Id*. Houston's counsel ignored the conference requirement again when it filed a motion for additional pages for its summary judgment motion without first conferring with the other parties, in violation of Local Rule 7.1(D). Dkt. 72. Taken individually, each of these violations created unnecessary expense and time for Plaintiffs and their counsel. Taken together, they demonstrate a blatant and intentional disregard for the rules and procedures that are intended to facilitate orderly and equitable litigation. And failing to produce the one document that forms the basis of its entire defense—a document Plaintiffs

11

*specifically requested*—is Houston's most egregious violation of the federal rules to date.

An award of attorney's fees and costs for the preparation of this motion to strike is appropriate under Rule 37(c)(1)(A). Houston deliberately and intentionally failed to produce the MGT Study to Plaintiffs, in order to ambush them at summary judgement and delay resolution of this lawsuit to Houston's advantage.[3] "[A] district court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it." *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir. 1976). Under Rule 37, "overleniency is to be avoided where it results in inadequate protection of discovery." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970). Where a party willfully fails to disclose production of responsive material in violation of the opposing side's discovery rights, courts in this circuit order the payment of reasonable fees and costs. *See, e.g.*, *ESN, LLC v. Cisco Systems, Inc.*, 685 F.Supp.2d 631, 651 (E.D. Tex. Dec. 30, 2009) (ordering defendants to reimburse plaintiff for all expenses, including attorney's fees, reasonably associated with defendants' failure to timely produce relevant document); *FDIC v. Conner*, 20 F.3d 1376, 1382–83 (5th Cir. 1994) (affirming

---

[3] While Houston acted in bad faith by concealing the MGT Study until after discovery closed, even "negligent failures are sanctionable." *Tri Investments, Inc. v. United Fire & Casualty Co.*, No. 5:18-cv-116, 2019 WL 13114344, at *2 (S.D. Tex. Oct. 30, 2019) (citation omitted).

monetary sanction for violation of discovery order); *Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 510–11 (N.D. Tex. Apr. 18, 2016) (ordering award of attorney's fees and expenses for failure to produce documents).

The Court may also impose "other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(c)(1)(C). In addition to prohibiting Houston from referencing or relying on the MGT Study in the cross motion for summary judgment briefing under Rule 37(c)(1), the Court should also strike the portions of Houston's motion for summary judgment, dkt. 71, that reference the MGT Study, as well as any portions of Houston's opposition to Plaintiffs' motion for summary judgment that reference the MGT Study, under Rule 37(b)(2)(A)(iii).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike and for Sanctions should be granted. Specifically, this Court should: (1) prohibit Houston from referencing or relying on the MGT Study in the cross-motion for summary judgment briefing currently underway in this lawsuit; (2) order Houston to pay Plaintiffs' reasonable costs, including attorney's fees, for the preparation of this Motion; and (3) strike all references to the MGT Study in Houston's motion for summary judgment, dkt. 71, and any opposition to Plaintiff's motion for summary judgment.

DATED:  December 20, 2024.

|  | Respectfully submitted, |
|---|---|
| Anastasia Boden | s/ Erin E. Wilcox |
| *Of Counsel* | Erin E. Wilcox |
| Cal. Bar No. 281911 | *Attorney-in-Charge* |
| S.D. Tex. Bar No. 3495077 | Cal. Bar No. 337427 |
| Joshua P. Thompson* | S.D. Tex. Bar No. 3369027 |
| *Of Counsel* | Pacific Legal Foundation |
| Cal. Bar No. 250955 | 555 Capitol Mall |
| Pacific Legal Foundation | Suite 1290 |
| 555 Capitol Mall | Sacramento, CA 95814 |
| Suite 1290 | Telephone: (916) 419-7111 |
| Sacramento, CA 95814 | Fax: (916) 419-7747 |
| Telephone: (916) 419-7111 | ewilcox@pacificlegal.org |
| Fax: (916) 419-7747 |  |
| aboden@pacificlegal.org |  |
| jthompson@pacificlegal.org |  |

*\*Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs and Defendant City of Houston conferred via email on December 20, 2024, and could not agree about the disposition of this motion. Defendant City of Houston does not consent to this motion.

*/s/ Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, I served this document via the Court's electronic filing system to Defendants' counsel of record as follows:

Lori Yount
Senior Assistant City Attorney
Darah Eckert
Senior Asst. City Attorney, General Litigation Section
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, TX 77002
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Ben Stephens
Sandy Hellums-Gomez
Jarett Dillard
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
ben.stephens@huschblackwell.com
sandy.gomez@huschblackwell.com
jarett.dillard@huschblackwell.com
*Counsel for City of Houston*

Brett J. Sileo
Britton B. Harris
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, Texas 77004
bsileo@hhstxlaw.com
bharris@hhstxlaw.com
*Counsel for Midtown Management District*

s/ *Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation