# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, <br><br> *Defendants*. | Civil Action No. 4:23-cv-03516 <br><br><br> **PLAINTIFFS' SUMMARY OF OPPOSITION TO DEFENDANT CITY OF HOUSTON'S MOTION FOR SUMMARY JUDGMENT** |

## SUMMARY OF ARGUMENT

Defendant City of Houston is not entitled to summary judgment as a matter of law and its Motion for Summary Judgment should be dismissed.

## I. Plaintiffs Have Article III Standing

Houston wrongly contends that Plaintiffs cannot establish the first prong of Article III standing, the injury in fact, because its MWSBE program does not disadvantage Plaintiffs. Dkt. 71 at 16–18, 20–22. Houston misunderstands the nature of Plaintiffs' injury; in an equal protection challenge to a race-based public contracting program, the "'injury in fact' is the inability to compete on an equal footing in the bidding process, not the loss of a contract." *N.E. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993); *see also Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 211 (1995); *Parents Involved in Community Schools v. Seattle Sch. Dist. No. 1*, 551 U.S. 702, 719 (2007). Houston's arguments to the contrary—for example, that Plaintiffs are not completely excluded from bidding, or that there is no mandatory penalty for failure to meeting MWSBE contract goals—do not change the fact that Houston's racially discriminatory MWSBE program prevents Plaintiffs from bidding on an equal basis. Dkt. 71 at 16–17. *That* is Plaintiffs' injury in fact, and it is sufficient for Article III standing. *N.E. Fla.*, 508 U.S. at 666; *W.H. Scott Const. Co. v. City of Jackson*, 199 F.3d 206, 212 (5th Cir. 1999).

Having established an injury in fact, Houston cannot limit Plaintiffs' standing to challenging only "other services" contracts, rather than the MWSBE program as a whole. Dkt. 71 at 18–19. Houston presents no evidence that the city ordinance on which the MWSBE program is based is severable or that it administers its MWSBE policy differently for "other services" contracts as opposed to professional services, construction, or goods contracts. Further, Plaintiffs seek relief from the MWSBE program's racial classifications. Dkt. 1 ¶¶ 47–55. These racial classifications determine which business owners are eligible to become certified as a minority business enterprise and enjoy a racial preference when bidding on Houston public contracts. Houston Code § 15-82. The administrative category Houston places landscaping companies in for purposes of bidding is irrelevant in this challenge to Houston's use of racial classifications in its MWSBE program.

## II.  Houston's MWSBE Program Fails Strict Scrutiny

Houston does not argue that its current MWSBE ordinance and program are constitutional. Instead, it relies entirely on an unadopted, draft disparity study that plays no role in the creation or administration of the program that Plaintiffs challenge. Dkt. 71 at 25–38. Plaintiffs' accompanying Motion to Strike explains why this Court should not consider this unadopted, draft study. Without it, Houston has no evidence of a compelling interest to support its race-based public contracting

program, and cannot show that the program is narrowly tailored to accomplish any compelling interest.

Houston presents no evidence of "specific, identified instances of past discrimination that violated the Constitution or a statute" because it admits that it is not aware of any racial discrimination within its MWSBE program. *Students for Fair Admissions v. President and Fellows of Harvard Coll.*, 600 U.S. 181, 207 (2023) (*SFFA*). With no evidence of discrimination to remedy, Houston has no compelling interest in operating a race-conscious public contracting program.

Houston's narrow tailoring arguments are equally unfounded. It makes no attempt to show any "serious, good faith consideration of workable race-neutral alternatives" to the MWSBE program, and relies largely on the unadopted, draft disparity study that should not be considered by this Court. *Grutter v. Bollinger*, 539 U.S. 306, 339 (2003); Dkt. 71 at 34–38. Houston fails to prove that the MWSBE program Houston *currently* operates, and which Plaintiffs challenge, is narrowly tailored.

## CONCLUSION

For the foregoing reasons, Houston's motion for summary judgment should be denied and Plaintiffs' motion for summary judgment, Dkt. 68, should be granted.

DATED: December 20, 2024.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Anastasia Boden | s/ Erin E. Wilcox |
| *Of Counsel* | Erin E. Wilcox |
| Cal. Bar No. 281911 | *Attorney-in-Charge* |
| S.D. Tex. Bar No. 3495077 | Cal. Bar No. 337427 |
| Joshua P. Thompson* | S.D. Tex. Bar No. 3369027 |
| *Of Counsel* | Pacific Legal Foundation |
| Cal. Bar No. 250955 | 555 Capitol Mall |
| Pacific Legal Foundation | Suite 1290 |
| 555 Capitol Mall | Sacramento, CA 95814 |
| Suite 1290 | Telephone: (916) 419-7111 |
| Sacramento, CA 95814 | Fax: (916) 419-7747 |
| Telephone: (916) 419-7111 | ewilcox@pacificlegal.org |
| Fax: (916) 419-7747 |  |
| aboden@pacificlegal.org |  |
| jthompson@pacificlegal.org |  |

*Pro Hac Vice

*Counsel for Plaintiffs*

DATED: December 20, 2024.

|  | Respectfully submitted, |
|---|---|
| Anastasia Boden | s/ Erin E. Wilcox |
| *Of Counsel* | Erin E. Wilcox |
| Cal. Bar No. 281911 | *Attorney-in-Charge* |
| S.D. Tex. Bar No. 3495077 | Cal. Bar No. 337427 |
| Joshua P. Thompson* | S.D. Tex. Bar No. 3369027 |
| *Of Counsel* | Pacific Legal Foundation |
| Cal. Bar No. 250955 | 555 Capitol Mall |
| Pacific Legal Foundation | Suite 1290 |
| 555 Capitol Mall | Sacramento, CA 95814 |
| Suite 1290 | Telephone: (916) 419-7111 |
| Sacramento, CA 95814 | Fax: (916) 419-7747 |
| Telephone: (916) 419-7111 | ewilcox@pacificlegal.org |
| Fax: (916) 419-7747 |  |
| aboden@pacificlegal.org |  |
| jthompson@pacificlegal.org |  |

*Pro Hac Vice*

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2024, I served this document via the Court's electronic filing system to Defendants' counsel of record as follows:

Lori Yount
Senior Assistant City Attorney
Darah Eckert
Senior Asst. City Attorney, General Litigation Section
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, TX 77002
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Ben Stephens
Sandy Hellums-Gomez
Jarett Dillard
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
ben.stephens@huschblackwell.com
sandy.gomez@huschblackwell.com
jarett.dillard@huschblackwell.com
*Counsel for City of Houston*

Brett J. Sileo
Britton B. Harris
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, Texas 77004
bsileo@hhstxlaw.com
bharris@hhstxlaw.com
*Counsel for Midtown Management District*

s/ *Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation
