# EXHIBIT A

C:\Users\e166530\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\RJUL1W97\Ch. 15 Ordinance-5.6.2025-FINAL (002).docx

# City Of Houston, Texas, Ordinance No. 2025-$\underline{378}$

**AN ORDINANCE ADOPTING THE DISPARITY STUDY PERFORMED BY MGT CONSULTING GROUP, LLC, TO INFORM FUTURE PROGRAM RECOMMENDATIONS AND POLICY DECISIONS AFFECTING THE CITY'S MINORITY, WOMEN, AND SMALL BUSINESS ENTERPRISE PROGRAM; AMENDING VARIOUS PROVISIONS OF CHAPTER 15 OF THE CODE OF ORDINANCES, HOUSTON, TEXAS, RELATING TO MINORITY, WOMEN, AND SMALL BUSINESS PARTICIPATION IN CITY CONTRACTING; ADDING ARTICLE XII ESTABLISHING A VETERAN-OWNED BUSINESS ENTERPRISE PROGRAM; ADOPTING CITY-WIDE GOALS FOR THE CITY'S MINORITY, WOMEN, AND SMALL BUSINESS ENTERPRISE PROGRAM; MAKING VARIOUS FINDINGS AND PROVISIONS RELATING TO THE FOREGOING SUBJECT; PROVIDING FOR SEVERABILITY; AND DECLARING AN EMERGENCY.**

\* \* \* \* \*

**WHEREAS**, Chapter 15 of the City of Houston Code of Ordinances, contains provisions applicable to City contracting; and

**WHEREAS**, historically, the City's minority and woman business enterprise ("MWBE") program has been designed to ensure that the effects of past discrimination against minority and women owned businesses were mitigated with the goal of providing a process to open City contracting opportunities to such businesses; and

**WHEREAS**, to ensure compliance with constitutional mandates concerning race and gender specific MWBE programs and to satisfy the requirement that the City perform a new disparity study, the City engaged the services of MGT Consulting Group, LLC ("MGT") to examine the past and current status of minority-owned business enterprises ("MBEs"), women-owned business enterprises ("WBEs") (collectively "MWBEs"), in the geographic and product markets for contracting with the City; and

**WHEREAS**, the results of the disparity study conducted by MGT ("MGT Study") provided both statistical and anecdotal evidence of business discrimination against MWBEs in the City's relevant market area; and

**WHEREAS**, MGT provided the City with a host of recommendations to assist the City in narrowly tailoring its MWBE program; and

**WHEREAS**, the Office of Business Opportunity posted the MGT Study online and held a public comment period from November 20, 2024 to January 14, 2025;

**WHEREAS**, between January 1, 2025 and April 30, 2025, the City conducted multiple stakeholder meetings and public engagement opportunities to actively solicit input and perspectives from community members, business owners, and other interested parties regarding the findings in the MGT Study;  and

**WHEREAS**, the Office of Business Opportunity recommends that City Council adopt a plan of action to enhance the City's Minority, Women, and Small Business Enterprise Program ("MWSBE Program") including:

1) The adoption of revised city-wide contracting goals based upon the findings offered in the MGT Study;

2) Utilizing the data collected during the MGT Study to make additional recommendations for the MWSBE program;

3) The removal of the current cap for SBE contracts in the construction category and expanding the use of SBEs to all contract categories;

4) The establishment of a coordinated set of support services designed to address the comprehensive needs of small business entities, such as a mentor protégé program, partnering with private sector to enhance graduation program, creating a small business hub, and expanding a small contractor rotation program; and

5) Comprehensive proposed amendments to Chapter 15 of the Code of Ordinances the effect of which:

   a. Creates both a veteran-owned small business certification and a service-disabled veteran-owned small business certification;

   b. Closes a potential loophole in the definitions of minority and women business enterprises;

   c. Establishes a personal net worth requirement for qualifying for certifications; and

   d. Allows more flexibility for qualifying disabled business owners to obtain certification; **NOW THEREFORE,**

**BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF HOUSTON, TEXAS:**

**Section 1.** The findings set forth in the preamble of this Ordinance are determined to be true and correct and are hereby adopted as part of this Ordinance.

