# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br>　　　　*Plaintiffs*,<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br>　　　　*Defendants*. | Civil Action No. 4:23-cv-3516 |

## DEFENDANT MIDTOWN MANAGEMENT DISTRICT'S OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBITS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT MIDTOWN MANAGEMENT DISTRICT in the above-entitled and numbered cause who these Objections to Plaintiffs' Trial Exhibits, as follows: .

Midtown objects to the following exhibits Plaintiffs intend to offer as evidence at trial as shown by their inclusion on Plaintiff's trial exhibit list submitted on October 31, 2025.

**Plaintiffs' Exhibit P-004, Deposition of Marlon Marshall 30(b)(6) transcript**
**Plaintiffs' Exhibit P-019, Deposition of Gerald Thompson transcript**
**Plaintiffs' Exhibit P-033, Deposition of Cylenthia Hoyrd 30(b)(6) transcript**
**Plaintiffs' Exhibit P-042, Deposition of Andres Bernal transcript**
**Plaintiffs' Exhibit P-044, Deposition of George La Noue transcript**

Plaintiffs appear to intend to offer the entirety of these deposition transcripts as evidence at trial. Plaintiffs have not designated any particular portion of these transcripts that they intend to offer, and the complete admission of the entirety of the deposition transcripts is against court rules. Plaintiffs have not shown that any of these witnesses would be unavailable at trial and that it would be necessary therefore to introduce their testimony by way of deposition. Federal Rule of Civil Procedure 32(a)(3) provides that "a witnesses' testimony (jury or non-jury trial) may not be offered by deposition at any trial before the Court unless the witness is found by the Court to be unavailable pursuant to Federal Rule of Civil Procedure 32(a)(3). Marlon Marshall is an employee and representative of Midtown and is expected to testify at trial. Gerald Thompson is on the Plaintiffs' witness list and, as the owner and representative of Plaintiffs, is expected to testify at trial. Cylenthia Hoyrd is an employee and representative of the City of Houston, is on the City's witness list, and presumably will be available to testify at trial. Andres Bernal is an expert retained by the City of Houston and George La Noue is an expert retained by Plaintiffs, both appear on those parties' witness lists, and presumably will be available to testify at trial. Midtown would additionally offer specific objections to portions of the

deposition testimony if Plaintiffs identified the portions of the depositions that they intend to offer as evidence at trial.

**Plaintiffs' Exhibit P-005,**     Marhsall Depo Ex. 001 Notice of Rule 30(b)(6) Deposition
**Plaintiffs' Exhibit P-034,**     Hoyrd Depo Ex. 01 Notice of Rule 30(b)(6) Deposition

These deposition notices are not admissible. The notices are not evidence and are inadmissible hearsay under Fed. Rule of Evid. 801 and are irrelevant pursuant to Fed. R. of Evid. 401.

**Plaintiffs' Exhibit P-020, Thompson Ex. 003 Complaint**

The Complaint filed in this case is not evidence. The Complaint contains inadmissible hearsay as well as argument by Plaintiffs and their counsel. The Complaint is a pleading and it is not properly admissible at trial.

**Plaintiffs' Exhibit P-021**     Thompson Dep Ex. 004, Declaration of Gerald Thompson

The Declaration of Gerald Thompson contains inadmissible hearsay that is not admissible pursuant to Fed. R. Evid. 801. It is an out of court statement that would be offered for the truth of the matters asserted in the Declaration.

**Plaintiffs' Exhibit P-022**     Thompson Dep Ex. 005, PLF Article 1

This exhibit is a news article about Plaintiffs' business publi9shed by a website operated by Pacific Legal, the organization that is providing representation to the Plaintiffs in prosecuting this case. Midtown objects to this proposed exhibit

because there is a lack of authenticity under Local Rule 46.  Midtown further objects that this article is inadmissible hearsay pursuant to Fed. R. Evid. 801. Further, this article is irrelevant to the issues in this case and more prejudicial than probative and should be excluded under F. R. Evid. 401 or 403.

**Plaintiffs' Exhibit P-038        Hoyrd Depo Ex. 05 City of Houston's MSJ**

The City of Houston's motion for summary judgment is a pleading in this matter and is not admissible evidence.  The motion and its exhibits constitute inadmissible hearsay pursuant to Fed. R. Evid. 801.

**Plaintiffs' Exhibit P-047        La Noue Depo Ex 3 Rebuttal Expert Report**

This exhibit is a written report from Plaintiffs' retained expert, George La Noue.  This report constitutes inadmissible hearsay pursuant to Fed. R. Evid. 801. Dr. La Noue's trial testimony is also subject to a motion to exclude filed by the City of Houston, and his report should be excluded as evidence for the same reasons that his trial testimony should also be excluded as argued by City of Houston in the City's motion to exclude.

                Respectfully submitted,

                HARRIS HILBURN, P.L.L.C.

                /s/ *Britton B. Harris*
                Britton B. Harris
                Attorney in Charge
                So. Dist. of Texas No. 00021
                Texas Bar. No. 09054500
                bharris@hhstxlaw.com
                1111 Rosalie Street
                Houston, Texas 77004
                Telephone:  713-223-3936
                Facsimile:  713-223-3936
                **ATTORNEYS FOR DEFENDANT**
                  **MIDTOWN MANAGEMENT**

**DISTRICT**
OF COUNSEL:
Brett J. Sileo
So. Dist. Of Texas No. 22560  Texas Bar No. 00794634
bsileo@hhstxlaw.com Harris Hilburn, PLLC. 1111 Rosalie
Houston, Texas 77002
Telephone: (713) 223-3936

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system following the Federal Rules of Civil Procedure, on November 7, 2025.

/s/ *Brett J. Sileo*
Brett J. Sileo