# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC., | Civil Action No. 4:23-cv-03516 |
| *Plaintiffs*, | |
| v. | |
| CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT, | |
| *Defendants*. | |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc., respectfully submit this Notice to alert the Court to the United States Supreme Court's opinion in *Louisiana v. Callais*, *et al.*, __S.Ct.__, No. 24-109, slip op., 2026 WL 1153054 (Apr. 29, 2026).

The Court's opinion in *Callais* is particularly relevant to Plaintiffs' case for two reasons. First, the opinion extends the Court's criteria for a compelling government interest, most recently stated in *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181, 207 (2023) (*SFFA*), beyond the context of higher education admissions. *Callais*, 2026 WL 1153054, at *10 (citing *SFFA*). In *SFFA*, the Court held that there are "only two compelling

interests" sufficient to justify government discrimination on the basis of race: "avoiding imminent and serious risks to human safety in prisons, such as a race riot," and "remediating specific, identified instances of past discrimination that violated the Constitution or a statute." 600 U.S. at 207. While the Court in *SFFA* never limited this holding to higher education admissions, its application to a Voting Rights Act case further emphasizes its applicability in other contexts like public contracting. Here, both Defendants admit that they have zero evidence of any specific constitutional or statutory violations related to their public contracting or procurement processes or awards. Joint Admissions of Fact, Dkt. 118-5 ¶¶ 7, 22. Thus, Defendants' race-conscious public contracting programs cannot and do not remediate specific, identified instances of past discrimination that violated the Constitution or a statute. As *Callais* now reinforces, this standard applies *any* time the government treats individuals differently on the basis of race, regardless of the context of that racial discrimination.

Second, *Callais* affirms that for any effort to remediate past discrimination to qualify as a compelling state interest, the discrimination must first be "identified discrimination." *Callais*, 2026 WL 1153054, at *10 (quoting *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 499 (1989)). The Court is clear and unequivocal that the government "must identify the specific instances of past discrimination that it aims to remediate," and that the government has "no compelling interest in generally

remediating 'past discrimination in a particular industry or region' or "the effects of societal discrimination.'" *Id*. (quoting *Shaw v. Hunt*, 517 U.S. 899, 910 (1996)). Defendant City of Houston admits that its race-conscious public contracting program is "not intended to remedy any single specific, past violation of the U.S. Constitution, but to mitigate and remedy the effects of past discrimination and its lingering effects against minority and woman-owned businesses, and to make public contracting opportunities equally available to such businesses." Joint Admissions of Fact, Dkt. 118-5 ¶ 2. Similarly, Defendant Midtown Management District's race-conscious public contracting program is intended to "stimulate the grown of minority, women, and disadvantaged business enterprises by encouraging the full participation of MWDBE businesses in all phases of its procurement activities and affording those firms a full and fair opportunity to compete for contracts." *Id*. at ¶ 9. These programs do not remediate specific, identified instances of past discrimination that violate the Constitution or a statute; they are attempts to remediate the effects of societal discrimination. Like *Shaw*, *Croson*, and *SFFA* before it, *Callais* reaffirms this is not a compelling government interest sufficient to withstand strict scrutiny. This Court should enter judgment for Plaintiffs.

DATED: May 8, 2026.

|  | Respectfully submitted, |
|---|---|
| Laura D'Agostino* | s/ Erin E. Wilcox |
| *Of Counsel* | Erin E. Wilcox |
| D.C. Bar. No. 241868 | *Attorney-in-Charge* |
| Dean McGee* | Cal. Bar No. 337427 |
| *Of Counsel* | S.D. Tex. Bar No. 3369027 |
| N.Y. Bar No. 5135884 | Joshua P. Thompson* |
| PACIFIC LEGAL FOUNDATION | *Of Counsel* |
| 3100 Clarendon Blvd., Suite 1000 | Cal. Bar No. 250955 |
| Arlington, VA 22201 | PACIFIC LEGAL FOUNDATION |
| Telephone: (202) 888-6881 | 555 Capitol Mall, Suite 1290 |
| Fax: (916) 419-7747 | Sacramento, CA 95814 |
| ldagostino@pacificlegal.org | Telephone: (916) 419-7111 |
| dmcgee@pacificlegal.org | Fax: (916) 419-7747 |
|  | ewilcox@pacificlegal.org |
| *Pro Hac Vice | jthompson@pacificlegal.org |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I served the foregoing document via the Courts electronic filing system on all Defendants' counsel of record.

s/ *Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation