## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br><br>       Plaintiffs,<br><br>v.<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br><br>       Defendants. | Civil Action No. 4:23-cv-03516 |

## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Pursuant to 42 U.S.C. § 1988(b), Fed. R. Civ. P. 54, and Local R. 54.2, Plaintiffs Landscape Consultants of Texas, Inc., and Metropolitan Landscape Management, Inc. ("Plaintiffs"), move the Court for an award of attorney's fees for their successful litigation of the above-captioned matter. The Court's July 28, 2026, Final Judgment rendered judgment in favor of Plaintiffs, declared the racially discriminatory aspects of Defendant City of Houston's Minority, Women, and Small Business Enterprise program and Defendant Midtown Management District's Minority, Women, and Disadvantaged Business Enterprise program unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and permanently enjoined both Defendants from administering the race-conscious portions of their programs or using similar racial preferences in the award of public contracts. Dkt. 158.

As prevailing parties who successfully vindicated rights secured by the Constitution and laws of the United States under 42 U.S.C. § 1983, Plaintiffs respectfully request that this Court award all attorney's fees reasonably incurred to obtain this favorable result. This motion is submitted on behalf of Plaintiffs' attorneys who successfully litigated this case, creating an indisputable entitlement to fees under 42 U.S.C. § 1988. The amount of fees requested is reasonable, thoroughly documented, and within the range of rates charged by attorneys of similar skill and expertise in this jurisdiction. The hours claimed are the result of

1

considerable billing judgment; moreover, all counsel performed efficiently and effectively on Plaintiffs' behalf. Plaintiffs obtained a favorable opinion and judgment following a four-day bench trial, including the permanent injunction of the race-conscious portions of Defendants' public contracting programs. These factors, together with the substantial risk taken by Plaintiffs' counsel in litigating this case on a wholly contingent basis,[1] entitle Plaintiffs' attorneys to compensation for their efforts in the amount of $409,333.55, plus $6,792 for reasonable time spent preparing this motion and $63,666.27 for expert witness fees, for a total of $479,791.82.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are small, family-owned landscaping companies who derive between 80–90 percent of their annual revenue from winning local government landscaping contracts, including with Defendants. Though approximately 95 percent of Plaintiffs' employees are racial or ethnic minorities, Plaintiffs do not qualify as minority-owned business enterprises (MBEs) due to the race of their owners. Until permanently enjoined by this Court, both Defendants administered race-conscious public contracting programs that classified bidders by race and treated bidders

---

[1] Founded in 1973, Pacific Legal Foundation (PLF) is a nonprofit 501(c)(3) charitable organization. As part of PLF's mission to litigate nationwide in support of constitutionally protected rights, PLF does not charge its clients for attorney's fees and did not charge Plaintiffs for attorney's fees in this case. *See* Declaration of Erin Wilcox in Support of Plaintiffs' Motion for Attorney's Fees.

differently based on race. Plaintiffs' inability to compete on a level playing field when bidding on Defendants' contracts due to the race of their owners threatened Plaintiffs' continued viability. Plaintiffs brought this civil rights lawsuit pursuant to 42 U.S.C. §§ 1981 and 1983 to vindicate their right to equal protection and equal treatment under the law.

Represented *pro bono* by Pacific Legal Foundation attorneys, Plaintiffs filed their Complaint on September 19, 2023. Plaintiffs challenged the constitutionality of Defendants' race-conscious public contracting programs under the Equal Protection Clause and as a violation of their right to the full and equal benefit of the laws pursuant to 42 U.S.C. § 1981. Both Defendants filed motions to dismiss (dkt. 18, 26), which this Court denied. Dkt. 36. Defendant City of Houston then moved to stay the case while the City of Houston obtained an update to its 20-year-old disparity study, which this Court denied. Dkt. 47. The Court also denied Plaintiffs' first motion for summary judgment. *Id*.

During discovery, the parties exchanged requests for admission, requests for production, and interrogatories. Three Rule 30(b)(6) depositions and two expert witness depositions were taken. Also during discovery, Plaintiffs filed a motion to compel Defendant City of Houston to produce documents, dkt. 48; opposed Defendant City of Houston's emergency motion to compel the deposition of Plaintiffs' co-owner, dkt. 61; opposed Defendant City of Houston's motion for a

3

protective order and motion to quash the deposition of a corporate representative, dkt. 62; and filed a second motion for summary judgment, dkt. 68, while opposing separate cross motions for summary judgment from each Defendant, dkt. 74, 76. Plaintiffs were also required to file two motions for sanctions against Defendant City of Houston's attorneys, one for falsely certifying that that it conferred with Plaintiffs regarding its overlong motion for summary judgment, dkt. 72, and one for relying on evidence at summary judgment that it hid from Plaintiffs during discovery. Dkt. 75.

