**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br><br>Plaintiffs,<br>v.<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br><br>Defendants. | Civil Action No. 4:23-cv-03516 |

**DEFENDANT CITY OF HOUSTON'S MOTION TO STAY INJUNCTION PENDING APPEAL**

Defendant City of Houston, Texas (the "City") respectfully moves under Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a) to stay enforcement of the Court's permanent injunction pending resolution of the City's Motion to Alter or Amend the Judgment (ECF No. 163) and, if necessary, pending appeal to the United States Court of Appeals for the Fifth Circuit. In support, the City states as follows:

**INTRODUCTION**

1. On July 28, 2026, the Court entered Findings of Fact and Conclusions of Law (ECF No. 157) and a permanent injunction barring the City from administering the race-conscious component of its Minority, Women, and Small

Business Enterprise ("MWSBE") Program or using similar racial preferences in the award of public contracts. The City has moved to alter or amend that judgment under Rule 59(e) (ECF No. 163) on the ground that the Court applied an incorrect legal standard in evaluating the City's compelling-interest showing, and intends to appeal to the Fifth Circuit if that motion is not granted. Because the questions presented are substantial, because immediate compliance will disrupt an ongoing public contracting program before those questions can be resolved, and because Plaintiffs face no comparable harm from a brief continuation of the status quo, the City respectfully requests a stay of the injunction while the Rule 59(e) motion and any subsequent appeal are pending.

## BACKGROUND

2. Plaintiffs, two landscaping companies, sued the City (ECF No. 1) challenging the race-conscious component of its Minority, Women, and Small Business Enterprise ("MWSBE") program, contending that it fails strict scrutiny. Following cross-motions for summary judgment and a four-day bench trial that began December 1, 2025, the Court directed the parties to submit proposed findings of fact and conclusions of law. On July 28, 2026, the Court entered its Findings of Fact and Conclusions of Law and Order of Permanent Injunction (ECF No. 157), along with Final Judgment (ECF No. 158), declaring the racial component of the City's MWSBE Program unconstitutional and permanently enjoining the City from

administering that component or employing similar racial preferences in awarding public contracts.

3. The City now asks the Court to stay that injunction while its Rule 59(e) motion (ECF No. 163) remains pending and, if necessary, during the pendency of an appeal to the Fifth Circuit.

## ARGUMENT

### I. A STAY PENDING POST-JUDGMENT REVIEW IS WARRANTED UNDER THE GOVERNING FOUR-FACTOR STANDARD.

4. A district court may stay its own injunction pending post-judgment motions and appeal under Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1). In deciding whether to grant such a stay, courts weigh four factors: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). No single factor is dispositive; the Court weighs them together, and a stay is particularly appropriate where, as here, the case presents a genuinely unsettled and consequential legal question. As explained below, each factor favors a stay.

### II. THE CITY HAS A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS.

5. The City addresses each factor in turn, beginning with the likelihood of success on the merits.

**A. The Court's Ruling Rests on a Legal Standard That *Croson*, *Shaw*, and Their Fifth Circuit Progeny Reject.**

6. The Court held that Houston could not rely on its 2024 MGT disparity study to establish a compelling interest because the study did not identify "specific, identified instances of past discrimination that violated the Constitution or a statute," applying what it read as a new evidentiary standard announced in *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 600 U.S. 181 (2023) (*Harvard*). The City respectfully submits that this ruling rests on a misapplication of controlling authority that is likely to be reversed. Neither *Harvard* nor the Supreme Court's longstanding contracting-discrimination precedent in *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469 (1989), requires a municipality to confess to specific past constitutional or statutory violations before it may rely on a race-conscious remedy; the Fifth Circuit has squarely so held. In *Police Ass'n of New Orleans Through Cannatella v. City of New Orleans*, 100 F.3d 1159, 1167–68 (5th Cir. 1996), the Fifth Circuit held that "*Croson* does not require a city to incriminate itself by proving its own participation in past discrimination," and that a showing of at least passive involvement in past discrimination suffices. In *Dean v. City of Shreveport*, 438 F.3d 448, 455 (5th Cir. 2006), the Fifth Circuit reaffirmed that "the government need not incriminate itself with a formal finding of discrimination prior to using a race-conscious remedy," so long as "there was a strong evidentiary basis for its enactment."

