**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br><br>Plaintiffs,<br>v.<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br><br>Defendants. | Civil Action No. 4:23-cv-03516 |

**DEFENDANT THE CITY OF HOUSTON'S OBJECTION AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

Defendant City of Houston, Texas (the "City"), respectfully objects to and opposes Plaintiffs Landscape Consultants of Texas, Inc. and Metropolitan Landscape Management, Inc.'s ("Plaintiffs") Motion for Attorney's Fees (ECF No. 160, the "Motion"), and the supplemental itemization of expert fees (ECF No. 166). For the reasons set forth below, the Motion should be denied, or, in the alternative, held in abeyance, or, in the further alternative, substantially reduced. Additionally, the City respectfully requests that the Court deny Plaintiffs' request for expert fees because Plaintiff has already requested identical relief in its Bill of Costs.

## INTRODUCTION

This Court has already decided this issue. In its Findings of Fact and Conclusions of Law and Order of Permanent Injunction (ECF No. 157), under a heading titled "Attorneys' Fees," the Court expressly held that "the pending request for attorneys' fees should be denied" because Plaintiffs "offer[ed] the Court [no] documentation to assist the Court in evaluating Plaintiffs' request." *Id.* ¶ 103. In accordance with the Findings of Fact and Conclusions of Law, the Court did not grant Plaintiffs' request for attorneys' fees. Plaintiffs never sought to preserve the fee question for later determination—they put on no evidence of fees at trial, did not ask the Court to bifurcate or defer the issue, did not move for reconsideration, and never even included a fee claim in the Joint Pretrial Order (ECF No. 118). The Motion is, in substance, an untimely attempt to relitigate a ruling that is already final.

The Court should also be aware that the City has separately moved under Federal Rule of Civil Procedure 59(e) to alter or amend the July 28, 2026 judgment (ECF No. 163). If granted, that motion would eliminate the judgment on which Plaintiffs' claimed prevailing-party status depends, which independently supports holding this Motion in abeyance, as set forth in Section II below. The City addresses the merits of the Rule 59(e) Motion in a separate filing and raises it here only to the extent it bears on the timing of any ruling on the Motion.

In the alternative, even if the Court reaches the merits of Plaintiffs' Motion, the requested fees are inadequately documented and unreasonable, as set forth below.

## ARGUMENT

### I. THIS COURT ALREADY DENIED FEES ON THE MERITS, AND PLAINTIFFS NEVER PRESERVED THE ISSUE

#### A. The Court already denied fees on the merits, and Plaintiffs never preserved the issue for later determination.

42 U.S.C. § 1988(b) permits an award of a "reasonable attorney's fee" to a prevailing party. However, as the Court noted "[t]he party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." ECF No. 157 ¶ 102 (quoting *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)). Applying that standard, the Court concluded that it "has reviewed the record in this case and finds no documentation or evidence offered by Plaintiffs establishing the number of attorney hours expended as is required under binding authority in this Circuit. Accordingly, considering the discretionary nature of attorneys' fees in this case, and the Plaintiffs' failure to offer the Court any documentation to assist the Court in evaluating Plaintiffs' request, the Court determines that the pending request for attorneys' fees should be denied." *Id.* ¶ 103. The Court then ordered that "Plaintiffs' request for attorneys' fees is DENIED." *Id.* at 39.

Plaintiffs did not preserve this issue for later resolution. They did not, at trial or at any point before judgment, ask the Court to bifurcate the fee question, request leave to submit fee evidence following a finding on the merits, or otherwise reserve their fee claim pending a determination of prevailing-party status. Federal Rule of Civil Procedure 54(d)(2)(C) expressly provides the mechanism Plaintiffs failed to use: it permits the court to "decide issues of liability for fees before receiving submissions on the value of services," thereby allowing bifurcation of entitlement from quantum. *See Malin Int'l Ship Repair & Drydock, Inc. v. Veolia Es Special Servs., Inc.*, 369 F. App'x 553 (5th Cir. 2010) (affirming district court's discretion to bifurcate entitlement and quantum of fees). Having elected not to protect the fee issue procedurally, and having put on no evidence when the issue was squarely before the Court, Plaintiffs cannot now use a second, freestanding "motion" to obtain reconsideration of a ruling the Court already made against them on a full record. *See Zimmerman v. City of Austin*, 969 F.3d 564, 570 (5th Cir. 2020) (failure to file a timely fee motion under Rule 54(d)(2) "serves as a waiver" of the claim for attorney's fees).

Plaintiffs' suggestion that the Court's ruling addressed only the prayer for relief in the Complaint, rather than a genuine fee request, does not withstand scrutiny. The Court's ruling appears under a section titled "Attorneys' Fees," cites the governing legal standard for a fee award, and expressly denies "the pending request

for attorneys' fees" based on Plaintiffs' failure to submit supporting evidence. ECF No. 157 ¶¶ 101–103. That is a ruling on the merits of a fee request, not a comment on pleading language.

Nor can Plaintiffs circumvent the Court's ruling by filing a freestanding post-judgment motion that does not invoke Rule 59(e) or Rule 60(b). Plaintiffs moved for attorneys' fees pursuant to Fed. R. Civ. P. 54. ECF No. 160 at 1. However, a denial of attorney's fees is a final, appealable collateral order, and Rule 54(b)—which permits revision of non-final orders—is inapplicable to such orders. *Frew v. Young*, 992 F.3d 391, 397–98 (5th Cir. 2021). As the court warned in *Frew*, "it will not do to permit a collateral order appeal to be taken at any time, perhaps years after the entry of the underlying order, by the simple device of moving to amend." *Id.*

Even if the Motion were construed as a motion for reconsideration, it would fail: a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *see also Chambers v. Johnson*, 133 F. Supp. 2d 931, 935 (E.D. Tex. 2001) (motions to alter or amend orders relating to attorney's fees must "clearly establish either a manifest error of law or fact or must present newly discovered evidence"). Plaintiffs identify no manifest error and present no new evidence; they simply seek to offer what they failed to submit the first time. For these reasons, the Motion should be denied. The Court has already ruled on this exact request, on the

merits, and Plaintiffs identify no basis—factual or procedural—for disturbing that ruling now.

B. Plaintiffs independently waived the fee claim by omitting it from the Joint Pretrial Order.

Plaintiffs' fee claim is independently barred by their failure to include it in the Joint Pretrial Order. The Fifth Circuit has consistently held that the joint pretrial order independently governs what claims and issues are preserved for trial. *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998). Under Federal Rule of Civil Procedure 16(e), the pretrial order "supersedes all pleadings and governs the issues and evidence to be presented at trial," and "if a claim or issue is omitted from the order, it is waived — even if it appeared in the complaint." *Id.*; *see also Allen v. Radio One of Tex. II, L.L.C.*, 515 F. App'x 295, 303–04 (5th Cir. 2013) (affirming that party waived right to recover attorney fees by omitting claim from its portion of the joint pretrial order); *RSL-3B-IL, Ltd. v. Symetra Life Ins. Co.*, No. CV H-12-2708, 2018 WL 11363822, at *2 (S.D. Tex. Oct. 19, 2018) (finding waiver of fee claim where plaintiff failed to include it in pretrial order even though the claim had been raised elsewhere in the litigation); *In re Koukhtiev*, 576 B.R. 107, 134–35 (Bankr. S.D. Tex. 2017) (creditor waived attorney fee claim by signing pretrial statement containing no request for fees, even though fees had been requested in the complaint).

Here, the Joint Pretrial Order (ECF No. 118) contains no mention of attorney's fees. Plaintiffs' "Contentions of the Parties" section identifies four claims—two

under 42 U.S.C. § 1983 and two under 42 U.S.C. § 1981—but never references 42 U.S.C. § 1988 or requests attorney's fees of any kind. ECF No. 118 at 3–5. Neither the Agreed Propositions of Law nor the Contested Propositions of Law addresses § 1988 or fee-shifting. *Id.* at 6. The Index of Plaintiffs' submissions lists only their Exhibit List, Witness List, Proposed Findings of Fact and Conclusions of Law, Memorandum of Law, and Expert Witness Qualifications—no fee petition, no fee evidence, and no fee-related submission of any kind. ECF No. 118-1 at 2. Plaintiffs' counsel approved and signed the Order on October 31, 2025. ECF No. 118 at 7.

Under *Elvis Presley*, *Allen*, *RSL-3B-IL*, and *In re Koukhtiev*, Plaintiffs' complete omission of any fee claim from the Joint Pretrial Order constitutes an independent waiver, regardless of whether fees were referenced in the Complaint. This ground alone requires denial of the Motion.

## II. IN THE ALTERNATIVE, THE MOTION SHOULD BE HELD IN ABEYANCE PENDING THE CITY'S RULE 59(e) MOTION

Independent of the grounds above, the Court should decline to resolve the Motion on the merits while the City's Rule 59(e) Motion to Alter or Amend the Judgment (ECF No. 163) remains pending. A fee award depends on the survival of the judgment that confers prevailing-party status, and if that judgment is later altered, amended, or reversed, any fee award based on it cannot stand. *Pool v. City of Houston*, 163 F.4th 284, 292–93 (5th Cir. 2026) (vacating fee award where "the part of the judgment that formed the basis of the granting of attorney's fees was vacated,"

regardless of whether the fee award itself was separately appealed). The City's Rule 59(e) Motion challenges the very judgment on which Plaintiffs' claimed prevailing-party status rests; the City addresses the merits of that motion in a separate filing and does not repeat that briefing here. Resolving a $479,791.82 fee request now, only to potentially have to unwind it later, is an unnecessary use of judicial and party resources. The Court should therefore hold the Motion in abeyance until the Rule 59(e) Motion, and any subsequent appeal, is resolved.

## III. IN THE FURTHER ALTERNATIVE, THE REQUESTED FEES ARE INADEQUATELY DOCUMENTED, DUPLICATIVE, AND UNREASONABLE, AND ACCORDINGLY WARRANT SUBSTANTIAL REDUCTION

### A. Plaintiffs bear the burden of proving their hours were reasonably expended and adequately documented.

The fee applicant bears the burden of establishing that hours were reasonably expended and adequately documented. *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990); ECF No. 157 ¶¶ 102–103. "The district court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995). An attorney's own assertion that billing judgment was exercised, without contemporaneous documentation, does not suffice. *Cashman Equip. Corp. v. Rozel Operating Co.*, 569 Fed.Appx. 283 (5th Cir. 2014); *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002).

B. Plaintiffs' billing records contain the same documentation deficiencies this Court already identified.

Here, Plaintiffs' documentation is too vague to permit meaningful review. The exhibits do not cure the deficiencies the Court already identified. ECF No. 157 ¶ 103. Examples include:

**Vague, unexplained entries.** Ms. Boden's timesheet includes a 19.50-hour single-day block entry described only as "Depo prep, deposition, travel home," and a 0.17-hour entry described only as "litigation meeting," with no indication of subject matter. ECF No. 160-8 at 2. Numerous other entries across the timesheets similarly describe only "lit team mtg" or "weekly lit team mtg," with no substantive description. *See, e.g.*, ECF No. 160-2 at 2–8.

**Duplicative staffing.** On each of the four trial days (December 1–5, 2025), Ms. Wilcox, Mr. Thompson, Mr. McGee, and Ms. D'Agostino each separately billed full or near-full trial-day blocks – several exceeding eight hours per person, per day—for the same sessions, notwithstanding that Ms. Wilcox alone served as lead trial counsel. *See, e.g.,* ECF No. 160-2 at 6; ECF No. 160-4 at 2; ECF No. 160-6 at 2–3; ECF No. 160-10 at 2; ECF No. 160-1 ¶ 6. In *Leroy v. City of Houston*, 906 F.2d 1068, 1079–83 (5th Cir. 1990), the Fifth Circuit reduced a fee award by nearly two-thirds where records reflected vague entries and overstaffing by attorneys performing duplicative functions, holding that hours that are "excessive, redundant, or otherwise

unnecessary" or result from "overstaffed" litigation "are not hours reasonably expended." The same reasoning warrants a substantial reduction here.

C. <u>The requested hourly rates exceed the range this Court has found reasonable.</u>

"Reasonable fees" must be calculated according to prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895–96 & n.11 (1984). This Court's recent civil rights fee awards have topped out at $600–$650 per hour even for lead partner-level counsel. *See M.D. v. Abbott*, No. 2:11-CV-00084, 2020 WL 3972800, at *8 (S.D. Tex. July 14, 2020); *Cole v. Collier*, No. 4:14-cv-1698, 2018 WL 2766028, at *13 (S.D. Tex. June 8, 2018). The requested $700 rate for Mr. Thompson exceeds that range and is not justified merely by his having argued one Supreme Court case years earlier, particularly where his hours were not reduced but instead duplicated alongside three other senior attorneys.

D. <u>A reduction is independently warranted because prevailing-party status is not finally established.</u>

The "most critical factor" in any fee award is "the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 436, 440 (1983). The injunction that anchors Plaintiffs' request is itself the subject of the City's pending Rule 59(e) Motion (ECF No. 163). Any fee award entered now would necessarily assume a degree of success that has not been finally established.

## IV. THE REQUESTED EXPERT FEES ARE DUPLICATIVE OF THOSE REQUESTED IN PLAINTIFFS' BILL OF COSTS

Plaintiffs assert entitlement to expert fees, which may be awarded as part of attorneys' fees, pursuant to 42 U.S.C. § 1988(c). ECF No. 160 at 18. Plaintiffs acknowledge that the same expert fees were separately itemized in their Bill of Costs, to which the City has objected (ECF No. 164), and that their supplemental filing was intended "to avoid any confusion between expert fees recoverable under 42 U.S.C. § 1988(c) . . . and taxable costs recoverable under 28 U.S.C. § 1821(b)." ECF No. 166 at 2. That confusion remains unresolved, and the Court should not award expert fees under Section 1988(c) that duplicate amounts claimed as taxable costs. The City also incorporates by reference its objections to Plaintiffs' expert fee request as set forth in the City's Objection to Plaintiffs' Bill of Costs (ECF No. 164).

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Plaintiffs' Motion for Attorney's Fees (ECF No. 160), as the Court has already denied this request on the merits and Plaintiffs independently waived the claim by omitting it from the Joint Pretrial Order; or, in the alternative, hold the Motion in abeyance pending resolution of the City's Motion to Alter or Amend the Judgment (ECF No. 163) and any subsequent appeal; or, in the further alternative, substantially reduce the requested fees. The City also respectfully requests that the Court deny the requested expert fees for the reasons set forth above.

Respectfully submitted,

HUSCH BLACKWELL, LLP

**By: _/s/ Sandy Hellums-Gomez_**

Sandy Hellums-Gomez
State Bar No. 24036750
S.D. Tex. Bar No. 561314
sandy.gomez@huschblackwell.com
Sherri L. Zack
State Bar No. 24056801
S.D. Tex. Bar No. 939860
sherri.zack@huschblackwell.com
Rick Anderson
Texas Bar No. 24059047
S.D. Tex. Bar No. 986458
Rick.Anderson@huschblackwell.com
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone: (713) 647-6800
Facsimile: (713) 647-6884

Collyn A. Peddie
City Solicitor General
State Bar No. 15707300
S.D. Tex. No. 2898153
Collyn.peddie@houstontx.gov
Brian A. Amis
State Bar No. 24040424
S.D. Tex. No. 37342
Brian.amis@houstontx.gov
Arturo G. Michel
City Attorney
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone: (832) 393-6219
Facsimile: (832) 393-6259

*ATTORNEYS FOR THE CITY OF HOUSTON*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, I served this document via the Court's electronic filing system on all counsel of record.

By: */s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez