**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br><br>Plaintiffs,<br>v.<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br><br>Defendants. | Civil Action No. 4:23-cv-03516 |

**PLAINTIFFS' COMBINED REPLY**
**IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

Defendant City of Houston and Defendant Midtown Management District's responses to Plaintiffs' Motion for Attorney's Fees challenge how fee petitions work and what constitutes reasonable billing for attorney's fees. Midtown additionally raises questions about fee apportionment and attempts to object to Plaintiffs' Bills of Costs (dkt. 159) 21 days after the deadline for such an objection was due. In all cases, Defendants' arguments should be denied, and Plaintiffs' Motion for Attorney's Fees should be GRANTED.

## I. Plaintiffs' Motion for Attorney's Fees Is Pending Resolution

As prevailing parties who successfully vindicated rights secured by the Constitution and laws of the United States under 42 U.S.C. § 1983, Plaintiffs are

entitled to an award of all attorney's fees reasonably incurred in this effort. 42 U.S.C. § 1988(b); Fed. R. Civ. P. 54(d). Defendants incorrectly contend that this Court has already denied Plaintiffs' motion for attorney's fees on the merits. Dkt. 172 at 3; dkt. 173 at 2. Defendants have the procedure backwards. Plaintiffs became prevailing parties when this Court entered Final Judgment on July 28, 2026. Dkt. 158. Rule 54(d)(2) then provided the mechanism for Plaintiffs to seek the fees to which § 1988(b) entitles a prevailing party. Plaintiffs timely did exactly that by filing the instant Motion for Attorney's Fees within the time required by Local Rule 54.2. Dkt. 160. Plaintiff's Motion is not, as Houston asserts, an attempt to "circumvent the Court's ruling" or a "motion for reconsideration." Dkt. 172 at 5. It is the procedurally required vehicle to obtain attorney's fees once prevailing party status has been established. Fed. R. Civ. P. 54(d); Local R. 54.2; 42 U.S.C. § 1988(b). Defendants' arguments that Plaintiffs instead were required to present fee evidence "at trial, or at any point before judgment," dkt. 172 at 4–5; dkt. 173 at 3, gets the sequence exactly backwards.

Defendants' contention that Plaintiffs waived their right to attorney's fees because attorney's fees are not addressed in the Joint Pretrial Order is equally unpersuasive. Dkt. 172 at 6–7; dkt. 173 at 3–4. A joint pretrial order does not supersede Plaintiffs' statutory entitlement to attorney's fees under 42 U.S.C. § 1988(b) for successful vindication of constitutional rights under 42 U.S.C. § 1983,

and none of Defendants' cited cases address this claim: *Allen v. Radio One of Texas II, LLC*, 515 F. App'x 295 (5th Cir. 2013), involved Title VII and state law claims; *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188 (5th Cir. 1998), is a trademark infringement case; *RSL-3B-IL, Ltd. v. Symetra Life Ins. Co.*, No. CV H-12-2708, 2018 WL 11363822, at *2 (S.D. Tex. Oct. 19, 2018), was brought under the Uniform Commercial Code, and *In re Koukhtiev*, 576 B.R. 107, 134–35 (Bankr. S.D. Tex. 2017), is a bankruptcy case.

Equally irrelevant is Houston's argument that Plaintiffs should have bifurcated the attorney's fee issue pursuant to Rule 54(d)(2)(C). Separating the determination of liability for fees from the fee amount is a tool used in complex or class action litigation where bifurcation aids in case management or where entitlement to a fee award is contested. Unsurprisingly, Houston cites no cases supporting its claim that Rule 54(d)(2)(C) is the "expressly provide[d]" mechanism for Plaintiff's fee recovery in this case instead of Rule 54(d)(2)(B). The litigation in this case was not complex or a class action, and there is no question that the prevailing party would be entitled to a fee award. Plaintiffs' fee motion is properly before this Court.

## II. Time Entries Submitted by Plaintiffs' Attorneys Support a Full Fee Award

Houston and Midtown contend that Plaintiffs' attorney's timesheets include entries that are "vague" and "unexplained" because the activity listed is "litigation

meeting," "lit team meeting," or "weekly lit team meeting." Dkt. 172 at 9; dkt. 173 at 8. Defendants' confusion is difficult to credit; each attorney timesheet itemizes hours and activities for the instant lawsuit, so "weekly lit team meeting" or "litigation meeting" could only describe meetings of the litigation team regarding this lawsuit. Moreover, entries need only be specific enough to aid the court whether the hours spent on a specific task—such as drafting a legal brief or researching legal arguments—were reasonable. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The entries at issue surpass this requirement.[1]

Plaintiffs' trial staffing hours are also reasonable. As this Court recognized, the four-day trial included six witness examinations and a total of 114 documents submitted into evidence. Dkt. 157 at 3 n.2. Utilizing four attorneys to handle opening and closing arguments, three direct examinations, and three cross examinations, as well as mid-trial briefing on Houston's renewed mootness argument raised at the close of Plaintiffs' case-in-chief (dkt. 133), is not an example of excessive or redundant staffing. *Leroy v. City of Houston* does not hold otherwise; in that case, a fee award was reduced for numerous deficiencies not present here. 906 F.2d 1068, 1082–83 (5th Cir. 1990).

[1] Nor is Ms. Boden's 19.5-hour entry inadequately documented. The entry identifies the work performed—deposition preparation, the deposition itself, and travel home. Dkt. 160-8 at 2. Defendants may object to the length of a day that included preparation, a deposition, and travel, but that does not render the entry vague.

It is also important to note that neither Houston nor Midtown contends that the total number of hours spent on specific litigation tasks was unreasonable or excessive. The hours expended on these activities—such as drafting multiple motions for summary judgment and preparing for trial—is reasonable. And as this Court recognized, this case presented an issue of first impression. Dkt. 157 at 3. Yet, Defendants would have the Court reduce the hours expended by Plaintiffs' attorneys to litigate this first-of-its-kind case. Dkt. 172 at 8. Such reduction is unwarranted.

Plaintiffs also reject Houston's claim that Plaintiffs' fees should be reduced because "prevailing-party status is not finally established." Dkt. 172 at 10. Houston offers no support whatsoever for this claim, because no support exists—neither 42 U.S.C. § 1988 nor Rule 54(d) conditions eligibility for attorney's fees on exhaustion of all possible appeals. Plaintiffs are unquestionably the prevailing party in this litigation and are entitled to attorney's fees on that basis. Dkt. 158. For the same reason, there is no basis to hold Plaintiffs' fee motion in abeyance pending Houston's Rule 59(e) motion or a possible appeal. The possibility that the judgment might later be altered or reversed does not change the judgment that exists today or Plaintiffs' present status as prevailing parties. Were the judgment later vacated, the fee award could be revisited then.

Finally, Defendants contest Mr. Thompson's hourly rate. Dkt. 172 at 10; dkt. 173 at 8. However, Defendants offer no basis for their argument that Mr. Thompson's experience as a winning Supreme Court litigator warrants a reduction in his hourly rate, and this Court should not reduce Mr. Thompson's rate without cause.

## III. Plaintiffs Request Expert Fees as Part of Fee Award Only

As discussed in Plaintiffs' Response to Defendant City of Houston's Objections to Plaintiffs' Bill of Costs, dkt. 165 at 3–4, Plaintiffs claim expert fees under 42 U.S.C. § 1988(c) only. Plaintiffs do not seek to recover expert fees as costs pursuant to 28 U.S.C. § 1821(b), and expert fees should not be taxed as costs pursuant to 28 U.S.C. § 1821(b). Dkt. 165 at 3–4; dkt. 165-1; dkt. 165-2.

## IV. Defendants Are Jointly and Severally Liable for Attorney's Fees

Midtown wrongly contends that Plaintiffs must apportion its attorney and expert fee request to recover fees against Midtown. Dkt. 173 at 4–6. To the contrary, multiple defendants are jointly and severally liable for attorney's fee awards where there is a single indivisible injury and each party played a substantial role in the litigation. *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 773 (5th Cir. 1996). Joint and several liability is only inappropriate in instances not present here, such as when one codefendant was not found to be liable on the merits or where a plaintiff's injuries were not indivisible. *Id.* at 772. Moreover, joint and several liability is also appropriate in cases of disparate fault; "[t]he standard American rule

is that a plaintiff may recover against any joint wrongdoer and that the wrongdoers can then file contribution actions against their co-wrongdoers and allocate fault among themselves." *Id*. at 773. Here, Houston and Midtown were both found liable for Plaintiffs' indivisible constitutional injury. How Defendants choose to apportion Plaintiffs' attorney's fee award is their responsibility, not Plaintiffs.[2]

## V. Midtown's Objections to Plaintiff's Bill of Costs Are Untimely

In its Response to Plaintiff's Motion for Attorney's Fees, Midtown states that it "joins in the City of Houston's Objections to Plaintiffs' Bill of Costs (Dkt. No. 164) and adopts and incorporates such objections as if they are fully set forth herein." Dkt. 173 at 9–11. Plaintiffs' Bill of Costs was filed on August 11, 2026. Dkt. 159. Midtown's opposition to Plaintiffs' Bill of Costs was due on August 18, 2026. Local Rule 54.2. Midtown cannot circumvent these deadlines by joining Houston's timely-filed objections in a pleading three weeks later. Midtown has waived its objections to Plaintiffs' Bill of Costs.

[2] Midtown also claims that it is not liable for any expert fees or fees related to expert witnesses. Dkt. 173 at 4–6. But Midtown itself relied on Houston's disparity study to support its race-conscious contracting program. Trial Tr. vol. 2, 63:19–23; 69:10–20. Plaintiffs' expert work attacking the evidentiary basis for that study therefore bore directly on the constitutional justification for Midtown's own racial preference. Midtown cannot rely on Houston's disparity evidence to defend its program and then disclaim the cost of litigating that evidence because Houston supplied the expert.

## VI. Justice Is Not Served by Exempting Midtown from a Fee Award

After more than two years of litigation and a four-day trial, this Court concluded that Midtown intentionally discriminated against Plaintiffs on the basis of race by operating a race-conscious public contracting program. Dkt. 157 at ¶¶ 92, 94. Yet after earning this successful judgment, Midtown now asks this Court to deny Plaintiffs' counsel the attorney and expert fees they are entitled to because Plaintiffs' "presentation of this case placed Midtown between a rock and a hard place." Dkt. 173 at 11. This Court should decline. At no point did Midtown attempt to limit its fee award liability by offering to settle the lawsuit. Moreover, Midtown's hypothetical concerns of a settlement's impact are just that—hypothetical. More importantly, civil rights litigation is both expensive and frequently involves unsettled or novel questions of law. Denying a prevailing party attorney's fees for this reason discourages attorneys from taking on these cases and raises the already-high barrier civil rights plaintiffs face when litigating against well-funded government entities.

Most importantly, Plaintiff Metropolitan Landscape Management lost Midtown contracts it otherwise would have won solely because of owner Gerald Thompson's race. Dkt. 157 at ¶ 50 & n. 60. There is nothing novel about that injury, it is a textbook equal protection injury. The legality of Midtown's actions was in no way unclear, Midtown's argument to the contrary must be rejected.

DATED: September 8, 2026.

Respectfully submitted,

Laura D'Agostino, *Of Counsel**
D.C. Bar. No. 241868
Dean McGee, *Of Counsel**
N.Y. Bar No. 5135884
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Fax: (916) 419-7747
ldagostino@pacificlegal.org
dmcgee@pacificlegal.org

s/ Erin E. Wilcox
Erin E. Wilcox, *Attorney-in-Charge*
Cal. Bar No. 337427
S.D. Tex. Bar No. 3369027
Joshua P. Thompson, *Of Counsel**
Cal. Bar No. 250955
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
ewilcox@pacificlegal.org
jthompson@pacificlegal.org

**Pro Hac Vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I served this document via the Court's electronic filing system to all counsel of record.

s/ *Erin E. Wilcox*
Erin E. Wilcox
*Counsel for Plaintiffs*