**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,<br><br>Plaintiffs,<br>v.<br><br>CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,<br><br>Defendants. | Civil Action No. 4:23-cv-03516 |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION TO STRIKE DEFENDANT CITY OF HOUSTON'S**
**MOTION TO ALTER OR AMEND THE JUDGMENT**

The Court ruled against Defendant City of Houston after a four-day bench trial. Dkt. 158. In response, Houston dressed an appeal as a motion to alter or amend this Court's final judgment, despite clear prohibitions against using Fed. R. Civ. P. 59(e) to rehash arguments raised before judgment. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Houston's rehashing of arguments already made and rejected at summary judgment and trial took 36 pages, nearly double this Court's 20-page limit. Dkt. 163. Plaintiffs' Motion to Strike reasonably asks this Court to enforce its own rules. Dkt. 168.

Houston's excuses for ignoring this Court's procedures—that the second half of its pleading was an "attachment" or that this Court's procedures don't apply—are unpersuasive. What *is* persuasive is Houston's repeated disregard of the federal and local rules throughout this case:

- Designating expert witnesses without complying with Fed. R. Civ. P. 26(a)(2)(B) (dkt. 61 at 2);
- Propounding interrogatories under the Texas Rules of Civil Procedure (*id.*);
- Noticing a corporate deposition without complying with Fed. R. Civ. P. 30(b)(1) or (b)(6) (*id.*);
- Filing a motion to compel a deposition without meeting and conferring with Plaintiffs' counsel as required by L.R. 7.1(D)(1)–(2) (*id.* at 3–5);
- Filing an overlong motion for summary judgment without satisfying Local Rule 7.1(D)'s conference requirement (and misrepresenting its efforts to this Court) (dkt. 72);
- Withholding the MGT disparity study during discovery, in violation of Fed. R. Civ. P. 26(e), and then relying on it at summary judgment. Dkt. 75.

While this Court has discretion to allow Houston's noncompliant motion, Houston's lengthy pattern of disregard for this Court's rules and procedures weighs against such action. Plaintiffs' Motion to Strike should be GRANTED.

DATED: September 8, 2026.

Respectfully submitted,

Laura D'Agostino, *Of Counsel**
D.C. Bar. No. 241868
Dean McGee, *Of Counsel**
N.Y. Bar No. 5135884
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Fax: (916) 419-7747
ldagostino@pacificlegal.org
dmcgee@pacificlegal.org

s/ Erin E. Wilcox
Erin E. Wilcox, *Attorney-in-Charge*
Cal. Bar No. 337427
S.D. Tex. Bar No. 3369027
Joshua P. Thompson, *Of Counsel**
Cal. Bar No. 250955
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
ewilcox@pacificlegal.org
jthompson@pacificlegal.org

**Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, I served this document via the Court's electronic filing system to all counsel of record.

s/ *Erin E. Wilcox*
Erin E. Wilcox
*Counsel for Plaintiffs*