**Section 2.** That City Council adopts the most recent disparity study, conducted by MGT ("MGT Study"), recognizing the qualitive, quantitative and anecdotal data as the basis for the Administration instructing the Office of Business Opportunity to take

additional time to consider the data and the findings of the MGT Study to inform future policy recommendations.

**Section 3.** That, based upon the MGT Study, City Council hereby finds that there is continued statistical and anecdotal evidence of business discrimination against MWBEs in the City's relevant market area which provides a basis for the City to maintain a race and gender conscious program in City contracting.

**Section 4.** That City Council hereby finds there is still disparity for MWBE business ownership classifications across the contracting categories.

**Section 5.** That, within three months from the effective date of this Ordinance, the Director of the Office of Business Opportunity, shall provide the Administration with a written report containing additional recommendations for the MWSBE program, if any, and a corresponding timeline to improve equity in the City's contracting practices.

**Section 6.** That Section 15-83 of the Code of Ordinances vests City Council with the authority to set annual city-wide percentage goals for city contracting with MBEs and WBEs.

**Section 7.** That City Council hereby establishes the following city-wide MWSBE annual goals in City contracting per category, excluding those construction contracts funded by the U.S. Department of Transportation/Federal Aviation Administration: a 34% MWBE goal for construction, with 23% for MBE and the other 11% for WBE, a 26% combined MWBE goal for professional services, a 15% combined MWBE goal for goods, and a 19% combined MWBE goal for non-professional services.

**Section 8.** That City Council directs and authorizes department directors, in conjunction with the Director of the Office of Business Opportunity, to assign contract-specific goals that may include the utilization of available SBEs to meet established contract-specific goals and, cumulatively, the aggregated city-wide MWSBE annual goal in City contracting.

**Section 9.** That City Council hereby determines that the use and participation of SBEs shall no longer be capped on a contract-specific MWSBE goal in City contracting in the construction category. Instead, SBEs may be used across all contract categories, as determined by the Director of the Office of Business Opportunity, to allow for more flexible use of SBEs. The Director of the Office of Business Opportunity shall establish a coordinated set of support services designed to address the comprehensive needs of small business entities, including but not limited to a mentor protégé program, partnering with private sector to enhance graduation program, creating a small business hub, and expanding the small contractor rotation program. Within one year from the effective date of this Ordinance, the Director of the Office of Business Opportunity shall report back to City Council regarding the progress of the expansion of the SBE program and establishment of support services.

**Section 10.** That the Director of the Office of Business Opportunity shall establish a timeline for public education regarding participation in the City's MWBE and the expansion of the City's SBE program.

**Section 11.** That the definition of the term *Commercially useful function* in Section 15-82 of the Code of Ordinances, Houston, Texas, is hereby amended to read as follows:

- 4 -

"*Commercially useful function* means a discrete task or group of tasks, the responsibility for performance of which shall be discharged by the MWSBE by using its own forces or by actively supervising on-site the execution of the tasks by another entity for whose work the MWSBE is responsible. In determining whether a MWSBE is performing a commercially useful function, factors including but not limited to the following shall be considered: (1) whether it has the skill and expertise to perform the work for which it is being utilized and possesses all the necessary licenses; (2) whether it is in the business of performing, managing or supervising the work for which it has been certified and is being utilized; and (3) whether it is performing a real and actual service that is a distinct and verifiable element of the work called for in a contract. An entity may use an employee's license in lieu of the owner's for purposes of determining whether the entity is performing a commercially useful function only when the owner has a documented disability, relevant and specific to the required license, making licensure impossible, when allowed under federal and state law, and otherwise still possesses the skill and expertise to perform the work for which the entity is being utilized. MWSBEs shall be responsible for performing more than fifty percent of the task or group of tasks being counted toward the applicable participation goal unless subcontracting such task or group of tasks in excess of fifty percent has been expressly authorized via a waiver by the OBO director."

**Section 12.** That the definition of the term *Local firm, local MWSBE, or locally based when describing a firm or entity seeking certification* in Section 15-82 of the Code of Ordinances, Houston, Texas, is hereby amended to read as follows:

"*Local firm, local MWSBE,* or *locally based when describing a firm or entity seeking certification* means a sole proprietorship, partnership, corporation or any other business entity with a significant business presence in the metropolitan statistical area that includes the City of Houston ("MSA"), as defined by the Office of Management and Budget within the Executive Office of the President of the United States. A significant business presence includes the requirement that a MWSBE have an established place of business in the MSA that has a substantial role in the MWSBE's performance of a commercially useful function."

**Section 13.** That the definition of the term *Minority business enterprise or MBE* in Section 15-82 of the Code of Ordinances, Houston, Texas, is hereby amended to read as follows:

- 5 -

"*Minority business enterprise or MBE* means:

    a.    A business which is:

        i.    A sole proprietorship in which the owner is a minority person who owns, controls and manages the business; or

        ii.    A corporation in which at least 51 percent of the stock or of the assets of such corporation is owned, controlled and managed by one or more minority persons; or

        iii.    A partnership in which at least 51 percent of the assets of such partnership is owned, controlled and managed by one or more minority persons; or

        iv.    Any other business or professional entity in which at least 51 percent of the assets in such business or professional entity is owned, controlled and managed by one or more minority persons; or

        v.    A business which has been certified as an MBE by the office of business opportunity under any other recognized MBE program; and

    b.    The majority owner on whom the MBE status relies has a personal net worth that does not exceed the current threshold outlined in the Office of Business Opportunity's Policies and Procedures."

**Section 14.** That the definition of the term *Women business enterprise or WBE* in Section 15-82 of the Code of Ordinances, Houston, Texas, is hereby amended to read as follows:

"*Women business enterprise or WBE* means:

a.    A business which is:

    i.    A sole proprietorship in which the owner is a woman who owns, controls and manages the business; or

    ii.    A corporation in which at least 51 percent of the stock or assets of such corporation is owned, controlled and managed by one or more women; or

- iii. A partnership in which at least 51 percent of the assets of such partnership is owned, controlled and managed by one or more women; or

- iv. Any other business or professional entity in which at least 51 percent of the assets in such business or professional entity is owned, controlled and managed by one or more women; or

- v. A business which has been certified as a WBE by the office of business opportunity under any other recognized WBE program; and

b. The majority owner on whom the WBE status relies has a personal net worth that does not exceed the current threshold outlined in the Office of Business Opportunity's Policies and Procedures."

**Section 15.** That the definitions of the terms *Armed Forces* and *Disabled veteran* in Section 15-91 of the Code of Ordinances, Houston, Texas, are hereby repealed and removed from the code.

**Section 16.** That the definition of the term *Persons with disabilities business enterprise or PDBE* in Section 15-91 of the Code of Ordinances, Houston, Texas, is hereby amended to read as follows:

"*Persons with disabilities business enterprise* or *PDBE* means:

a. A business that is:

- i. A sole proprietorship in which the owner is a person with a disability who owns, controls and manages the business; or

- ii. A corporation in which at least 51 percent of the stock or of the assets of the corporation is owned, controlled and managed by one or more persons with a disability; or

- iii. A partnership in which at least 51 percent of the assets of the partnership is owned, controlled and managed by one or more persons with a disability; or

iv. Any other business or professional entity in which at least 51 percent of the assets in the business or professional entity is owned, controlled and managed by one or more persons with a disability; and

b. The majority owner on whom PDBE status relies on has a personal net worth that does not exceed the current threshold outlined in the Office of Business Opportunity's Policies and Procedures."

**Section 17.** That Chapter 15 of the Code of Ordinances, Houston, Texas, is hereby amended by adding a new Article XII that reads as set forth in Exhibit A, attached hereto and incorporated herein.

**Section 18.** That, if any provision, section, subsection, sentence, clause, or phrase of this Ordinance, or the application of same to any person or set of circumstances, is for any reason held to be unconstitutional, void or invalid, the validity of the remaining portions of this Ordinance or their application to other persons or sets of circumstances shall not be affected thereby, it being the intent of the City Council in adopting this Ordinance that no portion hereof or provision or regulation contained herein shall become inoperative or fail by reason of any unconstitutionality, voidness or invalidity of any other portion hereof, and all provisions of this Ordinance are declared to be severable for that purpose.

**Section 19.** That there exists a public emergency requiring that this Ordinance be passed finally on the date of its introduction as requested in writing by the Mayor; therefore, this Ordinance shall be passed finally on such date and shall take effect immediately upon its passage and approval by the Mayor.

**PASSED AND ADOPTED ON**  5-7-2025

**APPROVED ON**  _____

Pursuant to Article VI, Section 6, Houston City Charter, the effective date of the foregoing Ordinance is: 5-7-2025.

ATTEST:  CITY OF HOUSTON, TEXAS
Signed by:

_____  _____
City Secretary of the City of Houston  Mayor of the City of Houston

PREPARED BY:

_____
Senior Assistant City Attorney
RG:JGH:kro 5/7/2025
(Requested by Cylenthia Hoyrd, Director, Office of Business Opportunity
L.D. File No. CON-0000002540

CAPTION PUBLISHED IN DAILY COURT
REVIEW
DATE: 5-13-2025

- 9 -

# ROLL CALL VOTE  ITEM 14

**Mayor Whitmire** y

C.M. Peck  y

C.M. Jackson  y

C.M. Kamin  abs

C.M. Evans-Shabazz  y

C.M. Flickinger  abs

C.M. Thomas  y

C.M. Huffman  N

C.M. Castillo  y

C.M. Martinez  y

C.M. Pollard  y

C.M. Castex-Tatum  y

C.M. Ramirez  N

C.M. Davis  y

C.M. Carter  N

C.M. Plummer  y

C.M. Alcorn  y

12-Y
3-N  PASSED

Rev. 01/16

Meeting 5/07/2025

| Aye | No | |
|---|---|---|
| ✓ | - | **Mayor Whitmire** |
| .... | .... | **Council Members** |
| ✓ | | Peck |
| ✓ | | Jackson |
| absent on City business | | Kamin |
| ✓ | | Evans-Shabazz |
| absent on personal business | | Flickinger |
| ✓ | | Thomas |
| | ✓ | Huffman |
| ✓ | | Castillo |
| ✓ | | Martinez |
| ✓ | | Pollard |
| ✓ | | Castex-Tatum |
| | ✓ | Ramirez |
| ✓ | | Davis |
| | ✓ | Carter |
| ✓ | | Plummer |
| ✓ | | Alcorn |
| Caption | Adopted | |

Captions Published in DAILY COURT REVIEW
Date:            5/13/2025

# EXHIBIT A

Chapter 15 **CONTRACTS**

**ARTICLE XII.  VETERAN-OWNED BUSINESS ENTERPRISES**

**Sec. 15-183.    Declaration of policy.**

(a) It is the policy of the city to stimulate the growth of local veteran-owned small businesses, including service-disabled veteran-owned small businesses, by encouraging the full participation of such businesses in all phases of its procurement activities and by affording them a full and fair opportunity to compete for all city contracts. The purposes and objectives of this article are:

  (1) To increase the utilization of local VOSB enterprises to provide goods and services; and

  (2) To provide opportunities for local VOSB enterprises to broaden and enhance their range of capacities; and

  (3) To increase opportunities for local VOSB enterprises to serve as contractors for the supply of goods and services to the city, in addition to acting as subcontractors to others.

(b) This article is intended to be remedial in nature and to continue only until its purposes and objectives are met as determined by regular periodic reviews.

(c) This article is not intended to duplicate, supplement or overlap in any fashion any state or federal program providing aid or assistance to veterans, or to entities that aid or assist veterans, with respect to rehabilitation, employment, job training, housing, economic or medical assistance and shall be construed and applied in a manner entirely separate from and independent of any such state or federal program.

**Sec. 15-184.    Definitions.**

(a) The following words and phrases, when used in this article, shall have the meanings provided in this section, unless the context clearly indicates another meaning.

  *Armed Forces* means the United States Army, Navy, Air Force, Marine Corps, or Coast Guard.

  *Disabled veteran* means an individual who served on active duty in the armed forces, separated from the Armed Forces under honorable conditions, and has a disability rating letter issued by the Department of Veterans Affairs establishing a service-connected disability rating between zero and one-hundred percent, or a disability determination from the Department of Defense.

  *Owned, controlled and managed* means that the one or more veterans who own the requisite interests in or assets of a business applying for veteran-owned small business certification possesses equivalent incidents of such ownership,

including an equivalent interest in profit and loss, and has contributed an equivalent percentage of capital and equipment to the business. Contributions of capital and equipment must be real and substantial. In instances where expertise is relied upon to demonstrate ownership, control, and management, it must be shown that the expertise is: (1) in a specialized field; (2) in an area(s) critical to the firm's operation and performance of a commercially useful function; (3) critical to the firm's continued success; and (4) documented in the records of the firm, including but not limited to documentation showing the particular expertise and its value to the firm. Additionally, the individual whose expertise is relied upon must have a significant financial investment in the business. Ownership shall be measured as though not subject to the community property interest of a spouse, if both spouses certify in writing that the nonparticipating spouse relinquishes control over his or her community property interest in the subject business (but by doing so is not required to transfer to his or her spouse his or her community property ownership interest or to characterize the property as the separate property of the spouse). The one or more VOSB owners shall have recognized, ultimate control over all day-to-day business decisions affecting the VOSB and shall hold a title commensurate with such control. Such ultimate control shall be known to and at least tacitly acknowledged in day-to-day operations by employees of the business.

*Service-Disabled Veteran*, as defined in 13 CFR §128.102, as amended, is a veteran who is registered in the Beneficiary Identification and Records Locator Subsystem or successor system, maintained by Department of Veterans Affairs' Veterans Benefits Administration as a service-disabled veteran.

*Service-Disabled Veteran-owned small business* or *SDVOSB* means, as found in 13 CFR Part 128, as amended, a SBE that is not less than fifty-one (51) percent owned, controlled and managed by one or more service-owned veterans, or in the case of any publicly owned business, not less than fifty-one (51) percent of the stock of which is owned by one or more service-disabled veterans.

*Small business enterprise* or *SBE* means a firm whose gross revenues or number of employees, averaged over the past three years, inclusive of any affiliates as defined by 13 CFR Section 121.103, does not exceed the size standards defined in Section 3 of the Federal Small Business Act and applicable Small Business Administration regulations related to the size standards found in 13 CFR Part 121. The term shall also include a certified VOSB defined in this Code.

*Veteran*, as defined in 13 CFR Part 128, as amended, is a person who served on active duty with the Armed Forces for any length of time and at any place and who was discharged or released under conditions other than dishonorable. Reservists or members of the National Guard called to federal active duty or disabled from a disease or injury incurred or aggravated in line of duty or while in training status also qualify as a veteran.

>> *Veteran-owned small business* or *VOSB* means, as found in 13 CFR Part 128, as amended, a SBE that is not less than fifty-one (51) percent owned, controlled and managed by one or more veterans, or in the case of any publicly owned business, not less than fifty-one (51) percent of the stock of which is owned by one or more veterans.

(b)     See section 15-82 of this Code for additional definitions.

### Sec. 15-185.     Program elements.

(a)     Unless expressly excepted under this article, all elements, requirements and procedures of the MWSBE program set forth in article V of this chapter, including, without limitation, applicable definitions, reporting requirements, goal-setting procedures, city department procedures, exceptions, contract and participation provisions, plan filing requirements, sanctions and established business enterprise provisions, are hereby adopted and incorporated as if fully set forth herein and shall be applied to VOSBs and SDVOSBs, in the same manner as to MWSBEs. In addition, the office of business opportunity may set a preference or contract-specific goals for VOSBs and SDVOSBs.

(b)     The office of business opportunity (OBO) has responsibility for establishing procedures for the VOSB program consistent with the directives set forth under section 15-84 of this Code for the MWSBE program; provided, that the office of business opportunity may simplify, condense or modify reporting and monitoring responsibilities consistent with the anticipated lower volume of VOSB contracts in the interest of administrative efficiency.

(c)     All procedures established under this section shall be reviewed and approved by the city attorney prior to implementation. A copy of all procedures established hereunder shall be maintained in the office of business opportunity for inspection, and copies may be purchased at the fees prescribed by law.

### Sec. 15-186.     Certification.

(a)     The OBO director shall establish a methodology for certification as a VOSB and SDVOSB and provide for such certification in the office of business opportunities polices and procedures. The city may rely on a party's inclusion in the dataset of VOSBs and SDVOSBs maintained by the U.S. Small Business Administration, or certification by another public or private entity that uses similar certification procedures.

(b)     The OBO shall make the final determination as to whether a business is a VOSB or SDVOSB.

(c)     The submission of documentation by a person or business entity that is required to establish status as a VOSB or SDVOSB that is found to contain false information is grounds for suspension or debarment.

**Sec. 15-187.   Purchases of personal property.**

(a) *Contracts of $100,000.00 or more.* In purchasing any personal property that is not affixed to real property, if the city receives one or more bids from a bidder that is a VOSB or SDVOSB and whose bid is within three percent of the lowest bid price received by the city from a bidder who is not a VOSB or SDVOSB, the city shall, subject to the provisions of section 15-98, enter into a contract with a value of $100,000.00 or more with:

(1)   The lowest bidder; or

(2)   The bidder that is a VOSB or SDVOSB, as defined in this article.

(b) *Contracts under $100,000.00.* In purchasing any personal property that is not affixed to real property, if the city receives one or more bids from a bidder that is a VOSB or SDVOSB and whose bid is within five percent of the lowest bid price received by the city from a bidder that is not a VOSB or SDVOSB, the city shall, subject to the provisions of section 15-98, enter into a contract for an expenditure of less than $100,000.00 with:

(1)   The lowest bidder; or

(2)   The bidder that is a VOSB or SDVOSB, as defined in this article.

**Sec. 15-188.   Purchases of services.**

(a) In procuring services, including construction services, the contracting department shall, subject to the provisions of section 15-98 and subject to Texas Government Code § 2254.004, grant a preference to a VOSB or SDVOSB. In no event shall a contract for services be granted to a VOSB or SDVOSB that is not within:

(1)   Five percent of the lowest bidder for contracts under $100,000.00; or

(2)   Three percent of the lowest bidder for contracts of $100,000.00 or more.

**Sec. 15-189.   Purchases under $50,000.00.**

Subject to Texas Government Code § 2254.004, when procuring goods or services valued at less than $50,000.00 that are not the subject of a blanket purchase order or contract, the city shall, subject to the requirements of section 15-98, select VOSB or SDVOSB provided that any such vendor's bid is no more than five percent greater than the lowest bid, in the event the lowest bid is from one other than VOSB or SDVOSB.

**Sec. 15-190.    Responsibilities and enforcement.**

(a)   OBO shall be responsible for the certification of a business as a VOSB or SDVOSB in accordance with Section 15-93.

(b)   Department directors shall maintain written records of all departmental actions under this program. Departments are charged with primary responsibility for monitoring their contracts for compliance with the program.

(c)   The contracting or evaluating department shall award additional points to a VOSB or SDVOSB in any bid based on a "best value" evaluation.

(d)   The strategic purchasing division ("SPD") and OBO, in consultation with the legal department, are directed to provide written guidance, including guidance on best value bids, to departments for implementing this article. Such guidance shall include a preference structure that grants the highest number of points to a VOSB or SDVOSB and no points to a business that is not a VOSB or SDVOSB.

(e)   The submission of a form pursuant to subsection (a) above found to contain false information is grounds for debarment per section 15-103(1)(c) of this Code.

(f)   The OBO shall produce semi-annual reports, commencing January 1, 2026, summarizing the dollar amount of procurements awarded to VOSB or SDVOSB under this program.

**Sec. 15-191.    Exceptions.**

(a)   This program does not apply to any contract in which the federal government participates in the form of a grant or loan, or the city acts as a conduit for federal money.

(b)   This program does not apply to contracts in which the contracting department has determined that it would unduly interfere with contract needs. In cases of purchases over $100,000.00, such determination shall be made in writing, expressly approved by the department director, and furnished in advance to the OBO.

**Sec. 15-192.    Effective date.**

This article shall be effective as to solicitations for procurements published on or after July 1, 2025.

## MAYOR'S REQUEST FOR EMERGENCY PASSAGE

To the Honorable City Council of the City of Houston:

In accordance with the provisions of Article VII, Section 7 of the Charter of the City of Houston, I submit and introduce to you the ordinances set out in the attached agenda for the meeting of the City Council of the City of Houston on the 6th and 7th day of MAY 2025, with the request that all such ordinances, except for those ordinances making a grant of any franchise or special privilege, or requiring multiple readings under state law or the City Charter, be passed finally on the date of their introduction. Other than those items excepted, there exists a public emergency requiring final passage on the date of introduction, and I accordingly request that you pass the same if they meet with your approval.

DATE: MAY 6, 2025

Signed by:

Mayor of the City of Houston

DocuSigned by: Steven David
C3855B63AE1F45D...