Summary judgment briefing was completed on January 10, 2025. This Court denied all parties' motions for summary judgment on February 11, 2025, and set this case for trial. A four-day bench trial ultimately took place between December 1 and 5, 2025. Trial involved testimony from six witnesses, 114 documents submitted into evidence, and 87 joint admissions of fact. Dkt. 147 at fn. 2. On July 28, 2026, this Court issued its Findings of Fact and Conclusions of Law and Order of Permanent Injunction, concurrently with the Final Judgment. Dkt. 157, 158. The Court's Final Judgment declared unconstitutional the racially discriminatory aspects of both Defendant's public contracting programs and permanently enjoyed both Defendants from administering the race-conscious portion of its public contracting programs or using similar racial preferences in the award of public contracts. Dkt. 158. In accordance with Fed. R. Civ. P. 54 and Local R. 54.2, this motion is timely filed.

## ARGUMENT

### I.   Plaintiffs Are Entitled to Attorney's Fees

A plaintiff must be a "prevailing party" to recover attorney's fees under 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of sections … [42 U.S.C. §§ 1981–83] … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."). In applying this standard, "plaintiffs may be considered 'prevailing parties' for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted); *see also Veasey v. Abbott*, 13 F.4th 362, 368 (5th Cir. 2021) ("A prevailing party is 'one who has been awarded … at least some relief on the merits,' and there must be 'judicial *imprimatur* on the change' in the legal relationship between the parties.") (citing *Buckhannon Bd. and Care Home, Inc. v. W.V. Dep't of Health and Human Res.*, 532 U.S. 598, 603, 605 (2001)). District courts may also award costs and fees for time spent litigating a cost or fee request. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995).

Here, Plaintiffs are unquestionably the prevailing party. They sought declaratory and permanent injunctive relief against both Defendants' race-conscious public contracting programs, as well as permanent injunctive relief against using similar racial preferences in the award of public contracts. This Court awarded this declaratory and permanent injunctive relief, struck down the race-conscious portions

5

of both Defendants' public contracting programs, and in so doing changed Plaintiffs' legal relationship with Defendants from "*non-minority* contractor" to simply "contractor."

## II. Plaintiffs' Fee Request Is Appropriate and Reasonable

Having won the declaratory and injunctive relief sought, Plaintiffs are entitled to attorney's fees for all hours reasonably spent in the course of litigation. *Hensley*, 461 U.S. at 429; *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985). A "reasonable" fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar method—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate—produces a fee presumptively sufficient to achieve this objective. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The lodestar may be increased due to superior performance and results. *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). The lodestar may be further modified based on factors including: (1) the results obtained; (2) the time and labor required; (3) novelty and complication of the issues; (4) skill required; (5) whether the case circumstances imposed any time constraints; and (6) the attorney's experience, reputation, and ability. *See id*. The "most critical factor" in determining the reasonableness of a fee award is "the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

## A. The hours claimed are reasonable

Plaintiffs are entitled to compensation for all hours reasonably spent litigating this case. *Hensley*, 461 U.S. at 429; *Cruz*, 762 F.2d at 1234 n.3. The hours claimed here pertain to work performed by Plaintiffs' attorneys, including time spent researching, preparing, and filing the initial complaint; researching and drafting opposition briefs to the City's motion to dismiss and Midtown's motion to dismiss; researching and drafting Plaintiffs' first motion for summary judgment against Defendant City of Houston; opposing the City's first motion to stay; conducting discovery—including multiple depositions and discovery motions; researching, preparing, and filing briefs on the parties' cross motions for summary judgment; and preparing for and litigating a four-day bench trial and post-trial briefings. PLF's team litigation approach required conference and regular collaboration among counsel, the time for which compensation is reasonably sought. *Lewallen v. City of Beaumont*, No. 1:05-cv-733, 2009 WL 2175637, at *10 (E.D. Tex. July 20, 2009), *aff'd* 394 F. App'x 38 (5th Cir. 2010) ("Consultation and 'sound-boarding' among attorneys is valuable to effective litigation.").

PLF has exercised billing judgment to exclude unnecessary or excessive time. *See Saizan v. Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Prevailing parties are also entitled to attorney fees for time spent establishing and litigating a fee claim as well as for time spent prosecuting the merits of the civil rights action.

7

*Johnson v. Mississippi*, 606 F.2d 635, 637–38 (5th Cir. 1979). In their successful efforts, Plaintiffs' counsel expended a reasonable number of hours, all of which should be compensated at the rates set forth below.

### B. The hourly rates are reasonable

Generally, a reasonably hourly rate is the prevailing market rate charged by attorneys with relatively similar skill, experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895–96 & n.11 (1984). Prevailing rates are those in the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). PLF uses a team litigation approach to ensure that all of its cases benefit from a mix of senior and less-experienced attorneys whose practical experience and expertise combine to create the most efficient, knowledgeable, and skilled representation for their clients. Plaintiffs do not seek to recover fees from the time spent by every attorney, paralegal, legal secretary, or law clerk who contributed to their successful litigation. Rather, Plaintiffs seek fees only for the core litigation team members:

**Joshua Thompson**

Mr. Thompson is a Senior Attorney (equivalent to Partner) and Director of Equality and Opportunity Litigation at Pacific Legal Foundation and served as co-counsel on this case. Mr. Thompson holds a bachelor's degree with distinction from the University of Wisconsin-Madison (2002) and his J.D. cum laude from Michigan State University (2007). He was admitted to the State Bar of California in 2007 and

is also admitted to multiple federal circuit and district courts, as well as the United States Supreme Court. Mr. Thompson argued and won *Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021), before the United States Supreme Court, and has led other successful constitutional cases including: *D.M. by Bao Xiong v. Minnesota State High School League*, 917 F.3d 994, 998 (8th Cir. 2019) (equal protection); *Robinson v. Wentzell*, No. 3:18-cv-274, 2019 WL 1207858 (D. Conn. Mar. 14, 2019) (equal protection); *Bruner v. Zawacki*, 997 F.Supp.2d 691, 693 (E.D. Ky. 2014) (right to earn a living); *Truesdell v. Friedlander*, 80 F.4th 762 (6th Cir. 2023) (right to earn a living); and *Meland v. Weber*, No. 22-15149 (9th Cir.) (equal protection).

Mr. Thompson's work for this case included: preparing for and taking two depositions, reviewing and revising briefs and discovery requests, and preparing and examining trial witnesses. Mr. Thompson expended 151.31 hours. *See* Declaration of Joshua Thompson in Support of Plaintiffs' Motion for Attorney's Fees. A reasonable hourly rate for someone with Mr. Thompson's skill, reputation, and experience is $700/hr.

**Anastasia Boden**

During her work as co-counsel on this case, Ms. Boden was a Senior Attorney (equivalent to Partner) with PLF. Ms. Boden graduated from Georgetown University Law Center in 2011. She was admitted and licensed to practice law in California in 2012 and was subsequently admitted to practice before several federal district and

circuit courts, as well as the Supreme Court. She has litigated dozens of cases across the United States dealing with constitutional protections for civil rights, including *Young v. Ricketts*, 825 F.3d 487 (8th Cir. 2016) (free speech); *Minerva Dairy, Inc. v. Harsdorf*, 905 F.3d 1047 (7th Cir. 2018) (Commerce Clause); *D.M. by Bao Xiong v. Minnesota High School League*, 917 F.3d 994 (8th Cir. 2019) (equal protection); *Chef Geoff, et al. v. Virginia Alcoholic Beverage Control Authority*, No. 1:18-cv-360 (E.D. Va.) (free speech); and *Arty Vogt & Vogt Ventures L.L.C. v. Ferrell*, No. 2:16-cv-4492 (S.D. W. Va.) (right to earn a living). In addition to her legal experience, Ms. Boden has developed a national reputation for constitutional and public interest litigation through numerous op-eds, radio and television appearances, speeches, and conference presentations.

As part of the litigation team, Ms. Boden's work included: preparing the complaint, briefing motions, attending depositions, and reviewing and revising the work performed by junior attorneys on the case. She expended 29.83 hours. *See* Declaration of Anastasia Boden in Support of Plaintiff's Motion for Attorneys' Fees. A reasonable hourly rate for someone with Ms. Boden's skill, reputation, and experience is $600/hr.

**Erin Wilcox**

Ms. Wilcox is a Senior Attorney (equivalent to Partner) with Pacific Legal Foundation and served as lead counsel on this case. Ms. Wilcox was admitted to the

10

Bar of North Carolina in 2009 and is also admitted in California and the District of Columbia, numerous federal district and circuit courts, and the United States Supreme Court. She holds a bachelor's degree from Wake Forest University (2006) and J.D. from Wake Forest University School of Law (2009). Ms. Wilcox has litigated a number of equal protection cases, including *Coalition for T.J. v. Fairfax County School Board*, 68 F.4th 864 (4th Cir. 2023), *cert. denied*, 146 S. Ct. 541 (2024); *Ass'n for Educ. Fairness v. Montgomery County Public Schools*, No. 23-1068, 2026 WL 281028 (4th Cir.), *pet. for writ of cert. pending*, docket no. 26-012; *Landscape Consultants, Inc. v. Harris County*, No. 4:25-cv-00479 (S.D.T.X.); *Chu v. Rosa*, No. 1:24-cv-00075 (N.D.N.Y.); *Earle Asphalt Co. v. New Jersey Turnpike Authority*, No. 3:26-cv-04860 (D.N.J.); and *Boston Parent Coalition for Academic Excellence Corp. v. School Committee of the City of Boston*, No. 26-1285 (1st Cir.).

As lead attorney, Ms. Wilcox took an active role in every aspect of this case, including: researching, preparing, and filing the complaint; researching, drafting and filing all briefs; preparing and responding to Defendants' written discovery requests; defending Plaintiffs' corporate deposition and expert witness deposition; taking Defendant City of Houston's corporate representative deposition; representing Plaintiffs at each hearing, scheduling conference, and pre-trial conference; and conducting witness examination, as well as opening and closing arguments, at trial. Ms. Wilcox expended 377.92 hours. *See* Declaration of Erin Wilcox in Support of

11

Plaintiffs' Motion for Attorney's Fees. A reasonable hourly rate for someone with Ms. Wilcox's skill, reputation, and experience is $600/hr.

**Dean McGee**

Mr. McGee is an Attorney in Pacific Legal Foundation's Equality and Opportunity practice, where he litigates constitutional and civil-rights cases in state and federal courts. Mr. McGee earned his bachelor's degree cum laude with departmental honors from SUNY Geneseo (2009) and his J.D. summa cum laude from St. John's University School of Law (2012), where he graduated first in his class and served as Research and Symposium Editor of the St. John's Law Review. He was admitted to practice in New York in 2013 and is admitted in numerous federal district and circuit courts.

Mr. McGee has 13 years of litigation experience. Before joining PLF, he served as Senior Counsel at a nonprofit focused on constitutional litigation, as partner and head of litigation at a private law firm, and as an associate at Simpson Thacher & Bartlett LLP. He also clerked for Judge William H. Pauley III of the United States District Court for the Southern District of New York. Mr. McGee has served as first-chair trial counsel in various court and arbitral proceedings in New York. He has also led successful constitutional cases including *C.M. v. Davidson County Board of Education*, No. 1:24-cv-380 (M.D.N.C.) (First Amendment and due-process claims resulting in a court-approved settlement that cleared a student's

12

disciplinary record and required a public apology); *DeAngelis v. Pulaski County Board of Education*, No. 6:25-cv-04 (E.D. Ky.) (First Amendment lawsuit resulting in a federal consent decree reforming social media policies); *Peyton v. Barnes*, No. 1:25-cv-34 (W.D. Ky.) (First Amendment lawsuit resulting in relief for a whistleblower subjected to viewpoint discrimination).

Mr. McGee participated as co-counsel in this matter from November 1, 2025, through post-trial. As part of the litigation team, Mr. McGee helped direct trial strategy, including the preparation of opening and closing statements, and preparation for the examination of witnesses. He also assisted with post-trial briefing. Mr. McGee expended 53.77 hours. *See* Declaration of Dean McGee in Support of Plaintiffs' Motion for Attorneys' Fees. A reasonable hourly rate for an attorney of Mr. McGee's skill, reputation, and experience is $600 per hour.

**Laura D'Agostino**

Ms. D'Agostino is an Attorney at Pacific Legal Foundation and served as co-counsel on this case. Ms. D'Agostino holds a bachelor's degree from George Mason University (2012), J.D. from the Antonin Scalia Law School at George Mason University (2016), and Master of Public Policy from Georgetown University (2016). She clerked for the Hon. Tracy C. Hudson in the Circuit Court for the Thirty-First Judicial Circuit of Virginia. Ms. D'Agostino was admitted to practice in Virginia in 2017 and is also admitted in the District of Columbia and numerous federal district

13

courts and courts of appeals. Ms. D'Agostino's equal protection litigation includes *Haile v. Hutchinson*, No. 4:23-cv-0005 (E.D. Ark.), *Diemert v. City of Seattle*, No. 25-1188 (9th Cir.); *Landscape Consultants, Inc. v. Harris County*, No. 4:25-cv-00479 (S.D. Tex.); *Do No Harm v. Landry*, No. 25-30568 (5th Cir.); *Newell-Davis v. Phillips*, No. 22-30166, 2023 WL 1880000 (5th Cir. 2023); and *Hurley v. Gast*, 711 F.Supp.3d 1069 (S.D. Iowa 2024).

Ms. D'Agostino's work on this matter included: researching and drafting pleadings, assisting with trial preparation and strategy, preparing and examining Plaintiffs' trial expert witness, and assisting with post-trial briefing. Ms. D'Agostino expended 55.02 hours. *See* Declaration of Laura D'Agostino in Support of Plaintiffs' Motion for Attorney's Fees. A reasonable hourly rate for someone with Ms. D'Agostino's skill, reputation, and experience is $450/hr.

**Karmen Bushman**

Ms. Bushman is a Lead Paralegal and E-Discovery Specialist at Pacific Legal Foundation. She has 15 years of experience as a litigation paralegal with knowledge of all phases of the litigation process, including case management, e-discovery, trial preparation, and courtroom support. Prior to joining Pacific Legal Foundation, Ms. Bushman worked at several litigation firms, where she developed a broad background handling complex civil litigation matters across multiple practice areas.

Ms. Bushman's work on this matter included tasks that would otherwise have been performed by an attorney, including trial exhibit preparation, trial preparation, and courtroom support. Ms. Bushman expended 36.33 hours. *See* Declaration of Karmen Bushman in Support of Plaintiffs' Motion for Attorney's Fees. A reasonable hourly rate for someone with Ms. Bushman's skill and experience is $235/hr.

### C. The lodestar

"There exists a strong presumption of the reasonableness of the lodestar amount." *Saizan*, 448 F.3d at 800. For Joshua Thompson, Plaintiffs' most senior attorney and Supreme Court practitioner, Plaintiffs seek a rate of $700 per hour. For attorneys Anastasia Boden, Erin Wilcox, and Dean McGee, Plaintiffs seek a rate of $600 per hour. These rates are consistent with rates awarded by this Court to other attorneys of similar skill, expertise, and reputation. For example, in *M.D. v. Abbott*, No. 2:11-cv-84, 2020 WL 3972800, at *8 (S.D. Tex. July 14, 2020), this Court awarded $550 for partner-level attorneys, $535 for specialized senior attorneys, $475 for senior staff attorneys, and $425 for staff attorneys. *See also O'Donnell v. Harris Cnty., Tex.*, No. 4:16-cv-1414, 2019 WL 6219933, at *25 (S.D. Tex. Nov. 21, 2019) (awarding hourly rates up to $600 in class action civil rights case); *Miniex v. Houston Hous. Auth.*, No. 4:17-cv-0624, 2019 WL, 4920646, at *13 (S.D. Tex. Sept. 13, 2019) (awarding hourly rates up to $600 for partners); *Novick v. Shipcom Wireless, Inc.*, No. 4:16-cv-730, 2018 WL 6079348, at *3 (S.D. Tex. Nov. 21, 2018) (awarding

15

$450 and $500 per hour and rejecting State Bar of Texas 2015 fact sheet as outdated); *Cole v. Collier*, No. 4:14-cv-1698, 2018 WL 2766028, at *13 (S.D. Tex. June 8, 2018) (awarding hourly rates up to $650 for partners in class action civil rights case); *Homer v. Homer*, No. 4:21-cv-02789, 2022 WL 4290465, at *3 (S.D. Tex. Sept. 16, 2022) (awarding hourly rates up to $600 per hour); *Roe v. Rose*, No. 4:12-cv-1621, 2014 WL 1322979, at *3 (S.D. Tex. 2014) (hourly rates up to $600 per hour reasonable after considering the experience of the lawyer, reputation of the firm, and complexity of the case).

Moreover, these attorneys are entitled to be compensated at a rate higher than the bottom of this range because of the superior results they achieved and their special expertise in the subject matter of the litigation. *See Miniex*, 2019 WL 4920646, at *5 (citing *Jeffboat, L.L.C. v. Dir., Office of Workers' Comp. Programs*, 553 F.3d 487, 490 (7th Cir. 2009) ("holding that the relevant 'community' can include a national 'community of practitioners' when 'the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market'").

For the more junior member of the litigation team, Laura D'Agostino, Plaintiffs seek an hourly rate of $450. The requested rate is consistent with rates awarded by this Court to other attorneys with similar skill, experience, and reputation. For example, in *Miniex*, 2019 WL 4920646, at *13, this Court granted a

16

rate between $325 and $450 for associate attorneys, depending on experience and expertise. *See also Rouse v. Target Corp.*, No. 3:15-cv-48, 2016 WL 319871, at *3 (S.D. Tex. Jan. 26, 2016) (granting $300 per hour for an associate with just two years of experience); *Coface N. Am. Ins. Co. v. Woodlands Export, LLC*, No. 4:15-cv-621, 2016 WL 4361462, at *4 (S.D. Tex. Aug. 16, 2016) ($315 per hour rate for associate attorneys was reasonable); *Monroe v. Houston Indep. Sch. Dist.*, No. H-19-1991, 2021 WL 5872944, at *7 (S.D. Tex. Nov. 3, 2021) (holding that $400 was reasonable for a "second chair" attorney). Ms. D'Agostino is entitled to be compensated at a higher rate than the bottom of this range because of the superior results she obtained. *See Farrar*, 506 U.S. at 114.

For paralegal Karmen Bushman, Plaintiffs seek an hourly rate of $235. The requested rate is consistent with rates awarded by this Court to other paralegals for substantive legal work that would have otherwise been performed by an attorney. *See United States v. Health Mgmt. Sys., Inc.*, No. 4:21-cv-2024, 2024 WL 3392332, at *5 (S.D. Tex. May 23, 2024) (finding a paralegal rate of $235/hour reasonable); *Clark v. Employee Funding of America, LLC*, No. 4:23-cv-3031, 2024 WL 2835167, at *3 (S.D. Tex. May 20, 2024) (awarding paralegal rate of $235/hour).

Pacific Legal Foundation also seeks reasonable fees for the time spent preparing and submitting this motion. Ms. Wilcox had primary responsibility for this task. She efficiently researched and drafted all documents related to this motion and

17

seeks fees for 11.32 hours, all of which are documented in Exhibit 1 attached to her declaration. At the rate of $600 per hour, the total for Ms. Wilcox's time spent preparing and submitting this motion is $6,792.

The following table outlines the hours and rates for the lodestar amount of the reasonable attorney's fees incurred in this matter and the total attorney's fee amount.

| Attorney/Paralegal | Admitted | Hours | Hourly Rate | Total |
|---|---|---|---|---|
| Joshua Thompson | 2007 | 151.31 | $700 | $105,917 |
| Erin Wilcox | 2009 | 377.92 | $600 | $226,752 |
| Anastasia Boden | 2012 | 29.83 | $600 | $17,898 |
| Dean McGee | 2013 | 53.77 | $600 | $32,262 |
| Laura D'Agostino | 2017 | 55.02 | $450 | $24,759 |
| Karmen Bushman | N/A | 36.33 | $235 | $8,537.55 |
| **Attorney Total** | | | | **$416,125.55** |

## III.    Plaintiffs Are Entitled to Expert Fees

In actions to enforce a provision of 42 U.S.C. § 1981, this Court may, in its discretion, include expert fees as a part of the attorney's fee award. 42 U.S.C. § 1988(c); *see Idom v. Natchez-Adams Sch. Dist.*, No. 5:14-cv-38, 2016 WL 320954, at *6 (S.D. Miss. Jan. 25, 2016) (Section 1988 "explicitly allow[s] an award for all expert fees to the prevailing party."). Plaintiffs brought Section 1981 claims against both Defendants in their Complaint, dkt. 1 ¶¶ 65–74, and maintained these claims throughout summary judgment, dkt. 68 at 19–20, to post-trial briefing. Dkt. 141 at

16–18; dkt. 144 at 42–43. As the prevailing party, Plaintiffs are entitled to the award of expert fees for the work of their expert witness, Professor George La Noue.

Professor La Noue served as Plaintiffs' consulting expert, rebuttal expert, and trial expert. In addition to providing consultation and a rebuttal expert report, Professor La Noue was deposed, attended the deposition of Defendant City of Houston's expert witness, attended trial, and testified at trial. Professor La Noue's expert fees and expenses are itemized in Plaintiffs' concurrently filed Bill of Costs. *See* Declaration of Erin Wilcox in Support of Plaintiffs' Motion for Attorney's Fees. Professor La Noue's hourly rate is $300/hr.

The following table outlines the total amount of the reasonable attorney's fees and expert fees incurred in this matter and the grand total fee amount.

| | |
|---|---|
| Attorney Total | $416,125.55 |
| Expert Total | $63,666.27 |
| **Grand Total** | **$479,791.82** |

## IV.   Plaintiffs' Request Is Timely and Procedurally Appropriate

In its Findings of Fact and Conclusions of Law and Order of Permanent Injunction, dkt. 157, this Court determined that Plaintiffs' "pending request for attorneys' fees should be denied." *Id*. ¶ 103. Plaintiffs believe the Court refers to the Prayer for Relief in Plaintiffs' Complaint, which, in addition to declaratory and injunctive relief, sought the "award of attorneys' fees and costs in this action pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988[.]" Dkt. 1

19

at 17. However, Plaintiffs' Prayer for Relief is not a fee motion as contemplated by Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988. Indeed, since both Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988 permit the award of attorney's fees only to the "prevailing party" in a lawsuit, it was impossible to bring a fee request pursuant to Fed. R. Civ. P. 52(d) and 42 U.S.C. § 1988 until Plaintiffs were found to be the prevailing party in this Court's July 31, 2026, Final Judgment. Pursuant to Local R. 54.2, Plaintiffs file this Motion within 14 days of final judgment. The instant Motion for Attorney's Fees, together with the concurrently filed Bill of Costs and supporting documentation, thus satisfy the requirements of Fed. R. Civ. P. 54(d), Local R. 54.2, and 42 U.S.C. § 1988. Plaintiffs respectfully request this Court reconsider its decision on attorney's fees in light of this Motion.

## CONCLUSION

The purpose of Section 1988 "is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley*, 461 U.S. at 429. Here, Plaintiffs are represented by public interest attorneys at Pacific Legal Foundation who specialize in litigation involving the constitutionally protected rights. Plaintiffs obtained complete relief, and no circumstances would render an attorney fee award unjust. For the reasons stated above, Plaintiffs respectfully request that this Court grant the $479,791.82 fee request in full.

DATED: August 11, 2026.

Respectfully submitted,

Laura D'Agostino, *Of Counsel\**
D.C. Bar. No. 241868
Dean McGee, *Of Counsel\**
N.Y. Bar No. 5135884
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Fax: (916) 419-7747
ldagostino@pacificlegal.org
dmcgee@pacificlegal.org

s/ Erin E. Wilcox
Erin E. Wilcox, *Attorney-in-Charge*
Cal. Bar No. 337427
S.D. Tex. Bar No. 3369027
Joshua P. Thompson, *Of Counsel\**
Cal. Bar No. 250955
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
ewilcox@pacificlegal.org
jthompson@pacificlegal.org

*\*Pro Hac Vice*

*Counsel for Plaintiffs*

21

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, I served this document via the Court's electronic filing system to Defendants' counsel of record as follows:

Lori Yount
Senior Assistant City Attorney
Darah Eckert
Senior Asst. City Attorney, General Litigation Section
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Ben Stephens
Sandy Hellums-Gomez
Jarett Dillard
Sherri Zack
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
ben.stephens@huschblackwell.com
sandy.gomez@huschblackwell.com
jarett.dillard@huschblackwell.com
sherri.zack@huschblackwell.com
*Counsel for City of Houston*

Brett J. Sileo
Britton B. Harris
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, Texas 77004
bsileo@hhstxlaw.com
bharris@hhstxlaw.com
*Counsel for Midtown Management District*

s/ *Erin E. Wilcox*
Erin E. Wilcox
Pacific Legal Foundation

22