7. Under *W.H. Scott Constr. Co. v. City of Jackson, Miss.*, 199 F.3d 206, 218 (5th Cir. 1999), a municipality may satisfy its compelling-interest burden with statistical evidence—including disparity indices—showing "a significant statistical disparity between the number of qualified minority contractors willing and able to perform a particular service and the number of such contractors actually engaged by the locality." Indeed, this Court has itself upheld Houston's MWBE program under strict scrutiny on the basis of precisely such a disparity study. In *Kossman Contracting Co. v. City of Houston*, No. H-14-1203, 2016 WL 11473826 (S.D. Tex. Feb. 17, 2026) (Johnson, Mag. J.), *report and recommendation adopted*, 2016 WL 1104363, at *3–5 (S.D. Tex. Mar. 22, 2016) (Miller, J.), the Court found that a NERA disparity study documenting statistically significant underutilization of minority- and women-owned firms provided "strong evidence that a remedial program was necessary" and held that the program survived strict scrutiny. The City's 2024 MGT Study did exactly that: it documented statistically significant underutilization of minority-owned firms across every procurement category the City examined, including the "other services" category in which Plaintiffs compete, and it corroborated the same disparities found in the City's 2006 and 2012 disparity studies. Plaintiffs offered no expert testimony or competing statistical analysis to rebut that evidence. Because the Court did not evaluate this evidence under the correct standard, and because that evidence readily satisfies the standard the Fifth

Circuit and other circuits actually apply, the City has a strong likelihood of prevailing either on its pending Rule 59(e) motion or, if necessary, on appeal. The City requests a stay to preserve the status quo while that threshold legal question is resolved.

**B. The City Will Suffer Irreparable Harm Absent a Stay.**

8. Absent a stay, the City must immediately unwind a public contracting program that has operated for decades and that governs numerous active and pending contracts across multiple procurement categories. Immediate compliance would require the City to revise or suspend contract-specific participation goals and good-faith-effort requirements mid-cycle, retrain contracting staff, and reissue guidance to vendors and prime contractors who have already structured their bids and subcontracts around the existing program. If the Court's judgment is later altered or reversed, that disruption cannot be undone: contracts already awarded, bid, or performed under a suspended program cannot be unwound without further, cascading disputes. This type of one-way, irreversible administrative harm to a governmental program—harm that cannot be remedied by a later favorable ruling—is precisely the kind of injury that supports a stay pending appeal. A short stay preserves the Court's and the Fifth Circuit's ability to resolve the underlying legal question in an orderly fashion, without forcing the City to make disruptive, potentially unnecessary changes to an ongoing procurement program in the interim.

**C. A Stay Will Not Substantially Injure Plaintiffs.**

9. Plaintiffs continue to perform an existing City contract and remain free to bid on future City contracts during the pendency of the stay. A stay does not reinstate any penalty, debarment, or other adverse action against Plaintiffs; it simply preserves the pre-judgment status quo while the Court resolves the City's Rule 59(e) motion (ECF No. 163) and, if necessary, while the Fifth Circuit resolves the appeal. Because Plaintiffs have already litigated this dispute for nearly three years, a stay of limited duration pending prompt post-judgment review imposes, at most, a modest delay in relief—not a substantial injury. That modest delay is far outweighed by the disruption the City would face from having to unwind and potentially reinstate its program depending on the outcome of the pending motion and any appeal.

**D. The Public Interest Favors a Stay.**

10. The public has a strong interest in the orderly administration of municipal contracting and in the stable resolution of a legal question that the Court itself has recognized as one of first impression with significance beyond this case. A stay avoids subjecting the City's contracting program, and the vendors and subcontractors who rely on it, to successive changes in the governing legal standard while that standard remains unsettled. It also serves the public's interest in ensuring that any change to the City's program is made once, based on a final and settled ruling, rather than piecemeal in response to a judgment that may yet be altered or

reversed. The City does not seek to delay resolution of this case indefinitely; it seeks only to maintain the status quo while the pending Rule 59(e) motion (ECF No. 163), and if necessary the appeal, are resolved in the ordinary course.

## III. No Bond Should Be Required.

11. A court may condition a stay of an injunction pending appeal "on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Imposing a bond is discretionary, not mandatory. *See DeKalb Cnty. Sch. Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1376 (N.D. Ga. 2006) ("[C]ase law establishes that the district court has discretion as to the amount of the bond, and in some instances, whether to order the posting of any at all."). No bond should be required here.

12. First, the City is a governmental entity, and Texas political subdivisions are not required to post appeal bonds. In *Staley v. Harris Cnty., Tex.*, 332 F. Supp. 2d 1041, 1044 (S.D. Tex. 2004), the court recognized that "[u]nder Texas law counties are not required to post a supersedeas bond; a county's perfection of an appeal automatically supersedes the monetary requirements of a judgment," and held that Harris County was not required to post a bond to obtain a stay. *See also Enriquez v. Hooten*, 857 S.W.2d 153 (Tex. App.—El Paso 1993, no writ) (a political subdivision or governmental entity is exempt from filing an appeal bond). The same rule applies to the City here.

13. Second, no bond is warranted because the judgment imposes no monetary award for the City to secure. In *Ector Cnty. Indep. Sch. Dist. v. V.B.*, No. MO-07-CV-92, 2011 WL 13209647, at *2 (W.D. Tex. Feb. 3, 2011), the court held that a school district, as a political subdivision, was not required to post bond where there was no danger it would be unable to satisfy a judgment under $50,000. Here, there is no monetary judgment at all, and thus no risk that the City will be unable to satisfy one. For both reasons, the City respectfully requests that the Court require no bond as a condition of the stay.

## CONCLUSION

14. Immediate enforcement of the injunction would require the City to dismantle an ongoing public contracting program—disrupting active procurements and the vendors and staff who rely on it—before the Court and, if necessary, the Fifth Circuit have had the opportunity to resolve a substantial and unsettled legal question. A brief stay avoids that disruption while imposing no substantial hardship on Plaintiffs. The City respectfully requests that the Court stay the injunction pending resolution of the City's Rule 59(e) motion (ECF No. 163) and any subsequent appeal, without requiring a bond.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Stay Injunction Pending Appeal and grant any other and further relief as this Court deems just and proper.

Respectfully submitted,

**HUSCH BLACKWELL, LLP**

By: */s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez
State Bar No. 24036750
S.D. Tex. Bar No. 561314
sandy.gomez@huschblackwell.com
Sherri L. Zack
State Bar No. 24056801
S.D. Tex. Bar No. 939860
sherri.zack@huschblackwell.com
Rick Anderson
Texas Bar No. 24059047
S.D. Tex. Bar No. 986458
Rick.Anderson@huschblackwell.com

HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone: (713) 647-6800
Facsimile: (713) 647-6884

Collyn A. Peddie
City Solicitor General
State Bar No. 15707300
S.D. Tex. No. 2898153
Collyn.peddie@houstontx.gov
Brian A. Amis
State Bar No. 24040424
S.D. Tex. No. 37342
Brian.amis@houstontx.gov
ARTURO G. MICHEL
CITY ATTORNEY
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002

Telephone: (832) 393-6219
Facsimile: (832) 393-6259

**ATTORNEYS FOR THE CITY OF HOUSTON**

**CERTIFICATE OF CONFERENCE**

I certify that counsel for the movant has conferred with counsel for Plaintiffs regarding the City's Motion to Stay Injunction, and counsel for Plaintiffs has confirmed their opposition to this motion and to the relief sought therein.

By: */s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon counsel of record on August 27, 2026, via the CM/ECF Filing system.

By: */s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez